UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x

**SEALED INDICTMENT**

UNITED STATES OF AMERICA                    :

                                            19 Cr.

         - v. -                             :

LEV PARNAS,                                 :
IGOR FRUMAN,
DAVID CORREIA, and                          :
ANDREY KUKUSHKIN,

                                    **19 CRIM 725**
         Defendants.

                                            :
- - - - - - - - - - - - - - - - - - x

The Grand Jury charges:

## INTRODUCTION

1. Through its election laws, Congress prohibits foreign nationals from making contributions, donations, and certain expenditures in connection with federal, State, and local elections, and prohibits anyone from making contributions in the name of another. Congress further requires public reporting through the Federal Election Commission (the "FEC") of the sources and amounts of contributions and expenditures made in connection with federal elections. A purpose of these laws, taken together, is to protect the United States electoral system from illegal foreign financial influence, and to further inform all candidates, their campaign committees, federal regulators, and the public of (i) the true sources of contributions to candidates for federal

office; and (ii) any effort by foreign nationals to influence federal, State, or local elections with foreign money.

2. LEV PARNAS, IGOR FRUMAN, DAVID CORREIA, and ANDREY KUKUSHKIN, the defendants, conspired to circumvent the federal laws against foreign influence by engaging in a scheme to funnel foreign money to candidates for federal and State office so that the defendants could buy potential influence with candidates, campaigns, and the candidates' governments. The defendants concealed the scheme from the candidates, campaigns, federal regulators, and the public by entering into secret agreements, laundering foreign money through bank accounts in the names of limited liability corporations, and through the use of straw donors (also known as "conduits" or "straw contributors") who purported to make legal campaign contributions in their own names, rather than in the name of the true source of the funds.

3. LEV PARNAS and IGOR FRUMAN, the defendants, made additional contributions to federal candidates, joint fundraising committees, and independent expenditure committees that either (i) were intentionally funneled through, and made in the name of, a limited liability corporation to conceal that PARNAS and FRUMAN were the true source of contributions and skirt the federal reporting requirements; or (ii) were reported in PARNAS's name but were funded by FRUMAN, which allowed FRUMAN to exceed limits on

2

contributions to candidates or committees to whom he had previously contributed. The defendants further concealed this aspect of the conspiracy by, among other things, making and causing others to make false statements to the FEC.

## THE CAMPAIGN FINANCE LAWS

4. The Federal Election Campaign Act of 1971, as amended, Title 52, United States Code, Section 30101, et seq., (the "Election Act"), prohibits certain financial influences on the election of candidates for federal office.

5. To prevent the influence of foreign nationals on elections, the Election Act prohibits foreign nationals, directly or indirectly, from making any contributions or donations in connection with federal, State, or local elections. Additionally, to limit the influence that any one person could have on the outcome of a federal election, the Election Act establishes limits on the amounts that even United States citizens or lawful permanent residents can contribute to a federal candidate and the candidate's authorized committee, including joint fundraising committees, which are committees established for the purpose of fundraising for multiple committees at the same time.

6. To prevent individuals from circumventing the Election Act, and to enable the detection of attempts to circumvent the Act, the Election Act also prohibits a person from making a

3

political contribution in the name of another in connection with any federal election, including, for example, by giving funds to a straw donor for the purpose of having the straw donor pass the funds on to a federal candidate or to a candidate's federal campaign committee or joint fundraising committee as a donation from the straw donor, rather than in the name of the true source of the money. The Election Act also prohibits contributing in the name of another to an independent expenditure committee spending to influence the outcome of that federal campaign.

7.    The FEC is an agency and department of the United States with jurisdiction to enforce the limits and prohibitions of the Election Act, in part by requiring candidates, joint fundraising committees, and independent expenditure committees to file regular reports of the sources and amounts of the contributions they receive. To deter abuses of the Election Act and instill public confidence in the election process against corruption and the appearance of corruption, the Election Act requires the FEC to publish the reports that it receives so that all of the candidates, the entire public, and law enforcement may all see the specific information about the amounts and sources of political contributions and expenditures involving federal candidates and registered political committees.

4

## RELEVANT INDIVIDUALS AND ENTITIES

8. LEV PARNAS, the defendant, is a businessman and United States citizen who was born in Ukraine.

9. IGOR FRUMAN, the defendant, is a businessman and United States citizen who was born in Belarus.

10. DAVID CORREIA, the defendant, is a businessman and United States citizen who was born in the United States.

11. ANDREY KUKUSHKIN, the defendant, is a businessman and United States citizen who was born in Ukraine.

12. Foreign National-1 is a foreign national Russian citizen and businessman who, at all relevant times, was not a citizen or lawful permanent resident of the United States.

## THE STRAW DONOR SCHEME

13. Beginning in or about March 2018, LEV PARNAS and IGOR FRUMAN, the defendants, began attending political fundraising events in connection with federal elections and making substantial contributions to candidates, joint fundraising committees, and independent expenditure committees with the purpose of enhancing their influence in political circles and gaining access to politicians. PARNAS and FRUMAN, who had no significant prior history of political donations, sought to advance their personal financial interests and the political interests of at least one Ukrainian government official with whom they were working. In

5

order to conceal from third parties, including creditors, their sources of funding and capital, PARNAS and FRUMAN created a limited liability corporation, Global Energy Producers ("GEP"), and then intentionally caused certain large contributions to be reported in the name of GEP instead of in their own names.

14. Specifically, in or about May 2018, to obtain access to exclusive political events and gain influence with politicians, LEV PARNAS and IGOR FRUMAN, the defendants, made a $325,000 contribution to an independent expenditure committee ("Committee-1") and a $15,000 contribution to a second independent expenditure committee ("Committee-2"). Despite the fact that the FEC forms for these contributions required PARNAS and FRUMAN to disclose the true donor of the funds, they falsely reported that the contributions came from GEP, a purported liquefied natural gas ("LNG") import-export business that was incorporated by FRUMAN and PARNAS around the time the contributions were made.

15. In truth and in fact, the donations to Committee-1 and Committee-2 did not come from GEP funds. Rather, the funds came from a private lending transaction between FRUMAN and third parties, and never passed through a GEP account. Indeed, PARNAS and FRUMAN incorporated GEP at and around the time of the contributions to Committee-1 and Committee-2, and deliberately made the contributions in GEP's name, in order to evade the

6

reporting requirements under the Election Act and to conceal that they were the true source of the contributions. At that time, GEP had not engaged in the LNG business, and had no income or significant assets.

16. LEV PARNAS and IGOR FRUMAN, the defendants, intentionally reported that the contributions came from GEP to hide from creditors the fact that they had access to funding, and to conceal from the public and the FEC their involvement in making these contributions. Indeed, when media reports about the GEP contributions first surfaced, an individual working with PARNAS remarked, "[t]his is what happens when you become visible ... the buzzards descend," to which PARNAS responded, "[t]hat's why we need to stay under the radar..."

17. In addition to the contributions made and falsely reported in the name of GEP, LEV PARNAS and IGOR FRUMAN, the defendants, caused illegal contributions to be made in PARNAS's name that, in fact, were funded by FRUMAN, in order to evade federal contribution limits. Much as with the contributions described above, these contributions were made for the purpose of gaining influence with politicians so as to advance their own personal financial interests and the political interests of Ukrainian government officials, including at least one Ukrainian government official with whom they were working. For example, in

7

or about May and June 2018, PARNAS and FRUMAN committed to raise
$20,000 or more for a then-sitting U.S. Congressman ("Congressman-
1"), who had also been the beneficiary of approximately $3 million
in independent expenditures by Committee-1 during the 2018
election cycle.  PARNAS and FRUMAN had met Congressman-1 at an
event sponsored by an independent expenditure committee to which
FRUMAN had recently made a substantial contribution.[1]  During the
2018 election cycle, Congressman-1 had been the beneficiary of
approximately $3 million in independent expenditures by Committee-
1.  At and around the same time PARNAS and FRUMAN committed to
raising those funds for Congressman-1, PARNAS met with
Congressman-1 and sought Congressman-1's assistance in causing the
U.S. Government to remove or recall the then-U.S. Ambassador to
Ukraine (the "Ambassador").  PARNAS's efforts to remove the
Ambassador were conducted, at least in part, at the request of one
or more Ukrainian government officials.  Moreover, in an effort
to reach their contribution commitment to Congressman-1 and
further their political goals, in or about June 2018, after FRUMAN
had already made a maximum $2,700 contribution to Congressman-1,

_____

[1] In fact, the contribution – and several other significant
contributions made at and around the same time – was made in the
name of "Igor Furman" not IGOR FRUMAN, the defendant, in a further
effort to conceal the source of the funds and to evade federal
reporting requirements.

8

FRUMAN paid for another maximum $2,700 contribution to Congressman-1 that was made and reported in PARNAS's name.

18. Similarly, in or about June 2018, to fulfill a financial commitment to gain access to an exclusive political event, LEV PARNAS and IGOR FRUMAN, the defendants, made an $11,000 contribution in PARNAS's name to a joint fundraising committee ("Committee-3") that was actually funded by FRUMAN. As a result of that contribution and a prior contribution FRUMAN had made to Committee-3 in his own name, FRUMAN made contributions in excess of legal contribution limits.

19. Moreover, and to further conceal the true source of the funds used to make certain of the donations described above, in or about October 2018, LEV PARNAS and IGOR FRUMAN, the defendants, submitted materially false sworn affidavits to the FEC. Specifically, and in response to a complaint filed with the FEC regarding the $325,000 contribution to Committee-1 described in paragraph 14, above, and the $2,700 donation to Congressman-1 made in the name of PARNAS, described in paragraph 17, above, PARNAS and FRUMAN made the following false statements, in substance and in part:

a. That "a $325,000 contribution to [Committee-1] . . . was made with GEP funds for GEP purposes," when in truth and in fact, the contribution was made with funds from a private

9

lending transaction for the purposes described in paragraph 17, above.

b. That "GEP is a real business enterprise funded with substantial bona fide capital investment; its major purpose is energy trading, not political activity," when in truth and in fact, GEP had no existing business, was not funded with bona fide capital investment, and was not engaged in energy trading, as described in paragraph 15, above.

c. That a contribution made by PARNAS on or about June 25, 2018 to [Congressman-1] "was made with a business credit card . . . which [PARNAS] reimbursed," when in truth and in fact, PARNAS did not reimburse FRUMAN or any other individual for that contribution.

## THE FOREIGN NATIONAL DONOR SCHEME

20. From in or about June 2018 through April 2019, LEV PARNAS, IGOR FRUMAN, DAVID CORREIA, and ANDREY KUKUSHKIN, the defendants, and others known and unknown, conspired to make political donations - funded by Foreign National-1 - to politicians and candidates for federal and State office to gain influence with candidates as to policies that would benefit a future business venture. Moreover, and to conceal the true source of the contributions and donations funded by Foreign National-1, PARNAS, FRUMAN, CORREIA, and KUKUSHKIN caused the contributions and

10

donations to be made in the defendants' names rather than in the name of Foreign National-1.

21.   Beginning in or around July 2018, LEV PARNAS, IGOR FRUMAN, DAVID CORREIA, and ANDREY KUKUSHKIN, the defendants, made plans to form a recreational marijuana business that would be funded by Foreign National-1 and required gaining access to retail marijuana licenses in particular States, including Nevada (the "Business Venture").   In early September 2018, PARNAS, FRUMAN, CORREIA, KUKUSHKIN, and Foreign National-1 met in Las Vegas, Nevada to discuss the Business Venture.   While in Las Vegas, PARNAS, FRUMAN, and KUKUSHKIN also attended a political fundraiser for a State candidate in Nevada ("Candidate-1").   Shortly after that meeting, PARNAS, FRUMAN, CORREIA, and KUKUSHKIN began to formalize the Business Venture with Foreign National-1 and fund their lobbying efforts, but took steps to hide Foreign National-1's involvement in the Business Venture, including any political contributions associated with the Business Venture, due to, in KUKUSHKIN's words, "his Russian roots and current political paranoia about it."

22.   To further the Business Venture, LEV PARNAS, IGOR FRUMAN, DAVID CORREIA, and ANDREY KUKUSHKIN, the defendants, planned to use Foreign National-1 as a source of funding for donations and contributions to State and federal candidates and

politicians in Nevada, New York, and other States to facilitate acquisitions of retail marijuana licenses. In or about September and October 2018, CORREIA drafted a table of political donations and contributions, which was subsequently circulated to the defendants and Foreign National-1. The table described a "multi-state license strategy" to further the Business Venture. The table contemplated approximately between $1 and $2 million in political contributions to federal and State political committees. The table also included a "funding" schedule of two $500,000 transfers. Foreign National-1 then arranged for two $500,000 wires on or about September 18, 2018 and October 16, 2018 to be sent from overseas accounts to a U.S. corporate bank account controlled by FRUMAN and another individual (the "FRUMAN Account").

23. LEV PARNAS, IGOR FRUMAN, DAVID CORREIA, and ANDREY KUKUSHKIN, the defendants, then used those funds transferred by Foreign National-1, in part, to attempt to gain influence and the appearance of influence with politicians and candidates. For example, on or about October 20, 2018, PARNAS, FRUMAN, and KUKUSHKIN attended a campaign rally for Candidate-1 in Nevada, at which a different Nevada State candidate was present ("Candidate-2"), and sent photographs of themselves posing with Candidate-2 to Foreign National-1. Following that event, on or about November

1, 2018, a donation in the amount of $10,000 was made to Candidate-2 in FRUMAN's name, but it was funded with funds from Foreign National-1. On or about November 1, 2018, a donation in the amount of $10,000 was made to Candidate-1 in FRUMAN's name, but it was funded with funds from Foreign National-1.

24. Notwithstanding the purported purpose of Business Venture-1 and the donations described above, LEV PARNAS, IGOR FRUMAN, DAVID CORREIA, and ANDREY KUKUSHKIN, the defendants, did not timely apply for a recreational marijuana license in September 2018, the then-deadline for such applications in Nevada. On or about October 25, 2018, KUKUSHKIN told Foreign National-1, as well as LEV PARNAS and IGOR FRUMAN, the defendants, that they were "2 months too late to the game unless we change the rules," and noted that they needed a particular Nevada State official, the position for which Candidate-1 was running, to "green light to implement this." As noted above, FRUMAN made a $10,000 donation, funded by Foreign National-1, to Candidate-1 on or about November 1, 2018. On or about November 4, 2018, PARNAS asked KUKUSHKIN to arrange for additional funding from Foreign National-1 to make an additional donation to Candidate-1, to which KUKUSHKIN responded that the $1 million Foreign National-1 had already provided to GEP was "in order to cover all the donations whatsoever."

13

25. Moreover, subsequent communications between Foreign National-1, and ANDREY KUKUSHKIN, LEV PARNAS, IGOR FRUMAN, and DAVID CORREIA, the defendants, confirm the defendants' use of foreign funds – and, in particular, funds from Foreign National-1 – to make the donations described above. For example, on or about October 30, 2018, Foreign National-1 wrote to PARNAS, FRUMAN, and KUKUSHKIN that he had "fulfilled all my obligations completely," including "500 [for] Nevada" in order to "work on obtaining licenses [in] these states." KUKUSHKIN similarly noted in response that "Money transferred by [Foreign National-1] to [GEP] was to support the very specific people & states (per [FRUMAN's] table) in order to obtain green light for licensing. I haven't changed any rules of our engagement and was present at all the scheduled meetings with officials in Nevada." Although PARNAS, FRUMAN, CORREIA, and Foreign National-1 continued to meet into the spring of 2019, the Business Venture did not come to fruition.

## COUNT ONE
### (Conspiracy)

26. From in or about March 2018 through at least in or about November 2018, in the Southern District of New York and elsewhere, LEV PARNAS and IGOR FRUMAN, the defendants, knowingly conspired with each other and with others known and unknown to:

a. Knowingly defraud the United States by impairing, obstructing, and defeating the lawful functions of a

14

department or agency of the United States; to wit, the FEC's function to administer federal law concerning source and amount restrictions in federal elections, including the prohibitions applicable to straw donors.

b. Knowingly and willfully make contributions to candidates for federal office, joint fundraising committees, and independent expenditure committees in the names of other persons, aggregating to $25,000 and more in a calendar year, in violation of Title 52, United States Code, Section 30122 and 30109(a)(1)(A).

27.  In furtherance of the conspiracy and to effect the illegal objects thereof, LEV PARNAS and IGOR FRUMAN, the defendants, and others known and unknown, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

a. In or about March 2018, PARNAS committed to making a $125,000 contribution to Committee-3 to attend a fundraising event in the Southern District of New York.

b. In or about May 2018, FRUMAN, and others known and unknown, obtained a private loan, the proceeds of which were used to fund the contribution made in the name of GEP to Committee-1.

c. In or about May 2018, FRUMAN and PARNAS, and others known and unknown, transferred the proceeds of FRUMAN's

15

private loan through multiple bank accounts – none of which were in the name of GEP – to conceal the true source of the funds before they were paid to Committee-1.

d. In or about May 2018, PARNAS caused a $325,000 contribution to Committee-1 to be falsely reported in the name of GEP.

e. In or about June 2018, PARNAS made an $11,000 contribution to Committee-3 using funds that belonged to FRUMAN and another individual.

f. In or about June 2018, PARNAS used a business credit card registered to a credit card account, with a registered address in the Southern District of New York, belonging to FRUMAN and another individual in order to make a maximum $2,700 contribution to Congressman-1's reelection campaign.

(Title 18, United States Code, Section 371, and Title 52, United States Code, Sections 30122 and 30109(d)(1)(A) & (D))

COUNT TWO
(False Statements to the FEC)

The Grand Jury further charges:

28. The Grand Jury incorporates the allegations contained in paragraphs 1 through 19 of this Indictment as though fully set forth herein.

29. In or about October 2018, in the Southern District of New York and elsewhere, LEV PARNAS and IGOR FRUMAN, the

16

defendants, willfully and knowingly did make materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit, PARNAS and FRUMAN made the materially false statements in their affidavits submitted to the FEC, described in paragraph 19 above, that "a $325,000 contribution to [Committee-1] . . . was made with GEP funds for GEP purposes;" that "GEP is a real business enterprise funded with substantial bona fide capital investment; its major purpose is energy trading, not political activity"; and that a contribution made by PARNAS on or about June 25, 2018 to Congressman-1's campaign for reelection "was made with a business credit card . . . which [PARNAS] reimbursed."

(Title 18, United States Code, Sections 1001(a)(2) and 2)

## COUNT THREE
(Falsification of Records)

The Grand Jury further charges:

30.   The   Grand   Jury   incorporates   the   allegations contained in paragraphs 1 through 19 of this Indictment as though fully set forth herein.

31.   In or about October 2018, in the Southern District of New York and elsewhere, LEV PARNAS and IGOR FRUMAN, the defendants, willfully and knowingly did falsify and make a false entry in a record and document with the intent to impede, obstruct,

17

or influence the investigation or proper administration of a matter within the jurisdiction of any department or agency of the United States, and in relation to and in contemplation of any such matter, to wit, PARNAS and FRUMAN made the materially false statements in affidavits submitted to the FEC, described in paragraph 19 above, including that "a $325,000 contribution to [Committee-1] . . . was made with GEP funds for GEP purposes;" that "GEP is a real business enterprise funded with substantial bona fide capital investment; its major purpose is energy trading, not political activity"; and that a contribution made by PARNAS on or about June 25, 2018 to Congressman-1's campaign for reelection "was made with a business credit card . . . which [PARNAS] reimbursed," with the intent to impede, obstruct, or influence the investigation and proper administration of a matter within the jurisdiction of the FEC.

(Title 18, United States Code, Sections 1519 and 2)

## COUNT FOUR
### (Conspiracy)

The Grand Jury further charges:

32. The Grand Jury incorporates the allegations contained in paragraphs 1 through 12 and 20 through 25 of this Indictment as though fully set forth herein.

33. From in or about June 2018 through at least in or about April 2019, in the Southern District of New York and elsewhere, LEV PARNAS, IGOR FRUMAN, DAVID CORREIA, and ANDREY

18

KUKUSHKIN, the defendants, and others known and unknown, knowingly conspired with each other and with others known and unknown to:

a. Knowingly defraud the United States by impairing, obstructing, and defeating the lawful functions of a department or agency of the United States; to wit, the FEC's function to administer federal law concerning source and amount restrictions in federal and State elections, including the prohibitions applicable to foreign nationals and straw donors.

b. Knowingly and willfully make contributions and donations of money, or express or implied promises to make contributions or donations, directly and indirectly, by a foreign national in connection with federal and State elections, aggregating to $25,000 and more in a calendar year, in violation of Title 52, United States Code, Sections 30121 and 30109(a)(1)(A).

c. Knowingly and willfully make contributions to candidates for State and federal office, joint fundraising committees, and independent expenditure committees in the names of other persons, aggregating to $25,000 and more in a calendar year, in violation of Title 52, United States Code, Section 30122 and 30109(a)(1)(A)(D).

34. In furtherance of the conspiracy and to effect its illegal object, LEV PARNAS, IGOR FRUMAN, DAVID CORREIA, and ANDREY KUKUSHKIN, the defendants, and others known and unknown, committed

19

the following overt acts, among others, in the Southern District of New York and elsewhere:

        a. On or about September 18, 2018, Foreign National-1 wired $500,000 from a foreign bank account, through the Southern District of New York, to the defendants for purposes of making political contributions and donations.

        b. On or about October 16, 2018, Foreign National-1 wired $500,000 from a foreign bank account, through the Southern District of New York, to the defendants for purposes of making political contributions and donations.

        c. On or about November 1, 2018, the defendants used funds wired by Foreign National-1 to make maximum donations to two political candidates for State office in Nevada.

(Title 18, United States Code, Section 371, and Title 52,
United States Code, Sections 30121, 30122 and 30109(d)(1)(A))

FOREPERSON

GEOFFREY S. BERMAN
United States Attorney

20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

LEV PARNAS,
IGOR FRUMAN,
DAVID CORREIA, and
ANDREY KUKUSHKIN,

Defendants.

SEALED INDICTMENT

19 Cr.

Title 18, United States Code,
Sections 371, 1001(a)(2), 1519, and
2 and Title 52, United States Code,
Sections 30121, 30122 and
30109(d)(1)(A) & (D)).

GEOFFREY S. BERMAN
United States Attorney

A TRUE BILL

Foreperson.

True Bill + Sealed Indictment
Arrest Warrant
USMJ Wang
10/9/19