JAN7PARC

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                          19 Cr. 725 (JPO)

LEV PARNAS and IGOR FRUMAN,

            Defendants.

------------------------------x
                                        New York, N.Y.
                                        October 23, 2019
                                        11:30 a.m.


Before:

                    HON. J. PAUL OETKEN

                                        District Judge


                         APPEARANCES

GEOFFREY S. BERMAN
     United States Attorney for the
     Southern District of New York
BY:  REBEKAH DONALESKI
     NICOLAS ROOS
     DOUGLAS ZOLKIND
     Assistant United States Attorneys

EDWARD MACMAHON, JR.
JOSEPH BONDY
     Attorneys for Defendant Lev Parnas

TODD BLANCHE
     Attorney for Defendant Igor Fruman
```

JAN7PARC

          (In open court)

          (Case called)

          MS. DONALESKI:  Good morning, your Honor.  Rebekah Donaleski, Nick Roos and Doug Zolkind for the government.

          THE COURT:  Good morning.

          MR. MACMAHON:  Good morning, your Honor.  Edward MacMahon and Mr. Bondy for Lev Parnas.

          MR. BONDY:  Good morning, your Honor.

          MR. BLANCHE:  Good morning, your Honor.  Todd Blanche for Mr. Fruman, who is here next to me.

          THE COURT:  Good morning.  We're here for an arraignment on the indictment in this case.  I am Judge Paul Oetken, and this case has been assigned to me.  This is Mr. Parnas's and Mr. Fruman's first appearance before me.  The other two named defendants, Mr. Correia and Mr. Kukushkin, were arraigned last Thursday, October 17.  The charges in this case are set forth in a four-count indictment, and Mr. Parnas and Mr. Fruman are charged in each of those counts.

          Before turning to the defendants, I will ask Ms. Donaleski, would you please tell me the timing of the defendants' arrests and confirm that they had their initial appearances.

          MS. DONALESKI:  Absolutely, your Honor.  The defendants were arrested on October 9 at Dulles International Airport in Virginia.  They were presented in the Eastern

JAN7PARC

District of Virginia on October 10, the next day, where they had their initial presentment; however, today is their first appearance in the Southern District of New York, and so they need to be presented and bail needs to be set.

       THE COURT:  OK.  Am I correct that the parties have reached agreement on a bail package?

       MS. DONALESKI:  Yes, as to both defendants, your Honor.

       THE COURT:  OK.  Could you describe that.

       MS. DONALESKI:  Absolutely.  So, as to Mr. Parnas, he will be released on a $1 million bond secured by $200,000 in cash.  The cash has already been posted in the Eastern District of Virginia, so that cash will be transferred up here by November 1, 2019.  Regular pretrial supervision out of the Southern District of Florida where he resides.  The bond will be cosigned by Aaron Parnas and Svetlana Parnas by November 1, 2019.  He will provide a signed financial affidavit to the United States Attorney's office by October 25, 2019.  He will be placed on home detention with GPS monitoring.  His travel will be restricted to the Southern District of New York, Southern District of Florida, the Eastern District of Virginia and District of D.C. only for legal visits with the prior approval of pretrial services.  He will surrender his passports and make no new applications.  He will not have any contact with his codefendants outside the presence of counsel.  And he

1  will be released on his own signature today.
2              THE COURT:  OK.
3              MS. DONALESKI:  As to Mr. Fruman, he will be released
4  on a $1 million bond secured by $100,000 in cash and $900,000
5  in property, which is the Sunny Isles, Florida condominium.
6  The cash will be transferred from EDVA, and the property will
7  be posted to the Southern District of New York by November 1,
8  2019.  He will be supervised by pretrial services in the
9  Southern District of Florida.  He will be on regular pretrial
10 supervision.  The bond will be cosigned by an Artur Fruman,
11 Steven Fruman, and a third financially responsible person by
12 November 1, 2019.  He will be on home detention with GPS
13 monitoring.  His travel will be restricted to the Southern
14 District of New York and Southern District of Florida.  He will
15 surrender his passports and make no new applications.  He will
16 have no contact with his codefendants outside the presence of
17 counsel.  And he will be released on his own signature today.
18             THE COURT:  And both defendants' passports have
19 already been provided to authorities; is that right?
20             MS. DONALESKI:  That's correct.  And we will provide
21 them to the pretrial services in New York.
22             THE COURT:  OK. Thank you.  Let me just confirm with
23 counsel that the conditions as stated by Ms. Donaleski are the
24 agreed-upon conditions.  Mr. MacMahon?
25             MR. MACMAHON:  They are, your Honor.  Thank you.

JAN7PARC

1           MR. BLANCHE:  Yes, your Honor.
2           THE COURT:  Thank you.  I am approving those bail
3  conditions, and I will sign the necessary bail documents to
4  confirm that those are the conditions, and we will proceed to
5  the arraignment on the indictment starting with Mr. Parnas.
6           Would you please stand, Mr. Parnas.
7           Sir, are you able to speak and understand English?
8           DEFENDANT PARNAS:  Yes, sir.
9           THE COURT:  You have been named in an indictment
10 charging you with certain federal crimes.  Have you receive a
11 copy of the indictment, the charges?
12          DEFENDANT PARNAS:  Yes, your Honor.
13          THE COURT:  And have you had a chance to read the
14 indictment and to discuss it with your lawyer?
15          DEFENDANT PARNAS:  Yes, your Honor.
16          THE COURT:  Do you understand the nature of the
17 charges against you?
18          DEFENDANT PARNAS:  Yes, your Honor.
19          THE COURT:  And do you waive a public reading of the
20 indictment at this time?
21          DEFENDANT PARNAS:  Yes, your Honor.
22          THE COURT:  And how do you wish to plead?  Guilt or
23 not guilty?
24          DEFENDANT PARNAS:  Not guilty.
25          THE COURT:  Thank you.  You may be seated.

JAN7PARC

1             And, Mr. Fruman, would you please stand.
2             Sir, are you able to speak and understanding English?
3             DEFENDANT FRUMAN:  Yes.
4             THE COURT:  And you have been named in an indictment
5    charging with you certain federal crimes.  Have you received a
6    copy of the indictment with the charges against you?
7             DEFENDANT FRUMAN:  Yes.
8             THE COURT:  And have you read the indictment and
9    discussed it with your lawyer?
10            DEFENDANT FRUMAN:  Yes.
11            THE COURT:  Do you understand the nature of the
12   charges against you?
13            DEFENDANT FRUMAN:  Yes.
14            THE COURT:  And do you waive public reading of the
15   indictment at this time?
16            DEFENDANT FRUMAN:  Yes.
17            THE COURT:  And how do you wish to plead?  Guilty or
18   not guilty?
19            DEFENDANT FRUMAN:  Not guilty.
20            THE COURT:  OK.  Thank you, sir.  You may be seated.
21            Before we address scheduling of further proceedings, I
22   would like to ask counsel for the government to please describe
23   the categories and volume of discovery to be produced and
24   anything else you would like to say.
25            MS. DONALESKI:  Absolutely, your Honor.  The discovery

1   is quite voluminous; it consists of more than a dozen search
2   warrants and their returns.  These include multiple premises
3   search warrants, warrants for electronic devices, and numerous
4   e-mail and social media account search warrants.  The discovery
5   also consists of subpoena returns, including returns for more
6   than 50 bank accounts and more than a dozen separate telephone
7   numbers.
8           The investigation is ongoing.  We're continuing to
9   obtain materials and discovery and to process the materials
10  that we have seized thus far.  We intend to produce discovery
11  on a rolling basis to the defendants.
12          The Court has set a pretrial conference for December
13  2, 2019 at 2 p.m. and excluded time through that date.  We
14  expect by that time the defendants will have had an adequate
15  amount of time to review the search warrant applications that
16  we will produce to them and determine what, if any, motions
17  they intend to make.
18          THE COURT:  OK, thank you.
19          So, depending on the volume of discovery, sometimes we
20  go ahead and set a trial date at the initial conference --
21  which is now -- and sometimes we set it at another conference.
22  Given the volume of discovery and the amount of time
23  anticipated for production, I scheduled the next conference
24  with respect to the other defendants for December 2 at 2
25  o'clock, so I will hear from counsel for defendants if that's

JAN7PARC

1   amenable for you to come back on December 2, at that point see
2   if we are in a position to set a motion schedule and possibly a
3   trial date.
4            MR. MACMAHON:  Thank you, your Honor.  I'm actually
5   going to be out of the country on December 2, but I'm sure
6   Mr. Bondy can cover for me that day, so that would be
7   acceptable to us, if that's OK with you.
8            THE COURT:  That's good for me.
9            MR. MACMAHON:  Thank you, your Honor.
10           MR. BLANCHE:  Your Honor, that date is fine for me and
11  for my client.  I will say that we haven't seen obviously any
12  of the things the government just described.  We would at this
13  point anticipate hopefully being able to ask your Honor for a
14  trial date at that December conference.  I mean that could
15  change depending on what happens between now and then with
16  discovery, but certainly that time and date is fine.
17           THE COURT:  OK.  I would really like to set a trial
18  date at that time if possible, so that's fine.
19           Is there anything else to be addressed today?  Mr.
20  MacMahon?
21           MR. MACMAHON:  If I may, your Honor.  Given what we
22  just heard and what I anticipate about the discovery and what
23  has already been seized, I just wanted to point out to the
24  Court that the defense is hoping that the Justice Department
25  has at least set up a taint team in this case.  What's not

1  apparent from this indictment is that there is a lot of
2  attorney/client and maybe even some executive privilege issues
3  that are raised by the information that's already been seized.
4  Again, it's not in the indictment, but Mr. Parnas was using
5  Rudy Guiliani as his lawyer, and he was also -- some of the
6  companies were using Rudy Guiliani as their lawyer.
7              THE COURT:  Do you know whether it was his personal
8  lawyer or a lawyer for a company?
9              MR. MACMAHON:  I believe it may be in both instances,
10 your Honor, that's true.
11             And then of course we have the issue of Mr. Guiliani
12 acting as the attorney for the President of the United States,
13 and in that capacity -- and I don't speak for anyone but
14 Mr. Parnas -- working for him.  And there have already been
15 issues of executive privilege raised in the congressional
16 subpoena to Mr. Parnas, which frankly, your Honor, I don't know
17 how to resolve.  I'm not in any position to invoke executive
18 privilege.
19             But these are issues that we need to be very sensitive
20 to and deal with now before -- I don't know who is looking at
21 all of these e-mails, who is looking at this correspondence,
22 but I just wanted to raise this with you, and I'm hoping the
23 government has a sufficient answer, because I know they don't
24 want to see attorney/client information.  I have been in other
25 cases where a taint team was established, but the added issue

of the executive privilege -- and maybe even Justice, or OLC, or the White House counsel's office involved in this -- makes this very complicated, and I just wanted you to be aware of that, your Honor.

THE COURT: I appreciate that. I understand the attorney/client privilege, but when you say executive privilege, you're not suggesting that your client worked for the President, are you?

MR. MACMAHON: He did not work for the United States government; he worked for Mr. Guiliani in his capacity.

THE COURT: So, he worked for Mr. Guiliani, and Mr. Guiliani also worked for him.

MR. MACMAHON: Was working for the President of the United States. And in response to a congressional subpoena, Mr. Parnas's prior attorney invoked and said he had been instructed to invoke executive privilege as to some of these discussions. I can't invoke that. Only the President or the White House can invoke that. And I'm not telling you I know how to resolve this, but I know the issue has to be resolved one way or another, and perhaps there is some procedure or proposal that the United States is going to make in that regard, because if the information starts just getting reviewed and it gets out, and then later we determine it is all privileged or subject to some privilege, we've got a problem.

THE COURT: OK. I will give the government a chance

1 to respond to that.

2 MS. DONALESKI: Your Honor, first as to potential
3 privilege issues, we are aware of those issues. The government
4 has a filter team in place, has continued to use a filter team
5 and will continue to use a filter team as we review these
6 materials.

7 This is the first that we've heard of this issue from
8 defense counsel. To the extent they want to provide us the
9 name of attorneys and any terms, we are happy to consider those
10 as we undertake that review.

11 With respect to executive privilege, to the extent the
12 defense wants to proffer additional facts to us and have a
13 conversation about his basis for believing that that is an
14 issue, we are happy to do that. I think now is not the forum
15 to litigate that issue.

16 So, to the extent he is concerned about privilege, we
17 are attuned to those concerns; we have a filter team in place.
18 To the extent he wants to continue this discussion, we're happy
19 to do so. Then if he needs to make a motion to the Court, I
20 think it's appropriate to raise that at the December 2
21 conference, or before.

22 THE COURT: OK, fair enough. I think that's as far as
23 we can go today. You should confer with counsel for the
24 government, and to the extent you can provide information about
25 attorneys' names or things that they may need to be aware of,

JAN7PARC

1  apparently they have a filter team, and if there is a
2  particular application you want to make, I'm all ears.
3           MR. MACMAHON:  Thank you, your Honor.
4           THE COURT:  OK.  With respect to a protective order,
5  are you going to reach a protective order?  Is that under
6  discussion yet?
7           MS. DONALESKI:  Yes, it is, your Honor.  Now that the
8  defense team is in place, we intend to reach out to them and
9  discuss a proposed protective order, and once that is signed
10 and we have hard drives from the defendants, we will begin
11 producing discovery as expeditiously as possible.
12          THE COURT:  OK.
13          Anything else from anyone today?
14          MR. BLANCHE:  No, your Honor.
15          MR. MACMAHON:  Not from Mr. Parnas.
16          MS. DONALESKI:  No.  Thank you, your Honor.
17          THE COURT:  Do you want to address the exclusion of
18 time under the Speedy Trial Act?
19          MS. DONALESKI:  Yes, your Honor.  I believe you have
20 excluded time already as to the other two codefendants, but out
21 of an abundance of caution we move as to Mr. Parnas and Fruman
22 to exclude time between today's date and December 2, to allow
23 them to review discovery and consider any appropriate motions.
24          THE COURT:  Is there any objection to the exclusion of
25 time under the Speedy Trial Act?

JAN7PARC

1       MR. MACMAHON:  Not from Mr. Parnas, your Honor.

2       MR. BLANCHE:  No, your Honor.

3       THE COURT:  I grant the application, and I exclude
4  time from today's date to December 2, 2019, the date of the
5  next conference, and I find that the ends of justice by
6  granting this additional time outweigh the interests of the
7  public and each of the defendants in a speedy trial for the
8  reasons stated by Ms. Donaleski.

9       I will see you all on December 2 at 2 o'clock.  Thank
10  you very much.  We are adjourned.

11       (Adjourned)