```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                              19 CR 725 (JPO)

DAVID CORREIA and AUDREY
KUKUSHKIN,

                Defendants.                 Arraignment
------------------------------x

                                            New York, N.Y.
                                            October 17, 2019
                                            3:45 p.m.

Before:

                    HON. J. PAUL OETKEN,

                                            District Judge

                          APPEARANCES

GEOFFREY S. BERMAN
     United States Attorney for the
     Southern District of New York
BY:  NICOLAS LANDSMAN ROOS
     REBEKAH A. DONALESKI
     Assistant United States Attorneys

GOODWIN PROCTER, LLP
     Attorneys for Defendant Correia
BY:  WILLIAM JOSEPH HARRINGTON

GERALD LEFCOURT
FAITH FRIEDMAN
     Attorneys for Defendant Kukushkin

Also Present:
Jeffrey Marcus, Pro Hac Vice
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

```
 1                 (Case called)
 2                 THE DEPUTY CLERK:  Starting with the government,
 3     counsel, please state your name for the record.
 4                 MR. ROOS:  Good afternoon, your Honor.  Nicolas Roos
 5     and Rebekah Donaleski for the United States.
 6                 THE COURT:  Good afternoon.
 7                 MR. HARRINGTON:  Good afternoon, your Honor.  William
 8     Harrington and Jeff Marcus for Mr. Correia who is also with us.
 9                 THE COURT:  Good afternoon.
10                 MR. HARRINGTON:  Mr. Marcus -- we have not yet
11     submitted pro hac vice papers for him.  Mr. Correia just
12     arrived from outside of the United States yesterday morning.
13     So we're still in the process of sorting through all of that.
14                 THE COURT:  Okay.  That's fine.  Thank you.
15                 MR. LEFCOURT:  Good afternoon, your Honor.  Gerald
16     Lefcourt and Faith Friedman for Audrey Kukushkin.  We also,
17     your Honor, just started in the case yesterday.  So we have not
18     worked out all of our arrangements, but we have come to a bail
19     package.
20                 THE COURT:  That's what I understand.  Thank you.
21                 Just so everybody is clear, when you work out pro hac
22     vice and everything, please make sure you have appeared.  I
23     know at least one of you has appeared on ECF.  Make sure you
24     appear so you get all the notices and everything.
25                 We're here for an arraignment on the indictment in
```

1    this case, and I understand we'll address bail as well as to
2    Mr. Kukushkin.
3           Two of the four defendants are present today, and this
4    is their first appearance before me.  The charges in this case
5    are set forth in a four-count indictment.  And Mr. Correia and
6    Mr. Kukushkin are charged in one of those counts, Count Four.
7           Let me start with Mr. Roos or Ms. Donaleski.  I want
8    to start with either of you telling me about the timing of the
9    defendants' arrests and confirm that they've had their initial
10   appearances and presentments.
11          MR. ROOS:  Yes, your Honor.  So Mr. Kukushkin was
12   arrested last week on Wednesday.  He was presented the next day
13   in the Northern District of California where his terms of
14   release were initially set.
15          Mr. Correia surrendered to the U.S. authorities
16   yesterday at the airport.  And he was presented yesterday in
17   this district before a magistrate judge.
18          THE COURT:  Thank you.
19          Do you want to go ahead and address the bail issue.
20   Bail has been set as to Mr. Correia.
21          Do you want to address bail as to Mr. Kukushkin.
22          MR. ROOS:  Certainly, your Honor.  As your Honor
23   noted, bail was set yesterday for Mr. Correia before a U.S.
24   magistrate judge.  The terms are on the docket now.  I'm happy
25   to go through them, but they're otherwise set.  And I don't

think we need to address them further, unless your Honor wants to.

As for Mr. Kukushkin, the parties have reached an agreement as to bail to be entered in the Southern District of New York. As you know, it was previously set in the Northern District of California.

Our understanding is that the defendant has not yet met with pretrial services here in New York. He'll go to pretrial services immediately after this proceeding.

But the terms of the bail are: First, a $1,000,000 bond which is secured by $100,000 in U.S. currency which was previously posted by the defendant and will be transferred to the Southern District; and by $900,000 in property which will be secured by a property in Livermore, California.

He's released on his own signature today. He has three financially responsible persons as cosigners, and those cosigners will be interviewed and signed by October 24, which is a week from today.

Supervised release on pretrial release will be out of the Northern District of California. Supervision will be as directed with home detention and GPS monitoring. He may leave for work, legal visits, medical visits, and other travel with pre-approval by pretrial services.

His trial will be restricted to the Northern District of California, the Central District of California, the Southern

1   District of California, the Southern District of New York, and
2   any points in between as necessary to transport him between the
3   Northern District of California and the Southern District of
4   New York.
5            He will surrender his travel documents and make no new
6   applications, although I will note that he already surrendered
7   his two passports.  Then finally, he will have no contact with
8   his codefendants outside of counsel.
9            May I just note, your Honor, the cash has already been
10  posted.  The property will be secured by October 31.
11           THE COURT:  Mr. Lefcourt, you're in agreement with
12  those bail conditions?
13           MR. LEFCOURT:  Yes, your Honor.  We worked them out
14  yesterday, last night, and this morning.  But they're finally
15  worked out.
16           THE COURT:  Okay.  I approve those bail conditions,
17  and bail will be set as indicated by Mr. Roos.
18           With respect to Mr. Correia, is there anything you
19  need to address in terms of bail or anything?
20           MR. HARRINGTON:  There is not, your Honor.
21           THE COURT:  Thank you.
22           Just for the record, I've scheduled the arraignment of
23  the other two defendants, Mr. Parnas and Mr. Fruman, for next
24  Wednesday, October 23, at 11:30 a.m.
25           Mr. Roos or Mr. Donaleski, is there anything you can

1  tell me right now about the current status of the two
2  codefendants?
3          MR. ROOS:  Certainly, your Honor.
4          So Mr. Fruman was released from custody yesterday
5  evening, and he'll be here on Wednesday of next week for his
6  arraignment.  Mr. Parnas is still in custody in the Eastern
7  District of Virginia.  He has not satisfied the bail conditions
8  that were previously set.
9          THE COURT:  What's the status of getting him here for
10 the arraignment?
11         MR. ROOS:  So, your Honor, my understanding is that a
12 defendant who has had bail terms set in the Eastern District of
13 Virginia will not be transported by the marshals, absent
14 revocation of the bail or an order by a court.
15         So Mr. Parnas will stay in the Eastern District until
16 either he meets his bail conditions, he consents to revocation
17 of his move, or if the Court were to order his removal from the
18 Eastern District to the Southern District of New York by the
19 U.S. Marshals.
20         THE COURT:  First of all, has he retained counsel?
21         MR. ROOS:  Yes.
22         THE COURT:  I gather he's in the process of trying to
23 meet the bail conditions.
24         Is that right?
25         MR. ROOS:  That's our understanding.

1    THE COURT:  The only reason I would hesitate to issue
2 an order right away directing his presence here would be
3 because I don't want to compromise his ability to meet any bail
4 conditions, given that he should have a reasonable opportunity
5 to do that.
6    However, if there's a point where it becomes
7 unreasonable, I'll rely on the government to ask for an order
8 directing his appearance here, if you think it's appropriate.
9 At this point, you're not asking for that?
10    MR. ROOS:  That's correct, your Honor.
11    THE COURT:  Can we proceed to the arraignment on the
12 indictment?
13    MR. ROOS:  Yes, your Honor.
14    THE COURT:  Starting with Mr. Correia, Mr. Correia,
15 are you able to speak and understand English?
16    DEFENDANT CORREIA:  Yes, sir.
17    THE COURT:  I'm judge Paul Oetken.  I'm a
18 United States district judge, and this case has been assigned
19 to me.  You've been named in an indictment charging you with
20 certain federal crimes.
21    Have you received a copy of the indictment with the
22 charges against you?
23    DEFENDANT CORREIA:  Yes, your Honor.
24    THE COURT:  Have you had a chance to read the
25 indictment and discuss it with your lawyer?

```
 1              DEFENDANT CORREIA:  Yes, your Honor.
 2              THE COURT:  Do you understand the charges against you?
 3              DEFENDANT CORREIA:  Yes, your Honor.
 4              THE COURT:  Do you waive public reading of the
 5   indictment at this time?
 6              DEFENDANT CORREIA:  I do.
 7              THE COURT:  How do you wish to plead?  Guilty or
 8   not guilty?
 9              DEFENDANT CORREIA:  Not guilty, your Honor.
10              THE COURT:  Thank you.  You may be seated.
11              Turning to Mr. Kukushkin, are you able to speak and
12   understand English?
13              DEFENDANT KUKUSHKIN:  Yes.
14              THE COURT:  You've also been named in an indictment
15   charging you with certain federal crimes.
16              Have you received a copy of the indictment with the
17   charges against you?
18              DEFENDANT KUKUSHKIN:  Yes.
19              THE COURT:  Have you had a chance to read the
20   indictment and discuss it with your lawyers?
21              DEFENDANT KUKUSHKIN:  Yes, your Honor.
22              THE COURT:  Do you understand the charges?
23              DEFENDANT KUKUSHKIN:  Yes.
24              THE COURT:  Do you waive public reading of the
25   indictment at this time?
```

1           DEFENDANT KUKUSHKIN:  Yes.

2           THE COURT:  How do you wish to plead?  Guilty or
3   not guilty?

4           DEFENDANT KUKUSHKIN:  Not guilty, your Honor.

5           THE COURT:  Thank you.  You may be seated.

6           Pleas of not guilty will be entered as to the two
7   defendants.

8           Before we address scheduling of further proceedings,
9   I'd just like to ask counsel for the government if they could
10  briefly describe the categories and volume of discovery to be
11  produced or anything else you'd like to add about the case.

12          MR. ROOS:  Yes, your Honor.  So the discovery in this
13  case is fairly, fairly voluminous.  It includes approximately
14  ten search warrant applications and email and other electronic
15  records obtained pursuant to search warrants for over ten
16  accounts which encompasses multiple gigabytes' worth of
17  electronic data.

18          The discovery will also include financial records for
19  over 50 bank accounts, again, fairly voluminous in amount, as
20  well as records from a number of third parties that either have
21  been produced or are continuing to be produced.  So the
22  government's intention is to begin to produce discovery on a
23  rolling basis.

24          As your Honor heard, the defense attorneys in this
25  case are continuing to come in.  We haven't had an opportunity

1  to discuss a protective order. But our intention is to,
2  shortly after this conference, discuss a protective order.
3        Once we have a protective order in place, we'll start
4  making rolling productions of discovery. We anticipate that
5  will continue to go on for some time as the government
6  continues to receive records or electronics, information from
7  electronics are extracted.
8        THE COURT: So we're not in a position to say that
9  discovery will be completely produced in 45 days or anything
10 like that? Is that right?
11       MR. ROOS: I don't believe so, your Honor.
12       THE COURT: Do you anticipate any superseding
13 indictments at this point?
14       MR. ROOS: I think it's fair to characterize the
15 government's investigation as ongoing, no decision about any
16 type of additional charges.
17       That, of course, is something in the event -- in the
18 instance where your Honor sets a trial date, we of course would
19 make any superseding decisions with sufficient time prior to
20 the trial date so that the defendants can have notice.
21       THE COURT: Thank you.
22       The next thing for scheduling would be either to set a
23 motion schedule, which sometimes I anticipate when discovery
24 will be produced and defendants and defense counsel will have
25 had a chance to review it to see whether they anticipate any

1   motions, then I would schedule that.

2            In a case like this where two of the defendants
3   haven't yet been arraigned, haven't yet appeared in this court,
4   and where the production of discovery is indeterminate, it
5   might make sense for all the parties to set a conference in a
6   period of time, perhaps when all four defendants will be
7   present.  And then we'll be able to talk about motions and
8   address any issues with regard to discovery.

9            So I'd like to hear from all the parties, assuming
10  that's the right way to go, as to what the appropriate time
11  would be for another conference.

12           MR. ROOS:  Well, your Honor, for the government, we
13  think that is a prudent way to proceed here.  Our thought is
14  perhaps if we were to set a conference roughly 30 days or a
15  little bit more out from today's date, which will be a month
16  from next week's arraignment, that will allow sufficient time
17  for us to have a protective order in place and start producing,
18  among other things, the search warrant applications that might
19  inform motion practice in this case.

20           By setting a conference maybe 30 days out, it would
21  also mean that we can give your Honor an update on how much
22  discovery has been produced, how much is still outstanding,
23  which I think would put all the parties in a better position to
24  set real deadlines for the case.

25           THE COURT:  Defense counsel, would you like to address

1  that timing issue?
2      MR. LEFCOURT:  I think that's fine, your Honor.  I
3  might suggest a little further than that.  Considering the fact
4  that I'm informed that the discovery may take us two to four
5  months to review, somewhere in that vicinity -- so it must be
6  very voluminous, and it's going to be on a rolling basis --
7  maybe by the first or second week of December, they might have
8  made discovery.
9      THE COURT:  Mr. Harrington?
10     MR. HARRINGTON:  Either of those proposals seem
11 reasonable.
12     THE COURT:  What about the first week of December
13 right after Thanksgiving?  Is that doable?
14     MR. ROOS:  That's fine, your Honor.
15     MR. HARRINGTON:  For that week, I'm just traveling
16 much of the week.  December 2, Monday works, or the following
17 week.
18     THE COURT:  Is there anybody for whom Monday,
19 December 2, would not work?
20     MR. ROOS:  That's fine for the government.
21     THE COURT:  Is that okay?
22     MR. LEFCOURT:  Yes, your Honor.  I'm just thinking it
23 may be prudent that Defendant Kukushkin not have to travel
24 across the country for a discovery conference.
25     Would your Honor be inclined to waive his presence?

1           THE COURT:  Any objection by the government?

2           (Government counsel conferred)

3           MR. ROOS:  Your Honor, I think it is helpful to have
4    the defendant show up in court sometimes, just so that way he's
5    both seen in the court -- obviously I think that's a helpful
6    measure in terms of securing his appearance.  We obviously will
7    have the bail conditions in place.

8           We don't have a specific objection to this instance,
9    although we think it may be helpful for him to come some of the
10   times.  If the defense is waiving his presence for the next
11   conference, we don't have an objection to that.

12          THE COURT:  Okay.

13          MR. LEFCOURT:  Yes, your Honor.

14          THE COURT:  Just to be clear, Mr. Kukushkin, you have
15   a right to be in court to be present for every single
16   proceeding that happens in the case, whether it's about
17   discovery or setting a schedule or whatever.

18          But if you talk to your lawyer and you decide to waive
19   an appearance, that will be okay in certain circumstances.  If
20   you choose to waive the appearance on December 2, after talking
21   to your counsel, that's fine.  All right?

22          DEFENDANT KUKUSHKIN:  Thank you, your Honor.

23          MR. LEFCOURT:  Thank you, your Honor.

24          THE COURT:  That's the same with the other defendant.

25          MR. HARRINGTON:  Thank you, your Honor.

1        THE COURT:  So December 2.

2        What time works for you?  I may be picking a jury that
3   day.  I can step out and come to this courtroom to do it I
4   believe.

5        MR. HARRINGTON:  Afternoon would be better, but we can
6   be flexible.

7        THE COURT:  How about 2:00?

8        MR. HARRINGTON:  That's fine.

9        THE COURT:  So the next conference will be December 2,
10  2019, at 2:00 p.m.

11       It may be in this courtroom.  I'll let you all know at
12  least on the docket where it's going to be because I'm not sure
13  who has reserved this courtroom.  Assume, if you don't hear
14  otherwise, it will be here in courtroom 318.

15       And then at that point, I'll get an update.  Hopefully
16  all four defendants will be present, and I'll get an update on
17  the production of discovery.  If we're in a position to set a
18  schedule for any motions, we'll go ahead and address that, as
19  well as potentially a trial date, depending on how far along we
20  are.  So December 2, 2:00.

21       Is there anything else anybody needed to address
22  today?

23       MR. LEFCOURT:  No, your Honor.

24       MR. ROOS:  Just from the government, the government
25  would move to exclude time between today's date and December 2,

2019, pursuant to 18 U.S. Code, Section 3161(h)(7), so that the government can produce discovery and the defendants have an opportunity to review discovery.

    THE COURT:  Is there any objection?

    MR. HARRINGTON:  No objection.

    MR. LEFCOURT:  No objection.

    THE COURT:  All right.  I grant the application, and I exclude time from today's date to December 2, the date of the next conference, December 2, 2019.

    And I find that the ends of justice served by granting this additional time outweigh the interests of the public and each of the defendants in a speedy trial for the reasons stated by the government.

    Anything further?

    MR. LEFCOURT:  No, your Honor.

    MR. HARRINGTON:  No, your Honor.

    THE COURT:  Thank you, everyone.  We're adjourned.

    (Adjourned)