# CADWALADER

Cadwalader, Wickersham & Taft LLP
200 Liberty Street, New York, NY 10281
Tel +1 212 504 6000  Fax +1 212 504 6666
www.cadwalader.com

October 30, 2019

**VIA EMAIL**

The Honorable J. Paul Oetken
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   <u>United States v. Igor Fruman, 19 Cr. 725 (JPO)</u>

Dear Judge Oetken:

I am counsel for Mr. Fruman. I write to request a bail modification hearing before Your Honor, tentatively scheduled for Friday, November 1, 2019 at 11:15 a.m. At the hearing, I anticipate asking Your Honor to remove the condition that Mr. Fruman be subject to home detention with electronic GPS monitoring. Based upon information learned after we agreed to this condition, such a condition is no longer the "least restrictive condition or combination of conditions . . . that will reasonably assure the appearance" of Mr. Fruman at trial. *See* 18 U.S.C. § 3142(c)(1)(B). I respectfully request permission to describe the reasons for this request more fully on the record at the bail modification hearing, but Mr. Fruman is simply not a flight risk necessitating home detention and GPS monitoring. The other onerous conditions imposed upon Mr. Fruman—including a $1,000,000 bond cosigned by three financially responsible persons and secured by property that has over $1,000,000 in equity as well as the other conditions concerning supervision and travel restrictions—provide more than enough assurance that Mr. Fruman will appear as directed. When the Court considers the factors described in Title 18, United States Code, Section 3142(g), we submit that the Court will conclude that home detention and electronic monitoring are not necessary conditions to assure Mr. Fruman's presence in court as directed.

In addition, as mentioned above, Mr. Fruman's bond requires three cosigners, including his son and brother. Yesterday, October 29, 2019, Mr. Fruman's brother and his brother's wife attempted to sign the bond. As is the typical practice at the United States Attorney's Office for the Southern District of New York ("SDNY"), SDNY representatives interviewed Mr. Fruman's brother and his wife before approving them as co-signors. During the interview, the SDNY representative requested additional financial information from Mr. Fruman's brother

CADWALADER

The Honorable J. Paul Oetken
October 30, 2019

and his wife before the SDNY would approve them as co-signors, notwithstanding the fact that they provided personal bank statements and two years of tax returns showing significant assets. Specifically, both Mr. Fruman's brother and his brother's wife have some interest in businesses in the New York City area, a fact that the co-signors disclosed to the government.[1] The government required additional financial information about these businesses, including bank statements from the businesses, prior to approving them as co-signors for Mr. Fruman. This is unnecessary given the financial information already provided by the potential co-signors, which shows significant savings and assets more than sufficient for them to qualify as co-signors for Mr. Fruman. *See* 18 U.S.C. § 3142(c)(1)(B)(xii). The bond is fully secured by Mr. Fruman's Florida residence, all three cosigners have significant moral suasion over Mr. Fruman, and Mr. Fruman's brother and wife have significant assets that would cover any shortcoming from an eventual sale of property if Mr. Fruman were to flee. Moreover, the prosecutors, as well as the court in the Eastern District of Virginia, previously agreed and approved of Mr. Fruman's brother signing the bond in the Eastern District of Virginia and the bond approved by Your Honor.

In any event, if the Court wishes to further understand the financial wherewithal of these two co-signors, we respectfully request that the Court interview the potential co-signors, as opposed to representatives of the United States Attorney's Office. *See id.* (stating that the "solvent sureties . . . shall provide the court with information regarding the value of the assets and liabilities of the surety"). Although it is the practice within this district for the United States Attorney's Office to perform this function, we respectfully request that if the Court believes additional inquiry is necessary, that such inquiry be performed by a designated person within the SDNY Court system. To be clear, however, we believe that the information provided to date is sufficient and that the Court should order that they be approved as co-signors on Mr. Fruman's bond.

---

[1] I was not present at the co-signor interviews. I, however, spoke with one of the prosecutors assigned to this case, as well as counsel for Mr. Fruman's brother (who was present). The information provided herein about the interview is based on these conversations.

CADWALADER

The Honorable J. Paul Oetken
October 30, 2019

Finally, because Mr. Fruman resides in the Southern District of Florida, I respectfully request that he be excused from the bail modification hearing so that he does not have to travel at the last minute to this district.  I have discussed this proceeding with Mr. Fruman at length, and will provide him with a transcript of the proceeding when it is received.

Respectfully Submitted,

Todd Blanche

cc:   Rebekah Donaleski, Esq.
      Nicolas Roos, Esq.
      Douglas Zolkind, Esq.

> A bail modification hearing is scheduled for November 1, 2019, at 11:15 a.m., in Courtroom 706, 40 Foley Square.
> Defendant Fruman's presence at the hearing is hereby waived.
> So ordered.
> October 30, 2019

_____
J. PAUL OETKEN
United States District Judge