# EXHIBIT B



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 1, 2019

**BY EMAIL**

Gerald B. Lefcourt, Esq.
Faith Friedman, Esq.
1841 Broadway Suite 910
New York, NY 10023
Email: lefcourt@lefcourtlaw.com
Email: ffriedman@lefcourtlaw.com

**Re: *United States v. Andrey Kukushkin*, No. 19 Cr. 725 (JPO)**

Dear Counsel:

The Government writes in response to your letter dated November 26, 2019, requesting, pursuant to 18 U.S.C. § 3504, that the Government affirm or deny whether the defendants or their alleged co-conspirators have been the subject of certain forms of surveillance.

As we have previously told you, the Government did not obtain or use Title III intercepts in the course of this investigation. Additionally, the Government does not intend to use any information that was obtained or derived from the Foreign Intelligence Surveillance Act or the other forms of surveillance identified in your letter. To the extent your letter is intended as a request for discoverable materials under Rule 16 of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150, 154 (1972), the Government has already begun producing Rule 16 discovery and will continue to do so on a rolling basis. As noted in our letter dated November 18, 2019, the Government recognizes its obligations under *Brady* and its progeny, and to the extent such material exists, will provide timely disclosure as such material comes to light. Similarly, also as noted in our November 18, 2019 letter, the Government will provide *Giglio* material in a timely manner prior to trial.

With respect to your request under 18 U.S.C. § 3504 that the Government indicate whether the defendants and their alleged co-conspirators have been the subjects of certain forms of surveillance, that request is solely based on conjecture. Mere suspicions and conjecture do not trigger the Government's duty to respond under Section 3504. *See, e.g.*, *United States v. Dien*, 598 F.2d 743, 746 (2d Cir. 1979) (deeming "frivolous" a request for information under § 3504 when the request lacked "any substantial support for the claim of illegality," and holding that such request "triggered no obligation" for the government to respond); *United States v. Yanagita*, 552 F.2d 940, 943 (2d Cir. 1977) (a request "may not be based upon mere suspicion but must at least appear to have a 'colorable' basis before it may function to trigger the government's obligation to respond under § 3504" (internal citation omitted)). The "imagine[d]" use of surveillance

techniques described in your letter, based solely on the fact that the case involves "foreign nationals, foreign communications, foreign travel, and the like," is not a basis for requiring a response under Section 3504. (Nov. 26, 2019 Ltr. at 1). Moreover, your request under Section 3504 is also premature, because Section 3504 applies by its terms only to proceedings and not to discovery. *See* § 3504(a)(1) ("In any *trial, hearing, or other proceeding in or before any court*, grand jury, department, officer agency, regulatory body, or other authority of the United States . . . upon a claim by a party aggrieved that evidence is inadmissible because it is the primary product of an unlawful act . . . the opponent of that claim shall affirm or deny the occurrence of the alleged unlawful act." (emphasis added)). Finally, your request fails to identify any unlawful act or specific evidence derived as a result of any unlawful act. Accordingly, because your request is premature, insufficient, and based only on conjecture, it does not provide a basis for a response under Section 3504.

Very truly yours,

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: _____/s/_______________________
Rebekah Donaleski
Nicolas Roos
Douglas Zolkind
Assistant United States Attorneys
(212) 637-2423/2421/2418

Cc: All Defense Counsel (by email)