

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 3, 2020

**BY ECF**

Hon. J. Paul Oetken
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

>    Re:    *United States v. Andrey Kukushkin*, No. 19 Cr. 725 (JPO)

Dear Judge Oetken:

   The Government writes in response to defendant Andrey Kukushkin's December 12, 2019 letter motion, which is made "on behalf of all defendants," seeking the Court to direct the Government to affirm or deny, under 18 U.S.C. § 3504, whether the defendants were the subject of any Government surveillance, including under Executive Order 12333 or the Foreign Intelligence Surveillance Act ("FISA"), and if so, to "identify such evidence and delineate all fruits thereof." (Dkt. 45). Kukushkin's motion, which is based only on speculation, is procedurally and substantively improper.

   More importantly, as the Government has repeatedly informed the defendants, it does not intend to use any information that was obtained or derived from FISA or other forms of surveillance identified by Kukushkin, nor does the Government anticipate having any classified discovery or the need to file a Classified Information Procedures Act ("CIPA") motion. That is sufficient to meet the Government's obligations under the applicable laws, and there is no basis identified in Kukushkin's motion or otherwise to require anything more. For those reasons, and the reasons set forth below, Kukushkin's motion should be denied.[1]

### 1. Applicable Law

   While styled as a motion brought pursuant to 18 U.S.C. § 3504, where as a here a defendant seeks notice of or other information about FISA intercepts, such a request is governed by a different provision of law, 50 U.S.C. § 1806. *See, e.g.*, *United States v. Thomas*, 201 F. Supp. 3d 643, 648 (E.D. Pa. 2016) (section 3504 does not apply to FISA information, since Section 1806 "is the procedure clearly contemplated by the foreign intelligence statutes for resolving allegations of unlawful surveillance"); *United States v. Aziz*, 228 F. Supp. 3d 363, 370 (M.D. Pa. 2017)

---

[1] The Government is separately submitting a supplemental letter to the Court *ex parte* and under seal.

("FISA's particularized notice, disclosure, and suppression procedures supplant the requirements of § 3504."). Pursuant to 50 U.S.C. §1806(c), the Government's notice obligations regarding the use of FISA information apply *only if* the Government (i) "intends to enter into evidence or otherwise use or disclose" (ii) against any "aggrieved person"[2] (iii) in a "trial, hearing, or other proceeding in or before any court, department, officer, agency, regulatory body, or other authority of the United States" (iv) any "information obtained or derived from" (v) an "electronic surveillance [or physical search] of that aggrieved person." 50 U.S.C. §1806(c); *see id.* § 1825(d). Where all five criteria are met, the Government will notify the defendant and the Court that the United States intends to use or disclose such information.

With respect to Section 3504, which applies to other forms of recordings made outside of the context of Title III or FISA, if in a "trial, hearing, or other proceeding in or before any court [or] grand jury," an aggrieved party claims that "evidence is inadmissible because it is the primary product of an unlawful act or because it was obtained by the exploitation of an unlawful act, the opponent of the claim shall affirm or deny the occurrence of the unlawful act." 18 U.S.C. § 3504(a)(1). The statute provides that an "unlawful act" includes "the use of any electronic, mechanical, or other device . . . in violation of the Constitution or laws of the United States or any regulation or standard promulgated pursuant thereto." *Id.* § 3504(b). Section 3504 was "intended to place an additional check on the government's use of illegally seized evidence" and "provide aggrieved parties with a means of determining whether . . . they could properly challenge questions propounded to them in adjudicatory proceedings." *In re Millow*, 529 F.2d 770, 773 (2d Cir. 1976). This makes sense: 3504 is limited, by its terms, to court or grand jury proceedings in which a proponent introduces evidence, and the opponent wants to challenge that evidence as inadmissible. *See* 18 U.S.C. § 3504(a)(1). "[Section 3504] was not intended, however, to transform an investigation by the government into an investigation of the government where claims of illegality lack substantial support." *Millow*, 529 F.2d at 773.

## 2.  Discussion

The Government has complied with its discovery and disclosure obligations, and Kukushkin's motion fails to set forth any legal basis to require anything more.

With respect to FISA, the Government has complied with its obligations under Section 1806 in this case. On December 1, 2019, the Government notified defense counsel that it did not intend to use any FISA-obtained or FISA-derived information against the defendants at trial.[3]

---

[2] An "aggrieved person" is defined as the target of electronic surveillance or "any other person whose communications or activities were subject to electronic surveillance," 50 U.S.C. § 1801(k), as well as "a person whose premises, property, information, or material is the target of physical search," or "whose premises, property, information, or material was subject to physical search." *Id.* § 1821(2).

[3] Kukushkin incorrectly states that the Government has "denied procuring evidence pursuant to Title III or FISA warrants." Dkt. 45 at n.1. The Government has told the defense that it did not obtain or use Title III intercepts in this investigation. The Government has not made any representations about the use of FISA warrants. (*See* Kukushkin Ex. B at 1).

Consistent with the statutory requirements, this notice gave the defendants all the information to which they are entitled.

Because the Government does not intend to introduce any FISA-obtained or FISA-derived information at trial, the defendants have no standing to challenge the lawfulness of any underlying surveillance.  Kukushkin argues that he is entitled to learn about "the existence of such evidence and the manner by which it was obtained" before he can move to suppress any evidence, but that argument is flatly wrong.  (Dkt. 45 at 5).  Kukushkin is simply not entitled to notice of evidence that the Government does not intend to introduce, and which Kukushkin does not have standing to suppress.  *See United States v. Saipov*, No. 17 Cr. 722 (VSB) (Dkt. 212) (denying defense motion to obtain "notice of the specific surveillance methods the Government employed so that he can then challenge the lawfulness of that surveillance," and noting that because the Government did not intend to introduce any such surveillance or evidence derived from the surveillance at trial, the defense's motion was "moot") (collecting cases); *United States v. Alimehmeti*, No. 16 Cr. 398 (PAE) (S.D.N.Y.) (Dkt. 68) (denying motion for additional notice of surveillance techniques and holding that "the Court understands the government to have complied with its notice and discovery obligations and declines to impose additional obligations at this time").  Indeed, beyond the FISA context, it is well-settled that defendants have no standing to challenge electronic surveillance that is not being introduced at trial and which has not been used to derive evidence against them.  *See, e.g.*, *United States v. Gibson*, 500 F.2d 854, 855 (4th Cir. 1974) ("The clear implication of [Title III] is that [a person with standing to challenge the wire] should not include one who is not implicated and against whom no one has made a proffer of information derived from the defectively authorized wiretap."); *see also United States v. Gallo*, 963 F.2d 185, 192 (2d Cir. 1988) (construing Title III standing in accordance with standing requirements applied to suppression claims under the Fourth Amendment (citing *Alderman v. United States*, 394 U.S. 165, 175-76 & n.9 (1969))).

Kukushkin's reliance on Section § 3504 is similarly misplaced.  As an initial matter, Kukushkin's motion under Section 3504 is procedurally improper.  Section 3504 provides a procedural vehicle for a witness or a defendant to challenge evidence when it is introduced on the basis that it was unlawfully obtained.  *See, e.g.*, *Millow*, 529 F.2d at 773 (witness refused to answer questions before grand jury); *United States v. Pacella*, 622 F.2d 640, 643 (2d Cir. 1980) (same).  By contrast, here the Court has not yet set a trial date and no hearing has been scheduled.  The Government has not introduced a single piece of evidence.  Indeed, because the Government does not intend to introduce any evidence obtained or derived from any of the types of government surveillance Kukushkin identifies, there is no evidence for Kukushkin to challenge under Section 3504.

Moreover, Kukushkin has failed to establish a colorable basis to believe that he (or any of the defendants) have been aggrieved by unlawful surveillance of any kind.  *See Pacella*, 622 F.2d at 643 ("Although the claim need not be particularized, it may not be based upon mere suspicion but must at least appear to have a 'colorable' basis before it may function to trigger the government's obligation to respond under § 3504" (quoting *United States v. Yanagita*, 522 F.2d 770, 774 (2d Cir. 1976))); *see also Millow*, 529 F.2d at 774 (where "assertions of misconduct are so obviously frivolous and lack even a colorable basis there is no 'claim'").  Kukushkin's claim rests solely on the fact that the case involves "foreign nationals, foreign government officials,

foreign communications [and] foreign travel," which hardly places this case outside of the norm for criminal cases in this District. (Dkt. 45 at 7; Ex. A at 1). His suspicions and conjecture are wholly insufficient to require a response under Section 3504. *See, e.g.*, *United States v. Dien*, 598 F.2d 743, 746 (2d Cir. 1979) (deeming "frivolous" a request for information under § 3504 when the request lacked "any substantial support for the claim of illegality," and holding that such request "triggered no obligation" for the government to respond); *United States v. Aref*, 285 F. App'x 784, 793 (2d Cir. 2008) (finding insufficient defendant's showing that consisted of statements "by unnamed sources in a newspaper article"). The cases cited by Kukushkin for the proposition that his claim need only be "colorable" are inapposite and do not support his argument. (*See* Dkt. 45 at 6 (citing *Pacella*, 622 F.2d 640 (affirming denial of Section 3504 motion where defendant did not have a colorable claim, even where defendant was the subject of a lawful surveillance order); *In re Evans*, 452 F.2d 1239, 1242-43 (D.C. Cir. 1971) (defendants stated colorable basis where they submitted sworn affidavits stating their belief that "wiretapping and electronic surveillance had been directed against them and that the grand jury's subpoenas and questions were the fruit of that wiretap.")).[4]

Courts within this District and nationwide routinely reject similar efforts by defendants to use mere speculation as a basis under Section 3504 to gain access to information to which they are simply not entitled. *See United States v. El Gammal*, No. 15 Cr. 588 (ER) (S.D.N.Y.) (Dkt. 150) (denying motion under 18 U.S.C. § 3504, FRCP 12(b)(3)(c), 16(a)(1)(E)(i), and the Fourth and Fifth Amendments to gain additional notice of surveillance where defendant had a "suspicion" that he was also surveilled under E.O. 12333); *United States v. Alimehmeti*, No. 16 Cr. 398 (PAE) (S.D.N.Y.) (Dkt. 68) (denying motion for additional notice of surveillance techniques as speculative); *see also Aziz*, 228 F. Supp. 3d 363 at 370 (denying motion under Section 3504 for notice and disclosure of surveillance techniques because FISA's notice procedures "supplant[ed] the requirements of § 3504"); *Thomas*, 201 F. Supp. 3d at 648 (holding that "speculat[ion] that Defendant could have been subject to illegal surveillance" was insufficient to trigger the Government's response requirement under Section 3504). Kukushkin's motion is even more speculative than the motions denied by Judge Engelmayer in *Alimehmeti* and Judge Ramos in *El Gammal*: in both of those cases, the Government had provided notice pursuant to Section 1806, and in *Alimehmeti*, the Government intended to use that information at trial. By contrast, here the Government has not provided notice pursuant to Section 1806, and to the contrary, has notified the defendants that it does *not* intend to rely on any FISA-obtained or FISA-derived evidence in its case in chief. Just as in *Alimehmeti*, *Gammal*, *Saipov*, and the other precedent cited above, the

---

[4] On December 19, 2019, Kukushkin supplemented his December 12, 2019 motion with a letter enclosing the Second Circuit's decision in *United States v. Hasbajrami*, 15-2687-L, 17-2669-CON, for the purpose of providing "background information" and to show why the defense "need[s] to discern whether evidence" was the product of unlawful surveillance or interception. (Dkt. 50). In *Hasbajrami*, the Second Circuit held that the "collection of the communications of United States persons incidental to the lawful surveillance [under Section 702 of FISA] of non-United States persons located abroad does not violate the Fourth Amendment," (Slip op. 2), but remanded for further factual development on the question of whether any queries that may have occurred in that case were reasonable. *Hasbajrami*—which considered an as-applied challenge to certain aspects of Section 702 collection—is irrelevant to the legal issues implicated by Kukushkin's motion.

Court should reject Kukushkin's efforts to use an insufficient and improper claim under Section 3504 to embark on a fishing expedition through the Government's files.  The Government has complied with its disclosure obligations, and there is no basis to require more.

### 3.  The Government Intends to Comply With Its Discovery Obligations

More generally, as the Government has repeatedly informed the defendants and the Court, the Government is aware of and intends to comply fully with its discovery obligations.  The Government's discovery obligations "are defined by Rule 16, *Brady* [*v. Maryland*, 373 U.S. 83 (1983)], *Giglio* [*v. United States*, 405 U.S. 150, 154 (1972)], and the Jencks Act."  *United States v. Griebel*, 312 F. App'x 93, 96 (10th Cir. 2008); *see also United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) (generally discussing the government's discovery and disclosure obligations). While the Government does not dispute that its discovery obligations extend to classified information where such information exists and is within the scope of Rule 16, *Brady* or *Giglio*, *see, e.g.*, *United States v. Abu Jihad*, 630 F.3d 102, 140-41 (discussing CIPA), here the Government has already represented that it does not intend to produce classified discovery or file a CIPA motion.

Finally, Kukushkin asks the Court to order the Government to "conduct an inquiry of its agencies," but cites no statutory or legal authority for this request.  (Dkt. 45 at 5).  Nor is there any.  As set forth above, the Government's discovery and disclosure obligations are defined by Rule 16, *Brady*, and *Giglio*; the Government is aware of its discovery and disclosure obligations, has complied with those obligations, and will continue to do so.

In sum, neither Section 3504 nor Section 1806 entitles a defendant to inspect the Government's files to assure himself that he was not the subject of unlawful surveillance.  The Government has complied and will continue to comply with its discovery and disclosure obligations, and Kukushkin's effort to impose additional obligations on the Government runs contrary to the case law and the applicable statutes.  Kukushkin's motion should be denied.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By:    _____/s/_____
Rebekah Donaleski
Nicolas Roos
Douglas Zolkind
Assistant United States Attorneys
(212) 637-2423/2421/2418

Cc: All Defense Counsel (by ECF)