THE LAW OFFICES OF

# JOSEPH A. BONDY

JOSEPH A. BONDY

STEPHANIE SCHUMAN
(OF COUNSEL)

1776 BROADWAY
SUITE 2000
NEW YORK NY 10019
TEL 212.219.3572
FAX 212.219.8456
JOSEPHBONDY@MAC.COM

January 21, 2020

Hon. J. Paul Oetken
United States District Judge
Southern District of New York
40 Foley Square
Courtroom 706
New York, NY 10007

Re: <u>United States v. Lev Parnas, et. al., 19-cr-725 (JPO)</u>

Dear Judge Oetken:

We write to correct the record of the Parties' correspondences this evening regarding the issue of when Mr. Parnas's iPhone 11 was first extracted.

- At 5:39pm, Defense Counsel contacted the Government to confirm that our proposed request for the Court to order the Government to disclose when it had first cracked Mr. Parnas's iPhone did not breach the protective order between the parties.

- **The Defense had made this request regarding the date of extraction in writing on January 1, 2, 4, 6, 10, 13, 2020, and by phone on a number of other occasions. Notwithstanding these multiple requests, the Government consistently refused to answer.**

- At 5:45, after speaking with AUSAs Donaleski and Roos by phone, per their request, we e-mailed them the parts of our letter that were potentially at issue.

- At 6:15pm, AUSAs Zolkind and Roos returned our call, indicating they had no objection to the letter, and would be filing a discovery update letter addressing this issue in part. The call ended at 6:23pm.

- At 6:19pm, while on the phone with AUSAs Zolkind and Roos, AUSA Donaleski filed the Government's discovery update letter by ECF, including a self-serving footnote regarding

the production of Mr. Parnas' iPhone 11. In its letter, the Government still failed to identify with specificity when the phone had first been extracted.

- At 6:41 pm, we filed the letter we had been discussing with the Government.

- At 8:23pm, AUSA Donaleski filed another letter with the Court, complaining about our filing, and **for the first time** informing that the iPhone had been extracted on December 3, 2019.

The Government could easily have answered our question on any one of the multiple occasions it was asked, rather than repeatedly refusing to do so until notified that we would be requesting the Court to order their response.

No matter AUSA Donaleski's protestations, the iPhone 11 records could have been produced to the defense as of December 3, 2019, on the same generic memory stick that it ultimately provided to us on December 31, 2019. The paper records seized from Mr. Parnas's home on October 9, 2019, which were far smaller in size, could have been provided shortly after their seizure.

Unfortunately, the Government's complaint about the timing of the production of a 1TB hard drive is appears to be nothing more than a subterfuge, as was the tactic of causing our request to be delayed until after it had made its filing.

Respectfully submitted,

_____/S/_____
Joseph A. Bondy
*Counsel to Lev Parnas*

c:      All Counsel