

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 23, 2020

**By E-mail**

The Honorable J. Paul Oetken
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

> Re:     United States v. Parnas, et al., 19 Cr. 725 (JPO)

Dear Judge Oetken:

The Government respectfully writes in response to defendant Lev Parnas's request to modify the November 13, 2019, Protective Order to permit him to disclose to the U.S. House Permanent Select Committee on Intelligence ("HPSCI") certain discovery materials that were not obtained by the Government from Parnas. For the reasons set forth below, the current application should be denied.

The Government does not object—and has not objected—to modifying the Protective Order to permit Parnas to produce his own materials that are responsive to a Congressional subpoena, just as the Government would not object to any other defendant producing his own materials in response to a Congressional subpoena. But Parnas's present request is different: he seeks to produce records that were in the possession of a third party, Apple, Inc., that the Government obtained through a search warrant, and which Parnas received only through discovery in this case. Specifically, Parnas seeks to produce reports created by the FBI using data associated with Parnas's iCloud accounts, which was produced by Apple in response to search warrants. Those materials have been produced in their entirety to Parnas.

The materials at issue include records that, as far as the Government knows, were never in Parnas's possession. For instance, the data produced by Apple includes deleted records (which may only exist because of the Government's preservation requests), account usage records, and other information to which a subscriber would not necessarily have access. The form of the report, which was created by the FBI, was also never in Parnas's possession. Moreover, even though the discovery in question was derived from data that was associated with the defendant's iCloud account, its public disclosure still has the potential to implicate the privacy and privilege interests of third parties and co-defendants.

January 23, 2020
Page 2

      Additionally, to the extent Parnas seeks to produce his own texts, emails, photographs or other materials, he should have access to the content stored on his iCloud account through other means: he can simply download his own iCloud account and produce it to HPSCI (and in fact, it appears he has already done so).  Apple provides instructions for restoring an iCloud backup to an Apple device (*see, e.g.*, https://support.apple.com/en-us/HT204184) or accessing iCloud data that is saved in the cloud (*see, e.g.*, https://support.apple.com/en-us/HT203052).  Indeed, Parnas's counsel has represented to the Government, and has stated publicly on MSNBC, that he has already downloaded materials from Parnas's iCloud in connection with his document productions to HPSCI.  It is unclear why Parnas cannot simply download his own iCloud account, assuming he has not done so already.

      To the extent that Parnas has deleted materials from his iCloud account, the Government is willing to work with counsel to ensure that Parnas can produce his own materials that are responsive to the Congressional request to HPSCI.  To that end, the Government respectfully submits that Parnas's counsel should identify for the Government any specific chats, emails, photographs, or other content Parnas is unable to access from his iCloud currently, but which exist within the discovery that has been produced to him and in his view are responsive to the Congressional subpoena.  Requiring Parnas to specifically identify these materials would also permit his co-defendants to raise any concerns with respect to their privilege or privacy interests prior to the materials' release.  Provided the materials are his own and his co-defendants do not object, the Government would expect to not object to a request to modify the Protective Order to authorize him to disclose such material.

      Accordingly, for the foregoing reasons, Parnas's application should be denied.

              Respectfully submitted,

              GEOFFREY S. BERMAN
              United States Attorney for the
              Southern District of New York

By:_____/s/_____
      Rebekah Donaleski
      Nicolas Roos
      Douglas Zolkind
      Assistant United States Attorneys
      (212) 637-2423/2421/2418

cc: Defense Counsel (by email)