# EXHIBIT A

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 2, 2020

**BY EMAIL**

William J. Harrington, Esq.
Goodwin Procter LLP

Jeff Marcus, Esq.
Marcus Neiman Rashbaum & Pineiro LLP

      Re:    *United States v. David Correia*, 19 Cr. 725 (JPO)

Dear Counsel:

      The Government writes in regard to materials sent by David Correia via DHL, which were seized by the Government pursuant to a search warrant. *See* search warrant and affidavit no. 19 Mag. 9830, dated Oct. 21, 2019 (USAO_00069420 - USAO_00069499) (the "DHL Package Warrant"). As you are aware, Correia sent this package to his counsel after he learned that there was a warrant for his arrest and shortly before he boarded a flight to New York, where he would self-surrender at the airport. The fact that the package was addressed to Correia's counsel was disclosed to Judge Oetken in the supporting affidavit.

      Further, as you are also aware, all materials seized pursuant to the DHL Package Warrant have been reviewed by a "filter team," supervised by two senior Assistant U.S. Attorneys who are not members of the prosecution team, to remove any potentially privileged materials from the set of material released to the prosecution team. Based on our discussions with the filter team, we understand that the DHL package did not contain any letter, memorandum, or other communication from Correia to counsel indicating why the materials were being sent to counsel, how they were selected, or by whom. The photographs of the contents of the package similarly do not indicate the existence of any written communication addressed to or prepared for counsel. *See* USAO_00181381 – USAO_00181385.

      Nonetheless, based on our discussions with you, we understand that you contend that *all* of the materials seized pursuant to the DHL Package Warrant—including a hard-copy notebook and various electronic devices—are privileged based solely on the fact that Correia sought to transmit them to his counsel. Based on our research, however, your position is contrary to the law in the Second Circuit. *See, e.g.*, *Matter of Grand Jury Subpoenas Dated Oct. 22, 1991, & Nov. 1, 1991*, 959 F.2d 1158, 1165 (2d Cir. 1992) (holding that attorney-client privilege did not cover materials conveyed to counsel because "[t]hose documents, though transmitted to [counsel], are not the client's confidential communications, are not within the privilege, and did not become exempt from discovery by that transmission"); *In re Grand Jury Subpoenas Dated Mar. 19, 2002*

*& Aug. 2, 2002*, 318 F.3d 379, 384 (2d Cir. 2003) ("[T]he principle underlying the work product doctrine—sheltering the mental processes of an attorney as reflected in documents prepared for litigation—is not generally promoted by shielding from discovery materials in an attorney's possession that were prepared neither by the attorney nor his agents," and rejecting argument that "counsel's thought processes . . . will be exposed through disclosure of the compiled documents"); *Duttle v. Bandler & Kass*, 127 F.R.D. 46, 52 (S.D.N.Y. 1989) ("[T]here are several documents that consist of communications between [client] and its attorneys that merely convey preexisting documents and do not reflect the provision of legal advice. The preexisting documents are not privileged." (citing *Fisher v. United States*, 425 U.S. 391, 403–04 (1976))).

Accordingly, the prosecution team intends to access, review, and use any responsive material seized pursuant to the DHL Package Warrant that has not been withheld by the filter team as potentially privileged. Should you wish to seek a judicial determination of this issue, we request that you notify us promptly and file an appropriate motion with the Court no later than two weeks from today.

Very truly yours,

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: /s
    Douglas Zolkind
    Rebekah Donaleski
    Nicolas Roos
    Assistant United States Attorneys
    (212) 637-2418/2423/2421