

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 11, 2020

**BY ECF**

The Honorable J. Paul Oetken
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

     Re:    *United States v. David Correia*, 19 Cr. 725 (JPO)

Dear Judge Oetken:

     On or about October 21, 2019, Your Honor signed a search warrant for a package sent by David Correia via DHL. (19 Mag. 9830 (the "DHL Package Warrant").) As the supporting affidavit explained, Correia sent this package to his counsel after he learned that there was a warrant for his arrest and shortly before boarding a flight to New York, where he had arranged through counsel to self-surrender upon arriving at the airport. Pursuant to the DHL Package Warrant, the Government seized the DHL package and its contents, including a hard-copy notebook and various electronic devices, which Correia apparently intended to transmit to his counsel to avoid having them in his possession (and thus seized) when he was arrested. The Government ensured that all materials seized pursuant to the DHL Package Warrant were reviewed by a "filter team," supervised by senior Assistant U.S. Attorneys who are not members of the prosecution team, to ensure that any potentially privileged materials were removed before the remaining materials were released to the prosecution team.

     Correia's counsel have informed the Government that, in their view, *all* of the materials seized pursuant to the DHL Package Warrant—including, apparently, the full content of Correia's devices—are privileged based solely on the fact that Correia sought to mail them to his counsel before boarding a flight to self-surrender. Having thoroughly evaluated and researched this claim, the Government informed counsel that it was unaware of any authority for such a proposition, which the Government views as meritless, and that the Government therefore intended to proceed with a review of any material that had not been withheld by the filter team as potentially privileged. (*See* Government letter dated March 2, 2020, attached hereto as Exhibit A.) As a courtesy, the Government informed Correia's counsel that it would wait two weeks to begin its review so as to permit Correa time to raise this issue with the Court should he chose to do so. (*Id.*) Correia's counsel responded that they would file a motion "on the Court-ordered schedule," indicating that their motion would not be filed until May 1, 2020, which is the deadline for pretrial motions.

     The Government respectfully requests that the Court order Correia to file any motion asserting a blanket claim of privilege over all materials seized pursuant to the DHL Package Warrant on or before March 23, 2020, which the Government will respond to no later than April

March 11, 2020
Page 2

1, 2020. Although a motion to suppress the DHL Package Warrant would not be due until May 1, 2020, the motion at issue here is not a suppression motion. Nor does it appear to turn on the manner in which the Government executes that warrant. Correia is not challenging whether there was probable cause to support the warrant, or whether the warrant is otherwise valid. Rather, he is claiming that regardless of the validity of the warrant, the Government should not be permitted to review *any* of the seized materials because they are privileged. There is very good reason to resolve this specific issue – which impacts not only the Government's ability to review this material (and potentially take subsequent investigative steps based on that material) but also its ability to produce the same in discovery to Correia's co-defendants – as soon as possible.[1] Indeed, the production of responsive material from the DHL Package Warrant could inform motions that Correia or his co-defendants might seek to make by the May 1st pretrial motion deadline.

Moreover, there is no discernable prejudice to Correia in requiring that he file this motion—on a narrow issue that he has been aware of for more than three months—on an expedited schedule.

Accordingly, the Government respectfully requests that, to the extent Correia wishes to assert privilege over all materials seized pursuant to the DHL Package Warrant, he file such motion by March 23, 2020. As noted, the Government would then file any response on or before April 1, 2020.

So ordered. Any such motion shall be filed by March 23, 2020.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: /s
Douglas Zolkind
Rebekah Donaleski
Nicolas Roos
Assistant United States Attorneys
(212) 637-2418/2423/2421

_____
J. PAUL OETKEN
United States District Judge

Dated: March 16, 2020

cc: All counsel of record (via ECF)

---

[1] The electronic evidence seized pursuant to the DHL Package Warrant has already been produced to Correia, but the responsive material has not yet been produced to all defendants, and cannot be produced until it is reviewed by the prosecution team.