

| | |
|---|---|
| William J. Harrington<br>+1 212 459 7140<br>WHarrington@goodwinlaw.com | Goodwin Procter LLP<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY  10018<br><br>goodwinlaw.com<br>+1 212 813 8800 |

March 17, 2020

The Honorable J. Paul Oetken
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re:** <u>United States</u> v. <u>David Correia</u>, 19 Cir. 725 (JPO)

Dear Judge Oetken:

We represent David Correia in the above referenced matter. We write to ask the Court to reconsider its Order of yesterday requiring Mr. Correia to file an expedited motion by March 23, 2020, in contravention of the Court's prior scheduling order that required pretrial motions to be filed by May 1, 2020. In the midst of a global pandemic, a national emergency of historic proportion, closed offices and schools, the timing of this expedited briefing schedule could not be worse and would significantly prejudice Mr. Correia.

The Government's request is especially troubling because it already knew of Mr. Correia's position on the DHL package search and seizure well before the February 3, 2020 conference where the Court set the May 1st motion deadline. Moreover, to support its motion, the Government makes incorrect assumptions about the basis of our position, as described below.

By way of background, in October 2019, the Government seized and later searched a confidential communication that Mr. Correia sent via DHL to his criminal defense counsel, Mr. Marcus. At the time of the search and seizure, the Government was well aware that Mr. Marcus was representing Mr. Correia in the criminal defense of this very case. Mr. Correia intends to argue that this search was an unlawful violation of a protected attorney-client communication, an unlawful interference of his Sixth Amendment right to counsel, and a search undertaken without lawful probable cause. Mr. Correia also expects to challenge the Government's action in other ways, such as its failure to notify Mr. Correia of the seizure in a timely fashion and provide him with a timely inventory of the seized matters.

The Government's application for an expedited schedule incorrectly frames the issue, erecting a straw man position that it derides as "meritless". The Government asserts that a person cannot insulate information from lawful discovery by sending it to his attorney. But the Government's letter has incorrectly relied on the principle that the privilege "attaches not to the information but to the communication of the information" because it is the communication itself that they have searched. <u>Matter of Grand Jury Subpoena Dated Oct. 22, 1991</u>, 959 F.2d 1158, 1165 (2d Cir. 1992).

None of the Government's cited cases stand for the proposition that it may search client communications and remove "information" from them. Indeed, none involved the search of a client's actual communication sending information to an attorney made for the purpose of seeking legal advice. Instead, all involved subpoenas. Those cases turned on whether the Government could lawfully compel disclosure, and never permitted the Government to search or obtain a communication itself.

ACTIVE/102651985.1



The Honorable J. Paul Oetken

March 17, 2020
Page 2

For example, the Government could compel the disclosure of corporate documents from a lawyer because no valid fifth amendment privilege existed, but even there the Court recognized that the attorney would have been able to refuse the production if the client had a valid Fifth Amendment privilege to assert.  <u>Matter of Grand Jury Subpoena Dated October 22, 1991</u>, 959 F.2d 1158, 1163 (2d Cir. 1992) ("where, however, preexisting documents have been transferred to an attorney for the purpose of obtaining legal advice and the client claims attorney-client privileged, the attorney may refuse to produce the documents if the client, had he retained possession of them, would have had a Fifth Amendment privilege to refuse production.")

It is vital that a client facing a criminal prosecution feel free to make "full disclosure to their attorneys" without fear that the Government will intercept the disclosure  to jumpstart their prosecution.  <u>Fisher v. United States</u>, 425 U.S. 391, 403 (1976).  The Government's novel search of an attorney-client communication threatens to upend a vital protection. The litigation of this question should not be rushed.

Mr. Correia was damaged by the Government's seizure and search in other ways that he expects will be the subject of his forthcoming motion.  The Government intercepted the communication in October, at which time DHL informed Mr. Correia that his package was "lost".  We only learned the true facts – that the Government had intercepted his communication with his criminal defense counsel – at a December 2019 court conference.  For multiple months, the Government unconscionably succeeded in depriving Mr. Correia's counsel of the information Mr. Correia had communicated to him for the purpose of seeking legal advice about this criminal case.

The search also lacked probable cause to believe discoverable evidence would be found because the Government had no basis to expect Mr. Correia would share any such information with his criminal defense counsel except in a privileged manner.  Mr. Marcus had no role in the activities that are the subject of the indictment.  At the time of the seizure, the Government knew Mr. Marcus was Mr. Correia's defense counsel because Mr. Marcus has already negotiated Mr. Correia's self-surrender to the FBI.  The Government had no reason to believe Mr. Correia's communication with Mr. Marcus would contain discoverable evidence.

ACTIVE/102651985.1



The Honorable J. Paul Oetken

March 17, 2020
Page 3

Mr. Correia's counsel has relied on the Court's pre-set schedule and would be prejudiced if we have to rush our evaluation and briefing of this issue particularly in light of the significant business and life disruptions being caused by the corona-virus pandemic.  At present, Mr. Marcus's law office is closed and defense counsel are juggling a variety of work obligations amidst school and office closures. Accordingly, we respectfully request that the Court reconsider its order of yesterday imposing an unrealistic deadline of March 23, 2020.

Respectfully submitted,

    /s/ William J. Harrington

William J. Harrington

Cc:    Mr. Jeff Marcus, Esq
        AUSA Douglas Zolkind
        AUSA Rebekah Donaleski
        AUSA Nicolas Roos