

William J. Harrington
+1 212 459 7140
WHarrington@goodwinlaw.com

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY  10018

goodwinlaw.com
+1 212 813 8800

September 24, 2020

The Honorable J. Paul Oetken
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re:**     **United States** v. **David Correia**, 19 Cr. 725 (JPO)

Dear Judge Oetken:

  I represent David Correia in this matter.  This letter addresses the Court's Order dated September 22, 2020 concerning our motion to withdraw, which we had requested be filed under seal. (Document 122). The Court directed us to submit a letter explaining any proposed redactions of the declarations submitted in support of our withdrawal motion ("Declarations"). The Court wrote that "the fact that Mr. Correia has not paid his legal bills" is not privileged and therefore does not meet the Lugosch standard for sealing judicial documents. The Court added that information may be redacted "[t]o the extent that the declarations include privileged or other confidential communications." Id.

  Our understanding is that the withdrawal papers we submitted are not judicial documents subject to Lugosch's strong presumption of public access. Not all judicial filings are subject to the Lugosch standard. The Lugosch Court held that documents "submitted to, and accepted by, a court of competent jurisdiction in the course of adjudicatory proceedings" enjoy a presumption of public access under the common law and the First Amendment. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 122 & 124 (2d Cir. 2006).  The Second Circuit analyzed summary judgment papers in a civil matter and held that they constitute such judicial documents because the papers support a motion seeking a "dispositive" resolution of the litigation. Id. at 122. Since a presumption of access applied, sealing of the documents could only be justified "with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." Id. at 124.

  Unlike summary judgment papers, withdrawal papers about a criminal defendant's relationship with counsel – including the defendant's ability to pay for counsel and his failure to pay existing counsel – are not judicial documents because they do not relate to a motion that settles a dispositive issue in the litigation. Compare In Re Boston Herald, Inc., 321 F.3d 174, 180 (1st Cir. 2003) (denying a request to disclose CJA 23 forms and statements of fees owed to counsel because "CJA eligibility documents are not essentially judicial in character") with Lugosch, 435 F.3d at 124 ("Because … summary judgment is an adjudication, … oral arguments relating to a motion for summary judgment fall into the category of civil proceedings to which there is a First Amendment presumption of access.").

  Therefore, we respectfully submit that the sealing rationale we offered – that the withdrawal motion and the Declarations "pertain to Mr. Correia's relationship with counsel" – is the reason why



The Honorable J. Paul Oetken

September 24, 2020
Page 2

these are not judicial documents about a dispositive issue subject to the Lugosch standard of public access.  In re Boston Herald, Inc., 321 F.3d at 189 (holding that "CJA eligibility documents related merely to the judge's role in management of the trial" and thus are not judicial documents subject to disclosure).

      Even if the public access presumption applied, however, it is also our understanding that privilege is not the sole basis to redact information. Court's have recognized that personal financial information, including a history of payments to counsel, are private and that such a privacy interest may overcome public access presumptions.  "Personal financial information, such as one's income or bank account balance, is universally presumed to be private, not public." In re Boston Herald, Inc., 321 F.3d at 190 (holding that financial privacy would justify the non-public nature of CJA 23 forms and statements of fees owed counsel even if such documents were covered by the common law right of access).

      A criminal defendant's inability to pay for counsel does not go to the merits of the criminal case, and filings about it risk unwarranted attention to Mr. Correia's need for appointed counsel. Such compelled disclosures "could well discourage eligible defendants from availing themselves of their right to counsel." Id. at 188.  The Court's sealing authority is intended to allow the Court to "deny access where 'court files might have become a vehicle for improper purposes' and to 'insure that its records are not 'used to gratify private spite or promote public scandal.'" Id. at 190.

      For these reasons, we respectfully request that the Court seal this letter and the accompanying Declarations in support of our motion. In the alternative, we have attached versions of the Declarations that propose redactions about Mr. Correia's finances. We do not assert the Declarations contain privileged communications. We request sealing to protect Mr. Correia's financial privacy.

Respectfully submitted,

    /s/ William J. Harrington

William J. Harrington

Cc:    Mr. Jeff Marcus, Esq.