

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 25, 2020

**BY ECF**
The Honorable J. Paul Oetken
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

     Re:    *United States v. Lev Parnas, et al.*, S1 19 Cr. 725 (JPO)

Dear Judge Oetken:

     The Government respectfully submits this letter in response to the defendants' request to adjourn the motion schedule by approximately eight weeks and the trial date by one month. For the reasons set forth herein, while the Government does not object to a four-week adjournment of the motion deadline, there is no basis to extend the motion deadlines as far as the defendants seek, an extension which, if granted, would effectively preclude the possibility of a February 1, 2021 trial. With respect to that trial date, and given the uncertainty created by the pandemic, the Government submits that it is premature to adjourn the current trial date, and instead proposes that the parties update the Court in early November regarding the feasibility of the trial date.

     *First*, the superseding indictment itself does not provide a basis for any more than a one-month adjournment of the motion deadlines. With respect to the campaign finance conduct underlying the original indictment which has been pending for nearly a year, the superseding indictment does not significantly alter the charges. In particular, it adds substantive charges against all defendants based on the same set of facts underlying the conspiracy already charged in Count Four, and adds Correia to two false statement charges already pending against Parnas and Fruman. The only new conduct charged in the superseding indictment is Count Seven, which charges a single wire fraud conspiracy count as to Correia and Parnas only. As such, any motions attacking the face of the indictment are likely to turn on charges and conduct the defendants have had nearly a year to consider. Moreover, the defendants have been in possession of substantially all of the applications, including warrant applications, in this case since at least March 2020, and the majority of those materials were produced in November 2019.[1] As such, to the extent the defendants would seek to challenge those applications, they have had many months at this point

---

[1] As noted below, yesterday the Government produced three additional warrants that only Parnas and Correia would have standing to challenge.

September 25, 2020
Page 2

to review them. Of note, the defendants have pointed to no new motions occasioned by the superseding indictment itself in either their court filing or in conversations with the Government (other than a potential severance motion which would be unlikely to require eight additional weeks to brief). Accordingly, while the Government has no objection to a brief adjournment of the motion calendar based on the fact that the superseding indictment was returned last week, and out of recognition for the difficulties caused by the pandemic, the Government does not believe those facts warrant the eight-week adjournment sought by the defendants.[2]

*Second*, and similarly, the production of additional discovery does not provide a basis to significantly adjourn the motion calendar. As the Government has previously represented, the superseding indictment will not occasion the production of any new discovery, and while it is true that the Government continues to make rolling productions of limited amounts of material, the defendants have been in possession of the vast majority of the relevant discovery material – including, as noted, substantially all of the applications which might give rise to motion practice – for at least six months. Yesterday, the Government produced to the defense a small set of discovery containing materials obtained in the course of the Government's ongoing investigation, which included three additional search warrants that only Parnas and Correia would have standing to challenge. The Government anticipates that a final production of responsive emails will follow in approximately a week which should substantially complete the Government's production of discovery in its possession. It is difficult to imagine those additional productions will give rise a motion, but even assuming they might, a four-week adjournment would nonetheless leave the defendants with sufficient time to review those materials and draft any such motion.

*Finally*, a more modest four-week adjournment would permit the Court to preserve at least the possibility of a February 1, 2021 trial date, which would be virtually impossible were the Court to adopt the defendants' proposed schedule. With respect to that trial date, the Government submits that it is premature at this juncture to adjourn the trial date. While the Government does not, in principle, oppose a brief trial adjournment if one is necessary, a number of pandemic-related as well as case-specific circumstances could significantly change in the upcoming weeks and

---

[2] The defense's application is based in large part on their argument that a blanket 60-day adjournment is necessary because the Government agreed and failed to seek a superseding indictment by a date certain; however, the Government never agreed to do so, and nor was the current motion deadline keyed off a particular date for a superseding indictment. (Dkt. 125 at 1). As the Court is aware, on April 14, 2020, the Government submitted an adjournment request that noted only that the Government's timeline for seeking a superseding indictment had been "pushed back" due to pandemic-related conditions, and proposed the current motion schedule, which the Court so-ordered. (*See* Dkt. 109). While the defense is correct that in the course of discussions between the parties prior to filing that letter, the Government proposed a motion schedule that would be keyed off a hypothetical date by which a superseding indictment would be filed (the Government proposed July 31, 2020), the defense rejected that proposal, and the parties then agreed upon the motion deadlines listed in the Government's April 14, 2020 letter.

September 25, 2020
Page 3

months.  The Government respectfully submits that it would be most prudent for the parties to submit an update to the Court in early November regarding the feasibility of the current trial date.

For all these reasons, the Government submits that a four-week adjournment of the existing motion deadlines would be appropriate.  Specifically, the Government proposes the following: defendants' motions due November 2, 2020; Government opposition due November 30, 2020, and defense replies due December 14, 2020.  Finally, the Government proposes that the parties submit a joint letter on the feasibility of the February 1, 2021 trial date on or before November 13, 2020.

    Respectfully submitted,

    AUDREY STRAUSS
    Acting United States Attorney for the
    Southern District of New York


By: /s
    Rebekah Donaleski
    Nicolas Roos
    Douglas Zolkind
    Assistant United States Attorneys
    (212) 637-2423/2421/2418

cc: All counsel of record (via ECF)