UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

    -v-                                                19-CR-725-3 (JPO)

DAVID CORREIA,                                   ORDER

                      Defendant.

J. PAUL OETKEN, District Judge:

       On September 21, 2020, Defendant David Correia's counsel filed a motion to withdraw and sought to file under seal the attached declarations explaining Correia's non-payment as the reason for the motion. (Dkt. No. 121.) The Court rejected wholesale sealing of the declarations and directed Correia's counsel to justify any proposed redactions to the declarations. (Dkt. No. 122.) After considering counsel's justifications for sealing or redacting the declarations (*see* Dkt. No. 128),[1] the Court orders counsel to promptly file the unredacted declarations on the public docket.

       The public has a right of access — derived from both the common law and the First Amendment, *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) — to many documents filed with the Court. There is a three-step process in analyzing the common law right of access. First, the document at issue must be a "judicial document," *i.e.*, a document that is "relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 119 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*")). A court document is relevant to the performance of the judicial function "if it would reasonably

---

[1] The Court also takes notice of the letter filed by Matthew Russell Lee advocating for public access to these declarations. (*See* Dkt. No. 126.)

1

have the *tendency* to influence a district court's ruling on a motion or in the exercise of its supervisory powers . . . ." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019). Second, if the document is a judicial document, a "common law presumption of access attaches," at which point the Court must "determine the weight of that presumption." *Lugosch*, 435 F.3d at 119. The weight of the common law presumption is strongest for "matters that directly affect an adjudication," *id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) ("*Amodeo II*")); filings associated with discovery disputes or motions in limine, where a court's "authority is ancillary to [its] core role in adjudicating a case," are entitled to a "somewhat lower" weight of presumption that still requires a court to "articulate specific and substantial reasons for sealing such material," *Maxwell*, 929 F.3d at 50. Third, and finally, the assigned weight of the common law presumption is to be balanced against any "countervailing factors," *Lugosch*, 435 F.3d at 120, which can include financial privacy, *see SEC v. Telegram Grp. Inc.*, No. 19-cv-9439, 2020 WL 3264264, at *5 (S.D.N.Y. June 17, 2020) ("A party's interest in the confidentiality of its general *financial records* is a countervailing factor that can outweigh the public's right of access." (emphasis added) (citing *Amodeo II*, 71 F.3d at 1051)).

      The common law presumption of access attaches to counsel's declarations, and Correia's asserted financial privacy interest does not overcome this presumption. Correia's counsel argue that their declarations are not judicial documents, distinguishing the declarations from the "dispositive" nature of summary judgment and related papers at issue in *Lugosch*. (*See* Dkt. No. 128 at 1–2 (citing *In re Bos. Herald, Inc.*, 321 F.3d 174, 180 (1st Cir. 2003).) However, counsel's declarations fit comfortably within the Second Circuit's capacious definition of a judicial document: they are relevant to this Court's decision whether to grant counsel's motion to withdraw. *See Maxwell*, 929 F.3d at 49 (holding that a judicial document is one that "would

reasonably have the *tendency* to influence a district court's ruling on a motion or in the exercise of its supervisory powers"). The Court acknowledges that the declarations "are subject to a lesser — but still substantial — presumption of public access," *id.* at 53, because they are related to the Court's supervision or management of counsel, "authority . . . ancillary to the court's core role in adjudicating a case[,]" and closer in nature to filings associated with discovery or in limine proceedings than to dispositive motions or trial documents, *id.* at 50. Still, Correia's "financial privacy" (Dkt. No. 128 at 2) is insufficient to overcome this moderate presumption of access. While "[a] party's interest in the confidentiality of its general financial records" is recognized as a countervailing factor, *Telegram*, 2020 WL 3264264, at *5, the declarations at issue are not genuinely financial records at all.[2] Instead, the declarations — including the portions sought to be redacted — assert merely that Correia has not yet paid his attorneys and that Correia will likely qualify for appointed counsel. Without more, such assertions do not amount to a "specific and substantial reason[]" to redact the declarations. *See Maxwell*, 929 F.3d at 50. The common law presumption of access, even if not at its apogee, outweighs Correia's asserted privacy interest.

When holding that the common law presumption of access applies, a court is also to consider whether the First Amendment right of access applies, since the latter "impose[s] [a] higher constitutional burden in requiring disclosure." *Lugosch*, 435 F.3d at 124. The Second Circuit has recognized a qualified First Amendment right of access to a wide variety of judicial documents associated with criminal proceedings, including pretrial suppression hearings,

---

[2] Even the First Circuit case cited by counsel stands for the proposition that "[p]ersonal financial information, such as *one's income or bank account balance*, is universally presumed to be private, not public." (*See* Dkt. No. 128 at 2 (emphasis added) (quoting *Bos. Herald*, 321 F.3d at 190).)

3

suppression motion papers, voir dire, and more.  *See United States v. Smith*, 985 F. Supp. 2d 506, 517 (S.D.N.Y. 2013) (collecting cases).  The Court sees no reason why the declarations at issue depart from judicial documents associated with criminal pretrial proceedings as to which the Second Circuit has previously recognized the First Amendment right of access.  *Cf. United States v. Suarez*, 880 F.2d 626, 631 (2d Cir. 1989) ("Because there is no persuasive reason to ignore the presumption of openness that applies to documents submitted in connection with a criminal proceeding, we conclude that the public has a qualified First Amendment right of access to the CJA forms after payment has been approved.").

Since "the more stringent First Amendment framework applies, continued sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124.  Given that Correia's asserted financial privacy interest is insufficient to overcome even a modest common law presumption of access, it follows that his stated justification for redactions does not overcome the stronger First Amendment presumption.

For the foregoing reasons, the declarations may not be sealed or redacted, because the common law and the First Amendment grant the public and press the right to view the declarations' information.  Accordingly, defense counsel's request to seal or redact the attorney declarations is DENIED.  Counsel are directed to file the unredacted declarations on the public docket within five business days.

SO ORDERED.

Dated: November 12, 2020
      New York, New York

_____
J. PAUL OETKEN
United States District Judge