UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

DAVID CORREIA,

           Defendant.

No. 19 Cr. 725 (JPO)

## MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT DAVID CORREIA

PLEASE TAKE NOTICE that, upon this Notice of Motion to Withdraw, William J. Harrington and Jeff Marcus, retained counsel for David Correia, move this Court before the Honorable J. Paul Oetken at the United States District Courthouse, 40 Foley Square, New York, New York 10007, at such a date and time as the Court may direct, for an Order granting counsels' request to withdraw from the case. The basis for the request is set forth in the attached declarations as required by Local Civil Rule 1.4 and Local Criminal Rule 1.1. Counsel further request that this motion be accepted <u>ex parte</u> and filed <u>under seal</u>.

Dated: September 21, 2020
      New York, NY

Respectfully submitted,

By: /s/ William J. Harrington
    William J. Harrington, Esq.
    Goodwin Procter, LLP
    The New York Times Building
    620 Eighth Avenue
    New York, New York 10018
    wharrington@goodwinlaw.com
    Telephone:  (212) 813-8800
    Facsimile:  (212) 355-3333

*Attorney for Defendant David Correia*

Jeff Marcus, Esq.
One Biscayne Tower
2 South Biscayne Blvd,
Suite 1750
Miami, Florida 33131
jmarcus@mnrlawfirm.com
Telephone : (305) 400-4260
*Admitted Pro Hac Vice*

*Attorney for Defendant David Correia*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

DAVID CORREIA,

Defendant.

No. 19 Cr. 725 (JPO)

TO BE FILED UNDER SEAL

EX PARTE SUBMISSION

**DECLARATION OF WILLIAM J. HARRINGTON, ESQ.
IN SUPPORT OF A MOTION TO WITHDRAW AS COUNSEL**

I, William J. Harrington, Esq., declare under penalty of perjury as follows:

1. I am counsel of record for David Correia in this matter.

2. I submit this declaration in connection with my application to withdraw as Mr. Corriea's counsel. In compliance with Local Civil Rule 1.4 and Local Criminal Rule 1.1, I address the reason for my request, the case calendar in the matter, and the status of any lien.

3. I am moving to withdraw because Mr. Correia has not paid me for any of the legal work I have performed for him. Mr. Correia retained me around the time of his arrest. Since that time, Mr. Correia and I have discussed fees on many occasions and he has expressed confidence that he would soon be in a position to pay for his legal representation. As recently as September 19, 2020, Mr. Correia said that he hoped he could soon pay his fees. But he has not been able to do so. Based on my conversations with Mr. Correia, and his continued inability to raise funds, I believe that his finances will qualify him for appointed counsel.

4. Until last week, an important factor in my decision to give Mr. Correia more time to pay was the very limited scope of the prior charge against him. It alleged his participation in a single conspiracy that primarily involved a Cannabis business and a small number of Fall 2018 political contributions in Nevada.

5. The charges against Mr. Correia changed dramatically this past Thursday, September 17, 2020, when the Government filed a superseding indictment (the "S1 Indictment") that vastly expands the scope and complexity of charges against Mr. Correia.

6. Count Seven of the S1 Indictment newly alleges that Mr. Correia engaged in a securities fraud scheme involving an insurance-product company, claiming that 7 victims were defrauded in excess of one million dollars over almost 7 years based on false statements about the finances of that company.

7. Counts Two and Three of the S1 Indictment further add charges that Mr. Correia made false statements and submitted falsified records to the FEC related to whether a different entity – a liquified natural gas company – was a bona fide business enterprise.

8. Given the breadth of the new allegations, this is now a much more extensive case than the one I had been retained to defend.

9. Regarding the case calendar, prior to the S1 Indictment, the Court set a case schedule. Last week, the parties began discussing the need to request that the Court adjust that case schedule in light of the new charges, ongoing discovery, and the COVID pandemic.

   a. <u>Discovery.</u> The Government has made voluminous productions, but they are nonetheless ongoing. In a teleconference on Friday, the Government indicated that it had a "fair bit" of additional discovery to make, including a "sizeable email production" that it anticipated making in 10 days.

   b. <u>Motions.</u> The Court had previously set a pretrial motions deadline of October 5, 2020. The parties are discussing the motion schedule in light of the S1 Indictment, and I anticipate a request to adjourn those dates.

   c. <u>Trial.</u> A trial date was also set for February 1, 2021. Though still almost five months away, there is a question as to whether this date will hold given current court procedures that severely limit jury trials in the district during the pandemic.

10. I informed the Government that I intended to file this withdrawal motion and that non-payment is the basis of the motion. I have not otherwise provided them with the details in this declaration and I respectfully request that the Court accept it <u>ex parte</u> and <u>under seal</u>.

11. My co-counsel, Jeff Marcus, and I spoke to Mr. Correia about this application after the filing of the S1 Indictment. In substance, he said that he had hoped to be able to pay us and still hopes that he will be in a position to do so, but that he does not expect us to work for free.

12. I state that I do not assert a retaining or charging lien.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Signed on September 21, 2020

*/s/ William J. Harrington*
William J. Harrington, Esq.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DAVID CORREIA,<br><br>Defendant. | No. 19 Cr. 725 (JPO)<br><br>TO BE FILED UNDER SEAL<br><br>EX PARTE SUBMISSION |

### DECLARATION OF JEFF MARCUS, ESQ. IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL

I, Jeff Marcus, Esq., declare under penalty of perjury as follows:

1. I am an attorney and I represent David Correia in this matter.

2. I submit this declaration in connection with my application to withdraw as counsel. In compliance with Local Civil Rule 1.4 and Local Criminal Rule 1.1, I address the reasons for this motion.

3. I was retained to represent Mr. Correia in August 2019 for what was thought to be an investigation in the Southern District of Florida. The engagement was hourly and my discounted hourly rate for the engagement was $675/hr. As part of the engagement, Mr. Correia provided my firm with an initial retainer of $25,000.

4. Since that initial retainer, Mr. Correia has not provided my firm with any additional payments for attorney's fees.

5. On January 14, 2020, the Undersigned moved this Court via a *pro hac* motion to be co-counsel for Mr. Correia along with Mr. William Harrington, Esq. Before my formal appearance in this matter, Mr. Correia assured me that he would be able to pay my firm for its legal fees. Since my appearance, Mr. Correia consistently has made similar representations of payment. Unfortunately, to date, Mr. Correia has been unable to make any such payments.

**Ex Parte Submission**

Declaration of Jeff Marcus, Esq.
United States v. David Correia, 19 Cr. 725 (JPO)

6. Until the recently-returned Superseding Indictment, Mr. Correia faced a single campaign contribution charge related to a state campaign contribution made in the State of Nevada. The Superseding Indictment adds five new charges, including an unrelated investor fraud scheme spanning 2012-2019, and new campaign contribution charges not related to the Nevada charge. The new charges will involve substantial preparation and time.

7. Given Mr. Correia's inability to pay and the added scope and complexity of the government's new charges, my firm, a small litigation boutique based in South Florida, cannot continue to remain as co-counsel without incurring substantial hardship.

8. Bill Harrington and I spoke with Mr. Correia in advance of filing this motion. Mr. Correia stated that he understood and that he did not expect our firms to work on an unpaid basis. Based on my conversations with Mr. Correia, and his continued inability to raise funds, I believe that his finances will qualify him for appointed counsel.

9. My firm also will not assert any retaining or charging lien in the matter. We also have told Mr. Correia that we will work with appointed counsel to ensure a smooth transition.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Signed on September 21, 2020

Jeff Marcus, Esq.