

**U.S. Department of Justice**

Federal Bureau of Prisons

*Northeast Regional Office*

**VIA E-MAIL**

*U.S. Custom House*
*2nd & Chestnut Streets, 7th Floor*
*Philadelphia, PA 19106*

February 1, 2021

Rebekah Donaleski, Esquire
Assistant United States Attorney
United States Attorney's Office
Southern District of New York
One St. Andrew's Plaza
New York, NY 10007

    Re:  <u>United States v. David Correia</u>
         Case No. 19-CR-725(JPO)

Dear Ms. Donaleski:

    Thank you for your recent inquiry concerning the Federal Bureau of Prisons' (BOP) ability to provide adequate health care for federal prisoners with significant, acute, or chronic medical conditions. Specifically, you have asked whether, based on the available information, the BOP can provide the necessary and appropriate care for Mr. Correia should he be incarcerated in a federal correctional facility.

    I am aware of Mr. Correia's medical conditions as detailed in defense counsel's sentencing memorandum. Reportedly, Mr. Correia has [REDACTED]

    As the BOP provides extensive medical services, a defendant's medical condition generally will not preclude a sentence to BOP custody. The BOP has implemented a Medical Care Level Classification system. The Care Level Classification system is intended to enhance the BOP's ability to manage inmate health care effectively by matching inmates with those institutions that can best meet their medical needs, while at the same time achieving optimal use of the BOP's health care resources. The BOP's goal in implementing the Care Level system is to assign inmates with greater medical needs to those facilities with more comprehensive on-site medical resources, and to provide more effective and efficient access to health care for each inmate.

Ms. Rebekah Donaleski, Esquire
Assistant United States Attorney
<u>United States v. Correia</u>

    The official BOP designation process is typically initiated after the BOP's Designation and Sentence Computation Center (DSCC) receives an electronic request from the United States Marshal Service (USMS) with the necessary documents Judgment and Commitment Order and the Presentence Report). Initial designation cases involving complex medical conditions are referred to the BOP's Office of Medical Designations and Transportation (OMDT) for review and determination as to the appropriate facility, either a Federal Medical Center (FMC) or a general population institution in which to designate the prisoner. In this case, if committed to the custody of the BOP, Mr. Correia would likely be reviewed for designation by the OMDT. At that time, a determination would be made as to the appropriate facility, either an FMC or a general population institution, in which to designate Mr. Correia.

    FMCs are prisons that provide in-patient care to seriously ill inmates. The BOP has seven (7) of these centers throughout the United States. Besides providing chronic care for seriously ill inmates, these medical centers also provide specialty services such as chemotherapy, pain management clinics, physical therapy and hospice care for terminally ill inmates. Each medical center also has a long-term unit for inmates requiring 24-hour nursing care. Further, all of the FMCs utilize contract physicians to provide in-house specialty services. Additionally, three (3) of BOP's FMCs have in-house Nursing Care Center Units (NCCs) that provide additional medical attention beyond hospitalization that cannot be provided in the ambulatory setting.  Inmates at FMCs are primarily Care Level 4 inmates.

    Each BOP institution contracts with medical centers in the local vicinity to provide specialized medical treatment. These medical centers offer the BOP a wide range of trained specialists and diagnostic tools such as MRIs and CT Scans. If needed, the BOP would be able to provide Mr. Correia with medical specialists through the BOP's contractual agreements.  While it is true many of these specialists are not located inside non-FMC institutions, the BOP has procedures in place to transport inmates to and from local hospitals and contracted medical centers so that inmates can receive appropriate and necessary care. Further, when medical emergencies and the need for surgical procedures arise, each institution has procedures in place that instruct health services and/or correctional staff on how to contact local emergency medical services for transportation to a local medical center.

    Every general population institution runs a number of Chronic Care Clinics designed to provide routinely scheduled quality care to medically ill inmates, as well as to stay abreast of any changes in medical conditions that may arise.  If Mr. Correia is designated to a general population institution, it is likely he would be assigned to ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Inmates enrolled in Chronic Care Clinics are seen as often as medically necessary. Additionally,

Ms. Rebekah Donaleski, Esquire
Assistant United States Attorney
<u>United States v. Correia</u>

the BOP has published guidance describing the medical classification process and levels that it considers for inmates.[1]

With respect to diet, the National Food Menu is considered a heart-healthy menu.  Diet modifications can be made as medically necessary and in consultation with the inmate's treating physician.  Exercise is also encouraged for inmates to increase overall wellness and as a means of dealing with stress.

The Bureau has an extensive National Formulary of medications approved for inmate use. The primary goal of BOP Formulary management is to optimize therapeutic outcomes, optimize cost-effectiveness of medications, and ensure drug usage is appropriate within the correctional environment. The medications he has been prescribed, or their equivalents, are included on the BOP's formulary index. If Mr. Correia requires medications that are not explicitly on the Formulary, substantially similar equivalents may be prescribed. Finally, if a substantially similar equivalent is not available for a medication he needs, a non-formulary request can be made by his treating clinician to the Bureau of Prisons Central Office in Washington, D.C. Non-formulary requests can usually be accomplished within 36-48 hours of the clinician's request.

Additionally, the Bureau continues to follow CDC guidelines in dealing with the Covid-19 pandemic.  The most up to date modified operations plan, vaccine distribution information and Covid-19 case and testing information for each facility may be found on www.bop.gov on the Covid-19 resource page.

Based on the information provided to me and my knowledge of the BOP's medical resources, the BOP will be able to provide appropriate care for Mr. Correia should he be sentenced to a term of incarceration and committed to the custody of the BOP.  If I can offer any further information in this matter, please do not hesitate to contact me.

                                        Sincerely,

                                        Gerard R. Travers
                                        Health Services Administrator
                                        Northeast Region

---

[1] Federal Bureau of Prisons, Clinical Practice Guideline, <u>Care Level Classification for Medical and Mental Health Conditions or Disabilities</u>, https://www.bop.gov/resources/pdfs/care_level_classification_guide.pdf