UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————X

UNITED STATES OF AMERICA,                    19-CR-725 (JPO)

               Plaintiff,

                                  DEFENDANTS'
                                  PROPOSED REQUESTS
                                  TO CHARGE

     —v.—

LEV PARNAS and
ANDREY KUKUSHKIN,

               Defendants.

————————————————————————X

## **TABLE OF CONTENTS**

I.   INTRODUCTORY INSTRUCTIONS

| | | |
|---|---|---:|
| A. | Introductory Remarks and Role of the Court | 3 |
| B. | Role of the Jury | 4 |
| C. | Role of Counsel | 5 |
| D. | All Persons Are Equal Before the Law | 6 |
| E. | Presumption of Innocence | 7 |
| F. | Proof Beyond a Reasonable Doubt | 8 |
| G. | Do Not Be Swayed by Sympathy or Prejudice | 9 |
| H. | What Is and Is Not Evidence | 10 |
| | 1.   Indictment Not Evidence | 10 |
| | 2.   Exhibits Not Received into Evidence Are Not Evidence | 10 |
| | 2.   Arguments by Lawyers Are Not Evidence | 10 |
| | 3.   Statements of the Court Are Not Evidence | 11 |
| I. | Consider Only the Charges | 12 |
| J. | Direct and Circumstantial Evidence | 12 |
| K. | Stipulations | 13 |
| L. | Rulings on Evidence and Objections | 14 |
| M. | Witness Credibility | 15 |
| N. | Defendant's Right Not to Testify | 17 |
| O. | Law Enforcement Witnesses | 18 |
| P. | Expert Witnesses | 18 |
| Q. | Testimony as Both a Lay and Expert Witness | 19 |
| R. | Bias of Witnesses | 20 |
| S. | Persons Not on Trial | 20 |
| T. | Consider each Defendant Separately | 21 |
| U. | Multiple Counts | 21 |

| V. | Impermissible to Infer Participation from Association | 22 |
| W. | Preparation of Witnesses | 22 |
| X. | Uncalled Witnesses – Equally Available | 23 |
| Y. | Number of Witnesses and Uncontradicted Testimony | 23 |
| X. | Use of Evidence Obtained Pursuant to Searches | 19 |
| AA. | Charts and Summaries: Admitted as Evidence | 24 |
| BB. | Redaction of Evidentiary Items | 25 |

II. SUBSTANTIVE INSTRUCTIONS ... 25

| A. | Meaning of the Indictment | 25 |
| B. | Summary, Superseding Indictment | 26 |
| C. | Count One: Conspiracy to Make Contributions by a Foreign National – General Instruction | 29 |
| D. | Count One: Conspiracy to Make Contributions by a Foreign National – Law of Conspiracy | 31 |
| E. | Count One: Conspiracy to Make Contributions by a Foreign National – Elements | 32 |
| F. | Count One: Conspiracy to Make Contributions by a Foreign National – Existence of the Conspiracy | 33 |
| G. | Count One: Conspiracy to Make Contributions by a Foreign National – Object of the Conspiracy | 34 |
| H. | Count One: Conspiracy to Make Contributions by a Foreign National – Membership in the Conspiracy | 35 |
| I. | Count One: Conspiracy to Make Contributions by a Foreign National – Liability for Acts and Declarations of Co-Conspirators | 36 |
| J. | Count One (and Count Four)— Multiple Conspiracy | 38 |
| K. | Count Two: Solicitation of a Contribution by a Foreign National — General Instruction | 39 |
| L. | Count Two: Solicitation of a Contribution by a Foreign National — Elements | 39 |
| M. | Count Three: Aiding and Abetting the Making of a Contribution by a Foreign National — General Instruction | 41 |
| N. | Count Three: Making a Contribution by a Foreign National — Elements | 44 |
| O. | Count Four: Conspiracy to Make Contributions in the Name of Another — General Instruction | 46 |
| P. | Count Four: Conspiracy to Make Contributions in the Name of Another — Elements | 47 |
|  | 1. Straw Donor |  |
|  | 2. Object of Conspiracy |  |
|  | 3. Membership |  |
|  | 4. Overt Act |  |
| Q. | Count Five: False Statements to the Federal Election Commission — General Instruction | 51 |

R.    Count Five: False Statements to the Federal Election Commission —
      Elements                                                              51
S.    Count Six: Falsification of Records —
      General Instruction                                                   53
T.    Count Six: Falsification of Records —
      Elements                                                              54
U.    Venue                                                                 56
V.    Variance in Dates                                                     57

III. FINAL INSTRUCTIONS                                                     57

A.    Duty to Deliberate and Reach a Unanimous Verdict                      57
B.    Right to See Exhibits and Hear Testimony; Communications with Court   58
C.    Notes                                                                 59
D.    Verdict Form                                                          59
E.    Duties of Foreperson                                                  59
F.    Return of Verdict                                                     60
G.    Jury Oath                                                             60
H.    Exceptions                                                            60

## <u>INTRODUCTORY INSTRUCTIONS[1]</u>

### A.  Introductory Remarks and Role of the Court

Members of the jury, you have now heard all the evidence in the case as well as the final arguments of the parties. We have reached the point where you are about to undertake your final function as jurors. You have paid careful attention to the taking of each witness's testimony and all the evidence, and it has been obvious to me that you have faithfully discharged this duty. Your interest never flagged, and it is evident that you followed the testimony with close attention. I ask that you give me that same careful attention as I instruct you on the law, so that you are able to act together with fairness and impartiality to reach a just verdict in the case.

There are three parts to these instructions. First, I'm going to give you some general instructions about your role and about how you are to decide the facts of the case. These

---

[1] Adapted from the Charge of the Hon. J. Paul Oetken in United States v. Matos, 18-cr-327 (JPO)

instructions really would apply to just about any trial. Second, I'll give you some specific instructions about the legal rules applicable to this particular case. Third, I'll give you some final instructions about procedure.

It is your duty to accept these instructions of law and to apply them to the facts as you determine them. With respect to legal matters, you must take the law as I give it to you. If any attorney or witness has stated a legal principle that differs from those in my instructions, it is my instructions that you must follow. You must not substitute your own notions or opinions of what the law is or ought to be.

Listening to these instructions may not be easy. It is important, however, that you listen carefully and concentrate. You must pay close attention to me now. I will go slowly as I can and be as clear as possible. I ask you for your patient cooperation and attention. You'll notice that I'm reading these instructions from a prepared text. It would be more lively, no doubt, if I just improvised. But it's important that I not do that. The law is made up of words, and those words are very carefully chosen. So, it's critical that I use exactly the right words.

You will have copies of what I'm reading in the jury room to consult, so don't worry if you miss a word or two. But for now, listen carefully and try to concentrate on what I'm saying. Remember, you are to consider these instructions together as a whole; you are not to isolate or give undue weight to any single instruction.

### B.     Juror Obligations and Role of the Jury

In determining the facts, you are reminded that before each of you was accepted and sworn to act as a juror, he or she was asked questions concerning competency, qualifications, fairness and freedom from prejudice and bias. On the faith of those answers, the juror was accepted by the

parties. Therefore, those answers are as binding on each of you now as they were the, and should remain so, until the jury is discharged from consideration of this case.[2]

As members of the jury, you are the sole and exclusive judges of the facts. You pass on the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

Do not conclude from any of my questions or any of my rulings on objections or anything else that I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case. Any opinion I might have regarding the facts is of absolutely no consequence. It is your sworn duty, and you have taken the oath as jurors, to determine the facts.

### C.     Role of Counsel

Just as I have my duties as a judge and you have your duties as jurors, it has been the duty of each attorney in this case to object when the other side offered testimony or other evidence that the attorney believed is not properly admissible. Counsel also has the right and duty to ask the Court to make rulings of law and request conferences at the side bar out of the hearing of the jury. It has been my job to rule on those objections. Therefore, why an objection was made or how I ruled on it is not for your consideration and should not enter into your deliberations at all. You should draw no inference from the bare fact that an attorney objects to any evidence. Nor should you draw any inference from the fact that I might have sustained or overruled an objection. My rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.[3]

---

[2] 1 Modern Federal Jury Instructions—Criminal P. 2.01, Instruction 2-4.
[3] 1 Modern Federal Jury Instructions—Criminal P 2.01, Instruction 2-8.

To be clear, the personalities and the conduct of counsel in the courtroom are not in any way at issue. If you formed reactions of any kind to any of the lawyers in the case, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those reactions should not enter into your deliberations.

### D.       All Persons Are Equal Before the Law

In reaching your verdict, you must remember that all parties stand equal before a jury in the courts of the United States. The fact that the Government is a party and the prosecution is brought in the name of the United States does not entitle the Government or its witnesses to any greater consideration than that accorded to any other party. By the same token, you must give it no less deference. The Government and the Defendant stand on equal footing before you, and at the bar of justice.

You are to perform your duty of finding the facts and applying the law without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality. This case is important to the prosecution, for the enforcement of criminal laws is a matter of prime concern to the community. Equally, this case is important to the defendants, who are charged with serious crimes.[4]

In reaching your decision as to whether the Government sustained its burden of proof, it would be improper for you to consider any personal feelings you may have about the Defendants' race, religion, national origin, gender, sexual orientation, or age. All persons are entitled to the same presumption of innocence and the Government has the same burden of proof with respect to all persons. Similarly, it would be improper for you to consider any personal feelings you have about the race, religion, national origin, gender, sexual orientation, or age of any other witness or

---

[4] 1 Modern Federal Jury Instructions—Criminal P. 2.01, Instruction 2-5.

anyone else involved in this case. The Defendant is entitled to a trial free from prejudice, and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

### E.    Presumption of Innocence

Now I will instruct you on the presumption of innocence. The law presumes the Defendants to be innocent of all charges against him. In this case, the Defendants before you have pleaded not guilty. In so doing, they have denied every allegation charged against them. As a result of the Defendants' pleas of not guilty, the burden is on the prosecution to prove each defendant's guilt beyond a reasonable doubt.

This burden never shifts to the Defendants for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence. In other words, the Defendants do not have to prove their innocence. They are presumed to be innocent of all charges against them.

The Defendants began this trial with a clean slate. I therefore instruct you that the Defendants are presumed by you to be innocent throughout your deliberations. This presumption of innocence alone requires you to acquit the Defendants unless after a careful and impartial consideration of all the evidence presented in this case you as jurors are unanimously convinced beyond a reasonable doubt of every element of each crime with which each defendant is charged. If the prosecution fails to sustain its burden as to either Defendant, then you must find that Defendant not guilty. The presumption of innocence was in their favor when the trial began, continued in their favor throughout the entire trial, remains with them even as I speak to you now, and persists in their favor during the course of your deliberations in the jury room. The presumption of innocence is removed if and only if, as members of the jury, you are satisfied that the prosecution

has sustained its burden of proving the Defendant you are considering guilty beyond a reasonable doubt.

### F.        Proof Beyond a Reasonable Doubt

Now, the question naturally arises: what, exactly, is a reasonable doubt? The words almost define themselves. A reasonable doubt is a doubt that a reasonable person has after carefully weighing all the evidence. It is a doubt founded in reason and arising out of the evidence in the case—or the lack of evidence. It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Reasonable doubt is a doubt that appeals to your reason, your judgment, your experience, your common sense. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

In a criminal case, the burden is at all times upon the prosecution to prove guilt beyond a reasonable doubt.  The law does not require that the prosecution prove guilt beyond all possible doubt; rather, proof beyond a reasonable doubt is sufficient to convict.  The burden never shifts to the Defendants, which means that it is always the prosecution's burden to prove each of the elements of the crimes charged against each defendant beyond a reasonable doubt.

If after a fair and impartial consideration of all the evidence (and the lack of evidence), you have an abiding belief that as to the Defendant you are considering, the prosecution has proven beyond a reasonable doubt—a belief that you would be willing to act upon without hesitation in important matters in the personal affairs of your own life— every element of the Count you are considering, then it is your duty to convict that Defendant as to that Count of the Indictment.

On the other hand, if after a fair and impartial consideration of all the evidence (and the lack of evidence), you are not convinced of the guilt of the Defendant you considering as to the

the Count you are considering, if you do not have an abiding conviction of that Defendant's guilt of those charges; in sum, if you have such a doubt as would cause you, as prudent persons, to hesitate before acting in matters of importance to yourselves—then you have a reasonable doubt, and in that circumstance it is your sworn duty to acquit that Defendant and return a verdict of not guilty as to that Defendant on that Count in the Indictment.

### G. Do Not Be Swayed by Sympathy or Prejudice

In reaching that determination, your oath as jurors commands that you are not to be swayed by sympathy or prejudice. You are to be guided solely by the evidence in this case and you are to apply the law as I instruct you. As you sift through the evidence, you must ask yourselves whether the prosecution has proven the Defendant's guilt. Once you let fear or prejudice, or bias or sympathy, interfere with your thinking, there is a risk that you will not arrive at a true and just verdict. Thus, if you have a reasonable doubt as to the guilt of the Defendant you are considering, then you must render a verdict of not guilty. But if you should find that the prosecution has met its burden of proving that Defendant's guilt beyond a reasonable doubt, then you should not hesitate because of sympathy, or for any other reason, to render a verdict of guilty.

The question of possible punishment of the Defendant you are considering is of no concern to the jury and should not enter into or influence your deliberations. The duty of imposing sentence in the event of a conviction rests exclusively upon the Court. Your function is to weigh the evidence in the case and to determine whether or not the Defendant you are considering is guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow any consideration of the punishment that may be imposed upon that Defendant, if he is convicted, to influence your verdict.

Similarly, it would be improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process. Your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

### H. What Is and Is Not Evidence

Now, I have repeatedly referred to the evidence in this case. This raises an important question: what is evidence? I instruct you that evidence consists of the sworn testimony of the witnesses, the exhibits received in evidence, and the stipulations of the parties. In determining the facts, you must rely upon your own recollection of the evidence.

What, then, is not evidence? I instruct you that the following does not count as evidence:

### 1.    Indictment is not Evidence

The Defendants are charged with various crimes about which I will instruct you shortly.  As I informed you in my preliminary instructions, each charge is called a "Count."  I will refer to each Count by the number assigned to it in the charging instrument—which by now you know is called the "Superseding Indictment," but you will not be furnished with the Superseding Indictment itself, because an indictment is merely a statement of charges and not itself evidence.[5]

### 2.    Exhibits Not Received into Evidence Are Not Evidence

Second, any exhibit that was not received into evidence is not evidence. Thus, exhibits marked for identification but not admitted are not evidence, nor are materials that were used only to refresh a witness's recollection.

---

[5] 1 Modern Federal Jury Instructions—Criminal P 3.01, Instruction 3-1.

### 3. Arguments by Lawyers Are Not Evidence

Third, arguments by the lawyers are not evidence. The reason is simple: advocates are not witnesses. The opening and closing arguments of both sides explain how each side wants you to analyze the evidence, which consists of the testimony of witnesses, the documents and other exhibits that were entered into evidence, and the stipulations of the parties. What the lawyers have said to you is intended to help you understand the evidence—and the lack of evidence—as you deliberate to reach your verdict. However, if your recollection of the facts differs from the lawyers 'opening statements, questions to witnesses, or summations, it is your recollection that controls, not theirs.

For the same reasons, you are not to consider a lawyer's questions as evidence. Let me emphasize that a lawyer's questions are not evidence. At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true and asked the witness if the statement was true. If the witness denies the truth of a statement, and if there is no evidence in the record proving that the assumed fact is true, then you may not consider the fact to be true simply because it was contained in the lawyer's question.[6]

In short, questions are not evidence; answers are. Only the witnesses 'answers are to be considered evidence, not the questions.

### 4. Statements of the Court Are Not Evidence

Finally, any statements that I may have made do not constitute evidence. It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

I will now discuss at slightly greater length some important matters related to evidence.

---

[6] *Id.* at Instruction 5-3.

### I.  Consider only the Charges

The Defendants are not charged with committing any crime other than the offenses contained in the Superseding Indictment. You may have heard evidence of other acts alleged to be committed by one or both Defendants. When that evidence was introduced, I instructed you that it was to be considered solely for a limited purpose. I will explain that limited purpose to you again in a moment. But I want to emphasize to you now that you are not to consider that evidence for any other purpose and you are only to return a verdict as to the charges contained in the indictment.[7]

### J.  Direct and Circumstantial Evidence

There are two types of evidence that you may properly consider in reaching your verdict. One type of evidence is direct evidence. Direct evidence is testimony by a witness about something he knows by virtue of his own senses – something he has seen, felt, touched, or heard. For example, if a witness testified that when he left his house this morning, it was raining, that would be direct evidence about the weather.

The second type of evidence is circumstantial evidence. Circumstantial evidence is evidence that tends to prove a disputed fact indirectly, by proof of other facts. There is a simple example of circumstantial evidence that is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining, and it was a nice day outdoors. Assume that the courtroom shades were drawn and that you could not look outside. Assume further that as you were sitting here, someone walked in with an umbrella that was dripping wet and then, a few moments later, somebody else walked in with a raincoat that was dripping wet.

---

[7] 1 Modern Federal Jury Instructions—Criminal P 3.01, Instruction 3-3.

Now, because you could not look outside the courtroom and you could not see for yourself whether it was raining, you would have no direct evidence of that fact. But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it was raining.

That is all there is to circumstantial evidence. You infer on the basis of your reason, experience, and common sense from one fact that's established the existence or the nonexistence of some other fact.

As you can see, the matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a logical, factual conclusion that you might reasonably draw from other facts that have been proven.

Many material facts, such as someone's state of mind, are rarely easily proven by direct evidence. Usually, such facts are established by circumstantial evidence and the reasonable inferences that you draw. Circumstantial evidence may be given as much weight as direct evidence. The law makes no distinction between direct and circumstantial evidence, but simply requires that, before convicting a defendant, the jury must be satisfied of the defendant's guilt beyond a reasonable doubt, based on all of the evidence in the case.

There are times when different inferences may be drawn from the evidence. The Government asks you to draw one set of inferences. The Defendant asks you to draw another. It is for you, and for you alone, to decide what inferences you will draw.

### K.  Stipulations

You have heard evidence in the form of stipulations that contain facts that were agreed to be true. In such cases, you must accept those facts as true. However, it is for you to decide what weight, if any, to give to those facts.

L.    **Rulings on Evidence and Objections**

As I have already explained, you should draw no inference or conclusion for or against any party by reason of lawyers making objections or my rulings on such objections. That said, when an objection to a question has been sustained, the jury must disregard the question entirely and may draw no inference from the wording of it, or speculate as to what the witness would have said if he or she had been permitted to answer the question. You must entirely disregard any evidence that the Court ordered to be stricken.

By the same token, nothing I say is evidence. If I commented on the evidence at any time, do not accept my statements in place of your recollection or your interpretation. It is your recollection and interpretation that govern.

Further, as I stated earlier, do not concern yourself with what was said at side-bar conferences or during my discussions with counsel. Those discussions related to rulings of law.

At times I may have admonished a witness or directed a witness to be responsive to questions or to keep his or her voice up. At times I asked a question myself. Any questions that I asked, or instructions that I gave, were intended only to clarify the presentation of evidence and to bring out something that I thought might be unclear. You should draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any witness or any party in the case, by reason of any comment, question, or instruction of mine. Nor should you infer that I have any views as to the credibility of any witness, as to the weight of the evidence, or as to how you should decide any issue that is before you. That is entirely your role.

### M.     Witness Credibility

You have had the opportunity to observe the witnesses. It will now be your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

To that end, I am going to give you a few general instructions on how you may determine whether witnesses are credible and reliable, whether witnesses told the truth at this trial, and whether they knew what they were talking about. It is really just a matter of using your common sense, your good judgment, and your experience.

First, consider how well the witness was able to observe or hear what he or she testified about. The witness may be honest but mistaken. How did the witness's testimony impress you? Did the witness appear to be testifying honestly and/or candidly? Were the witness's answers direct or were they evasive? Consider the witness's intelligence, demeanor, manner of testifying, and the strength and accuracy of the witness's recollection. Consider whether any outside factors might have affected a witness's ability to perceive events.

Consider the substance of the testimony. How does the witness's testimony compare with other proof in the case? Is it corroborated or is it contradicted by other evidence? If there is a conflict, does any version appear reliable, and if so, which version seems more reliable?

In evaluating credibility of the witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his own interests. Therefore, if you find that any witness whose testimony you are

considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness' interest has affected or colored his or her testimony.[8]

In passing upon the credibility of a witness, you may also consider any inconsistencies or contradictions as to material matters in his or her testimony. Indeed, you have heard evidence that a witness made a statement on an earlier occasion that counsel argues is inconsistent with the witness' trial testimony. Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence bearing on the Defendants' guilt. Evidence of the prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself or herself. If you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness' testimony.[9]

---

[8] *Id.* at Instruction 7-3.
[9] *Id.* at Instruction 7-19.

In summary, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, the impression the witness made when testifying, the relationship of the witness to the controversy and the parties, the witness' bias or impartiality, the reasonableness of the witness' statement, the strength or weakness of the witness' recollection viewed in the light of all the other testimony, and any other matter in evidence that may help you decide the truth and the importance of each witness' testimony.

If a witness has been shown knowingly or willfully to have testified falsely concerning any material matter, or to have previously committed perjury, you have a right to distrust such witness's testimony in other particulars and to give it such credibility as you think it deserves.

It is for you, the jury, and you alone—not the lawyers, not the witnesses, and not me as the judge—to decide the credibility of witnesses who testified and the weight that their testimony deserves. The ultimate question for you to decide in passing upon credibility is: Did the witness tell the truth before you?

### N.     Defendant's Right Not to Testify [If Appliable]

The Defendants did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the Defendants guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to the defendant. A defendant is never required to prove that he or she is innocent.

You may not attach any significance to the fact that the Defendants did not testify. No adverse inference against the Defendants may be drawn because they did not take the witness

stand. You may not consider this against the Defendants in any way in your deliberations in the jury room.

### O.    Law Enforcement Witnesses

You have heard the testimony of law enforcement officers and other government employees. The fact that a witness may be employed by the federal Government or a state or city government as a law enforcement agent or employee does not mean that his or her testimony is deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

In this context, defense counsel is allowed to try to attack the credibility of such a witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement or government employee witness and to give to that testimony the weight you find it deserves.

### P.    Expert Witnesses

You have heard testimony from what we call an expert witness. An expert is a witness who by education or experience has acquired learning or experience in a specialized area of knowledge. An expert witness is permitted to offer opinions as to relevant matters in which they profess to be an expert and give their reasons for their opinions. Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Now, your role in judging credibility applies to experts as well as other witnesses. You should consider the expert opinions that were received in evidence in this case and give them as much or as little weight as you think they deserve. If you should decide that the opinion of an

expert was not based on sufficient education or experience or on sufficient data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, or if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find the opinion of an expert is based on sufficient data, education and experience, and the other evidence does not give you reason to doubt his conclusions, you would be justified in placing reliance on his testimony.

### Q.     Testimony as Both Expert and Lay Witness

You have heard the testimony of [name of witness] who testified to both facts and opinions. You should consider each of those types of testimony separately and give them the proper weight.

As to the testimony about facts, you should consider the factors that I discussed earlier in these instructions about how to weigh the credibility of witnesses.

As to the testimony that included opinions, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

Again, you may give both the fact testimony and the opinion testimony whatever weight, if any, you find it deserves considering all the evidence in this case.[10]

---

[10] *Id.* at Instruction 7-24.

### R. Bias of Witnesses

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection that the witnesses may have towards one of the parties. Evidence that a witness is biased, prejudiced or hostile toward the defendant requires you to view that witness' testimony with caution, to weigh it with care, and subject it to close and searching scrutiny. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party. You should also take into account any evidence of any benefit that a witness may receive from the outcome of the case.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony. In short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

Of course, as I noted before, the mere fact that a witness is interested in the outcome of the case does not mean he or she has not told the truth. It is for you to decide from your observations and by applying your common sense and experience and all the other considerations mentioned whether the possible interest of any witness has intentionally or otherwise colored or distorted his or her testimony. You are not required to disbelieve an interested witness; you may accept as much of his or her testimony as you deem reliable and reject as much as you deem unworthy of acceptance.

### S. Persons Not on Trial

During the trial, you heard the names of several other individuals mentioned in connection with this case. Some of those other individuals have been mentioned in connection with what the Government alleges was illegal activity.

I instruct you that you may not draw any inference, favorable or unfavorable, towards the Government or the Defendant from the fact that there may be people who were not named as defendants in the indictment or that certain persons were named as co-conspirators but not indicted[11] or have not been tried as defendants in this case. Further, you may not speculate as to the reasons why those other people are not on trial, or what became of them in the legal system. Those matters are wholly outside your concern and have no bearing on your duties as jurors in this case.

### T.    Consider Each Defendant Separately

The Superseding Indictment names Lev Parnas and Andrey Kukushkin as defendants and they are on trial together. In reaching your verdict, however, you must bear in mind that guilt is individual. Your verdict as to each defendant must be determined separately with respect to him, solely on the evidence, or lack of evidence, presented against him without regard to the guilt or innocence of anyone else.

In addition, some of the evidence in this case was limited to one Defendant. Let me emphasize that any evidence admitted solely against one defendant may be considered only as against that defendant and may not in any respect enter into your deliberations on any other defendant.[12]

### U.    Multiple Counts

The Superseding Indictment contains a total of six counts. Each count charges a defendant with a different crime.

---

[11] 1 Modern Federal Jury Instructions—Criminal P 3.01, Instruction 3-4.
[12] 1 Modern Federal Jury Instructions—Criminal P 3.01, Instruction 3-5.

There are two defendants on trial before you. You must, as a matter of law, consider each count of the indictment and each defendant's involvement in that count separately, and you must return a separate verdict on each defendant for each count in which he or she is charged.

In reaching your verdict, bear in mind that guilt is personal and individual. Your verdict of guilty or not guilty must be based solely upon the evidence about each Defendant. The case against each Defendant, on each count, stands or falls upon the proof or lack of proof against that Defendant alone, and your verdict as to any Defendant on any count should not control your decision as to any other Defendant or any other count. No other considerations are proper.[13]

### V.      Impermissible to Infer Participation from Association

You may not infer that a Defendant was guilty of participating in criminal conduct merely from the fact that he associated with other people who were guilty of wrongdoing.[14]

### W.      Preparation of Witnesses

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court. Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation.

---

[13] *Id.* At Instruction 3-8.
[14] *Id.* at Instruction 6-4.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

## X.     Uncalled Witnesses – Equally Available

There are several people whose names you have heard during the course of the trial but who did not appear here to testify. I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling a single witness or producing any evidence. The burden remains at all times with the Government to prove the guilt of the Defendants beyond a reasonable doubt.

## Y.     Number of Witnesses and Uncontradicted Testimony

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses. By the same token, you do not have to accept the testimony of any witness who has not been contradicted or impeached, if you find the witness not to be credible. You also have to decide which witnesses to believe, and which facts are true. To do this you must look at all the evidence, drawing upon your own common sense and personal experience. After examining all the evidence, you may decide that the party calling the most witnesses has not persuaded you because you do not believe its witnesses, or because you do believe the fewer witnesses called by the other side.

That said you must keep in mind that the burden of proof is always on the government and the Defendants are not required to call any witnesses or offer any evidence, since they are presumed to be innocent.[15]

### Z.      Use of Evidence Obtained Pursuant to Searches

You have heard testimony about evidence seized in certain searches. Evidence obtained from these searches was properly admitted in this case and may be properly considered by you. Whether you approve or disapprove of how it was obtained should not enter your deliberations because I now instruct you that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved the defendant's guilt beyond a reasonable doubt.

### AA.      Charts and Summaries: Admitted as Evidence

Some of the exhibits that were admitted into evidence were in the form of charts or summaries. I decided to allow these charts and summaries in addition to the underlying documents that they represent to save time and avoid unnecessary inconvenience. Such summaries are not, however, independent evidence of their subject matter and they are only as valid and reliable as the underlying evidence—also admitted into evidence—which they summarize. You are free to disregard these charts and summaries in their entirety. It is for you to decide whether they accurately, completely, and objectively reflect the content of the underlying documents. Your evaluation of the charts and summaries should be based on your consideration of all testimony you heard about who prepared the summaries, the way they were prepared, and the reliability and completeness of the underlying documents.

---

[15] *Id.* at Instruction 4-3.

**BB.**    **Redaction of Evidentiary Items**

Among the exhibits received in evidence, there are some documents and recordings that are redacted. "Redacted" means that part of the document or recording was taken out. You are to concern yourself only with the part of the item that has been admitted into evidence. You should not consider any possible reason why the other part of it has been redacted.

Now I am going to turn to the substantive instructions.

<u>**SUBSTANTIVE INSTRUCTIONS**</u>

**A.  Meaning of the Indictment**

Let us first turn to the charges against the Defendants as contained in the Superseding Indictment. The defendants, Lev Parnas and Andrey Kukushkin, are formally charged in a Superseding Indictment.  It is referred to as a Superseding Indictment because it replaced a prior indictment.  This fact has no relevance in your deliberations.  As I instructed you at the beginning of the trial, the Superseding Indictment is simply a charge or accusation.  It is not evidence.  It is not proof of the Defendants' guilt. It creates no presumption, and it permits no inference, that the Defendants are guilty.  It gives the Defendants notice of the charges against them. It informs the Court and the public of the nature of the accusation. You are to give no weight to the fact that a Superseding Indictment has been retuned against the Defendants.

A defendant begins trial with an absolutely clean slate and without any evidence against him. Remember that the charges in the Superseding Indictment are merely accusations. What matters is the evidence that you heard and saw in the trial.

Before you begin your deliberations, I will read you the Superseding Indictment in its entirety I will not read the entire Superseding Indictment to you at this time. Rather, I will first

summarize the offenses charged in the Superseding Indictment and then explain in detail the elements of each of the offenses.

### B.  Summary of Superseding Indictment

The Superseding Indictment in this case contains six counts.  Mr**.** Parnas is charged in Counts One, Two, Three, Four, Five, and Six.  Mr**.** Kukushkin is charged in Counts One and Three. Each count is a separate offense or crime.  Each count must therefore be considered separately by you, and you must return a separate verdict on each count.  With respect to Counts One and Three, you must return a separate verdict as to each Defendant. Whether you find a Defendant guilty or not guilty as to one count should not affect your verdict as to any other count charged. Likewise, whether you find a Defendant guilty or not as to one count should not affect your verdict as to any other Defendant charged in that count. I will first summarize the counts that are charged in the Superseding Indictment and then I will explain in detail the elements of the charged offenses.

Count One of the Superseding Indictment charges that from in or about June 2018 through at least in or about April 2019, the defendants and others, conspired to:

(a) knowingly and willfully make contributions and donations of money or implied promises to make contributions or donations, directly and indirectly, by a foreign national in connection with federal and State elections, aggregating to $25,000 and more in a calendar year;

(b) Knowingly and willfully making contributions to candidates for State and federal office, joint fundraising committees, and independent expenditure committees in the names of other persons, aggregating to $25,000 and more in a calendar year, in violation of Title 52, United States Code , Sections 30122 and 30109(d) (1) (A) & (D); and

(c) Knowingly defraud the United States by impairing, obstructing, and defeating the lawful functions of a department or agency of the United States; to wit, the function of the Federal Election Commission ("FEC") to administer federal law concerning source and amount restrictions in federal and State elections, including the prohibitions applicable to foreign nationals and straw donors.

The Superseding Indictment alleges that Lev Parnas and Andrey Kukushkin, along with others, committed certain overt acts in furtherance of this conspiracy, including that: (a) On or about September 18, 2018, a foreign national Russian citizen and businessman who, at all times, was not a citizen or lawful permanent resident of the United States ("Foreign National-1") wired $500,00 from a foreign bank account, through the Southern District of New York, to a bank account under the control of Igor Fruman, who was a co-conspirator of Parnas and Kukushkin, among others, for purposes of making political contributions and donations; (b) On or about October 16 , 2018 , Foreign National-1 wired $500,000 from a foreign bank account, through the Southern District of New York, to a bank account under the control of Igor Fruman, for purposes of making political contributions and donations; and (c) On or about November 1 , 2018 , PARNAS and Fruman used funds wired by Foreign National - 1 to make maximum donations to two political candidates for State office in Nevada.

These actions were allegedly taken in violation of Title 18, United States Code, Section 371, and Title 52, United States Code Sections 30122 and 30109(d)(1)(A) & (D).

Count Two charges that from in or about June 2018 through at least in or about April 2019, Lev Parnas, knowingly and willfully solicited, and aided and abetted the solicitation of, a foreign national, directly and indirectly, to make contributions and donations of money, and made express

and implied promises to make contributions and donations, in connection with federal and State elections, aggregating $25, 000 and more in a calendar year.

Count Three charges that, from in or about June 2018 through at least in or about April 2019, in the Southern District of New York and elsewhere, Lev Parnas and Andrey Kukushkin, knowingly and willfully aided and abetted the making of contributions and donations of money, and the making of express and implied promises to make contributions and donations, directly and indirectly, by a foreign national in connection with federal and State elections, aggregating $25,000 and more in a calendar year .

Count Four charges that, from in or about June 2018 to at least April 2019, in the Southern District of New York and elsewhere, Lev Parnas knowingly and willfully conspired with others to make contributions to candidates for federal office, joint fundraising committees, and independent expenditure committees in the names of other persons, aggregating $25,000 and more in a calendar year, knowingly defrauded the United States by impairing the FEC's function to administer federal laws concerning source and amount restrictions in federal elections, including prohibitions against straw donors.

The Superseding Indictment charges Lev Parnas, along with others, with having committed certain overt acts in furtherance of this conspiracy, including that: (a) In or about May 2018, Igor Fruman, and others known and unknown, obtained a private loan, the proceeds of which were used to fund a $325,000 contribution made by Parnas to a joint fundraising committee ("Committee-1"). Parnas is charged with causing the contribution to be false reported in the name of "Global Energy Producers;" (b) In or about June 2018, Parnas made an $11,000 contribution to a joint fundraising committee ("Committee-2") using funds that belonged to Fruman and another individual; and (c) In or about June 2018, Parnas used a business credit card registered to a credit

card account belonging to Igor Fruman and another individual in order to make a maximum $2,700 contribution to the reelection campaign of a then-sitting U.S. Congressman ("Congressman-1"). These actions were allegedly taken in violation of Title 18, United States Code, Section 371, and Title 52, United States Code Sections 30122 and 30109(d)(1)(A) & (D).

Count Five charges Lev Parnas with having made materially false statements to the Federal Election Commission, in or about October 2018, by signing and having his attorney submit an affidavit to the FEC stating that the $325,000 donation made to GEP was made with GEP funds, for GEP purposes, and that GEP was a real company with a major purpose of energy trading not political activity, and also that a contribution Parnas made in June 2018 to Congressman-1's reelection campaign was made with a business credit card that Parnas reimbursed. These actions were allegedly take in violation of Title 18, United States Code, Sections 1001(a)(2) and 2

Count Six Charges that Lev Parnas falsified records in or about October 2018, by making the allegedly false statements charged in Count Five, knowing that his affidavit would be submitted to the FEC, and with the intent to impede, obstruct, or influence the investigation and proper administration of a matter within the jurisdiction of the FEC.

I will now turn to the specific charges and the elements of each charge that the government must prove beyond a reasonable doubt.

### C. Count One: Conspiracy to Make Contributions by a Foreign National – General Instruction

Count One charges both defendants Lev Parnas and Andrey Kukushkin with a conspiracy to violate the Federal Election Laws.  Count one reads:

From in or about June 2018 through at least in or about April 2019, in the Southern District of New York and elsewhere, Lev Parnas and Andrey Kukushkin, the defendants, and others known and unknown, knowingly conspired with each other and with others known and unknown to:

(a) Knowingly and willfully making contributions and donations of money, or express or implied promises to make contributions or donations, directly and indirectly, by a foreign national in connection with federal and State elections, aggregating to $25,000 and more in a calendar year, in violation of Title 52, United States Code, Sections 30121 and 30109(d) (1) (A).

(b) Knowingly and willfully making contributions to candidates for State and federal office, joint fundraising committees, and independent expenditure committees in the names of other persons, aggregating to $25,000 and more in a calendar year, in violation of Title 52, United States Code, Sections 30122 and 30109(d) (1) (A) & (D); and

(c) Knowingly defraud the United States by impairing, obstructing, and defeating the lawful functions of a department or agency of the United States; to wit, the function of the Federal Election Commission ("FEC") to administer federal law concerning source and amount restrictions in federal and State elections, including the prohibitions applicable to foreign nationals and straw donors.

The relevant statutes on this subject are Title 18, United States Code, Section 371, and Title 52, United States Code, Sections 30121, 30122 and 30109(d)(1)(A). Section 371 makes it a crime for two or more persons to "conspire" either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and further requires that one or more persons commit an act in furtherance of the conspiracy.

Title 52, United States Code, Section 30121, makes it unlawful for a foreign national, directly or indirectly, to make a contribution or donation of money or other thing of value, or to make an express or implied promise to make a contribution or donation, in connection with a Federal, state or local election, or to a committee of a political party, or to make an expenditure or disbursement for an electioneering communication, or for a person to solicit, accept, or receive a contribution or donation described of the type I have just described from a foreign national.

Title 52, United States Code, Section 30122, makes it unlawful for any person to make a contribution in the name of another person or to knowingly permit his name to be used to effect such a contribution, and for any person to knowingly accept a contribution made by one person in the name of another person.

Title 52, United States Code, Section 30109(d)(1)(A)(i) requires that a knowing and willful violation of any provision of this Act involving the making, receiving, or reporting of any contribution, donation, or must be, in the aggregate, $25,000 or more during a calendar year

I further instruct you that a "calendar year" begins on the New Year's Day of the given calendar system and ends on the day before the following New Year.

### D.      Count One – The Law of Conspiracy

In this case, each defendant is accused of being a member of a conspiracy to violate the laws of the United States. A conspiracy is a kind of criminal partnership — an agreement or understanding between two or more persons to join together to accomplish by joint action some criminal or unlawful purpose. In order to constitute a conspiracy, the individuals entering into an agreement or understanding must do so with knowledge of the criminal purpose of the scheme, and with consciousness of its general nature and extent.

Also, a conspiracy is an agreement *among* the conspirators.[16] What we call a meeting of minds is required.[17] Indeed, unless at least two people commit [the act of agreeing], no one does.

---

[16] *United States v. Falcone*, 311 U.S. 205, 210, 85 L. Ed. 128, 61 S. Ct. 204 (1940) (emphasis added).

[17] *Krulewitch v. United States*, 336 U.S. 440, 448, 93 L. Ed. 790, 69 S. Ct. 716 (1949) (Jackson, J., concurring).

When one of two persons merely pretends to agree, the other party, whatever he may believe, is in fact not conspiring with anyone.[18]

A conspiracy to violate a federal law is a separate and distinct offense from the actual violation of any specific federal law or laws, which the law refers to as "substantive crimes." You may find the Defendant you are considering guilty of the crime of conspiracy even though the substantive crime that is the object of the conspiracy was not actually committed. Congress has deemed it appropriate to make conspiracy standing alone a separate crime, even if the conspiracy is not successful.

### E.    Count One — Elements

To sustain its burden of proof with respect to Count One, the Government must prove each of the following elements beyond a reasonable doubt:

First, the government must prove beyond a reasonable doubt the existence of the conspiracy charged in Count One. That is, that there was an agreement or understanding between at least two alleged co-conspirators and that the aim of the agreement was to violate the federal election laws prohibiting donations by foreign nations or straw donations.

Second, the government must prove beyond a reasonable doubt that the Defendant you are considering knowingly and willfully became a member of the conspiracy.  That is, the government must prove that the Defendant you are considering knowingly and willfully became a member of the conspiracy, with intent to further its illegal purposes, and participated in the conspiracy.

---

[18] *See, e.g., United States v. Rosenblatt*, 554 F.2d 36, 1977 U.S. App. LEXIS 13762 * (2d. Cir. 1977), *citing* Developments in the Law - Criminal Conspiracy, [**5]  72 Harv.L.Rev. 920, 926 (1959) [hereinafter cited as Developments]; *Sears v. United States*, 343 F.2d 139 (5th Cir. 1965) (no conspiracy with government informant who secretly intends to frustrate the conspiracy); *Delaney v. State*, 164 Tenn. 432, 51 S.W.2d 485 (1932) (no conspiracy with person who feigns agreement.)

Third, that one of the members of the conspiracy knowingly committed at least one of the overt acts charged in the Superseding Indictment.

Fourth, that at least one of the members of the conspiracy must have knowingly committed at least one overt act in furtherance of carrying out the object of the conspiracy. An overt act is any action intended to help achieve the object of the conspiracy and must contribute to furthering the conspiracy.

I will now describe each of these elements in greater detail.

### F.   Count One: Conspiracy to Make Contributions by a Foreign National – Existence and Object of the Conspiracy, Generally

Starting with the first element, what is a conspiracy? As I mentioned just a few minutes ago, a conspiracy is a kind of criminal partnership, agreement or understanding between two or more persons to join together to accomplish, by joint action, a criminal or unlawful purpose. In this instance, the unlawful purposes alleged in the Superseding Indictment to be the objects of the Conspiracy in Count One, are: first, the knowing and willful making of contributions and donations of money, or express or implied promises to make contributions or donations, directly and indirectly, by a foreign national in connection with federal and State elections, aggregating to $25,000 and more in a calendar year; second, the knowing and willful making of contributions to candidates for State and federal office, joint fundraising committees, and independent expenditure committees in the names of other persons, aggregating to $25,000 and more in a calendar year; and, third, knowingly defrauding the United States by impairing, obstructing, and defeating the lawful functions of a department or agency of the United States; to wit, the function of the Federal Election Commission ("FEC") to administer federal law concerning source and amount restrictions in federal and State elections, including the prohibitions applicable to foreign nationals and straw donors. To establish the existence of a conspiracy, the prosecution is not required to show that two

or more people sat around a table and entered into a formal contract or solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all the details. Indeed, it would be extraordinary if there were such a formal document or specific agreement. From its very nature, a conspiracy is almost always characterized by secrecy, which makes detection difficult. It is sufficient if two or more persons in any manner, whether they say so directly or not, come to a common understanding to violate the law. Express language or specific words are not required to indicate agreement to or membership in a conspiracy.

Your common sense will tell you that when people in fact undertake to enter into a criminal conspiracy, a great deal is left to unexpressed understanding. Conspirators do not usually reduce their agreements to writing. They do not typically publicly broadcast their plans. By its very nature, a conspiracy is almost always secret in its origin and execution.

As I said before, it is not necessary that a conspiracy actually succeed in its purpose for you to conclude that it existed. In determining whether there has been an unlawful agreement, you may judge the acts and conduct of the alleged members of the conspiracy that are done to carry out an apparent criminal purpose. The adage "actions speak louder than words" is applicable here. It is sufficient to establish the existence of the conspiracy if, after considering all of the relevant evidence, you find beyond a reasonable doubt that the minds of at least two alleged conspirators met in an understanding way and that they agreed to work together in furtherance of the unlawful scheme alleged in the Indictment.

In short, as far as the first element of the conspiracy is concerned, the Government must prove beyond a reasonable doubt that at least two alleged conspirators came to a mutual understanding, either spoken or unspoken, to violate the law in the manner charged in the Indictment.

G.    **Count One: Conspiracy to Make Contributions by a Foreign National – First Element – Object of the Conspiracy**

The" object" of a conspiracy is the illegal goal the coconspirators agree or hope to achieve. In Count One the Government has alleged that the defendants knowingly and willfully joined a conspiracy to violate the federal election laws against making "contributions" by a "foreign national," or in the names of others, which I will now explain further.

H.    **Count One: Conspiracy to Make Contributions by a Foreign National – Second Element – Membership in the Conspiracy**

An act is done ""knowingly" and "willfully" if it is done deliberately and purposefully; that is, the actions of the Defendant you are considering must have been his conscious objective rather than the product of a mistake or accident or mere negligence or some other innocent reason. Knowledge is a matter of inference from the proven facts. Science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking. To make that determination, you may look to the evidence of certain acts alleged to have taken place by or with the defendant, or in his presence.

Of course, mere association with a conspirator or mere presence at a place where a conspiracy is going on does not make someone a member of the conspiracy. Nor is knowledge without participation sufficient. What is necessary is that the Defendants participated with knowledge of the unlawful objective of the conspiracy and with intent to aid in the accomplishment of that unlawful objective and aware of the unlawful nature of the objective.

If you find that the conspiracy charged existed and that the Defendant you are considering participated knowingly and intentionally in it, the extent and duration of that Defendant's participation has no bearing on whether or not he is guilty. A defendant need not have joined the conspiracy at the outset. If a defendant joined the conspiracy at any time in its progress, he will be

held responsible for all that was done before he joined and all that was done during the conspiracy's existence while he was a member. Moreover, each member of the conspiracy may perform separate and distinct acts. Some conspirators play major roles, while others play minor roles in the scheme. The fact that a defendant's participation in a conspiracy was more limited than that of a coconspirator should not affect your verdict. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw a defendant within the scope of a conspiracy.

It is not necessary that a defendant be fully informed as to all the details of the conspiracy to justify an inference of knowledge on his part. To have guilty knowledge, a defendant need not have known the full extent of the conspiracy or all of its activities or all of its participants. It is not even necessary that the defendant know every member of the conspiracy. In fact, a defendant may know only one member of the conspiracy and still be a coconspirator. Nor is it necessary that a defendant receive any monetary benefit from participating in the conspiracy or have a financial stake in the outcome, so long as he in fact participated in the conspiracy in the manner I have explained.

Ultimately, the question is this: Has the Government proven beyond a reasonable doubt that the Defendant you are considering joined the conspiracy charged in Count One and knowingly and intentionally participated in it with the awareness of its unlawful purpose to violate the federal election laws relating to making donations by foreign nationals or the name of someone else and as something he wished to bring about?[19]

### I.   Count One: Conspiracy to Make Contributions by a Foreign National – Liability for Acts and Declarations of Co-Conspirators

---

[19] *See, e.g. United States v. Vila*, 2009 WL 908389 (D. Puerto Rico, 2009) (Jury Instructions) at 11.

You will recall that I have admitted into evidence against the Defendants the acts and statements of others because these acts and statements were committed by persons who, the Government charges, were also confederates or co-conspirators of the Defendants on trial. The reason for allowing this evidence to be received against the Defendants has to do with the nature of the crime of conspiracy, as charged in Counts One and Four. A conspiracy is often referred to as a partnership in crime. Thus, as in other kinds of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member of the conspiracy becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements, and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts of all the members, and all of the members are responsible for such acts, declarations, statements and omissions.

If you find, beyond a reasonable doubt, that the Defendant you are considering was a member of the conspiracy you are considering, then any acts done or statements made in furtherance of that conspiracy by persons also found by you to have been members of that conspiracy, may be considered against that Defendant. This is so even if such acts were done, and statements were made in that Defendant's absence and without his knowledge.

However, before you may consider the statements or acts of a co-conspirator in deciding the issue of the Defendants' guilt, you must first determine that the acts and statements were made during the existence, and in furtherance, of the unlawful scheme. If the acts were done or the statements made by someone whom you do not find to have been a member of the same conspiracy as the Defendant under consideration, or if they were not done or said in furtherance of that

3eb6dd5cccdfa217

conspiracy, they may be considered by you as evidence only against the person who did or said them.

###### J.    Multiple Conspiracies (Counts One and Four)

When two or more people join together to further one common unlawful design or purpose, a single conspiracy exists. By way of contrast, multiple conspiracies exist when there are separate unlawful agreements to achieve distinct purposes. Proof of several separate and independent conspiracies is not proof of the single, overall conspiracy charged in the Superseding Indictment, unless one of the conspiracies proved happens to be the single conspiracy described in the Superseding Indictment. On the other hand, if you find that the conspiracy charged in the Superseding Indictment did not exist, you cannot find any defendant guilty of the single conspiracy charged in the Superseding Indictment. This is so even if you find that some conspiracy other than the one charged in this indictment existed, even though the purposes of both conspiracies may have been the same and even though there may have been some overlap in membership. Similarly, if you find that a particular Defendant was a member of another conspiracy, and not the one charged in the Superseding Indictment, then you must acquit that Defendant of the conspiracy charge. Therefore, what you must do is determine whether the conspiracy charged in the Superseding Indictment existed. If it did, you then must determine the nature of the conspiracy and who were its members.[20] I further instruct you that you may not rely upon proof of uncharged conspiracies, if any, to convict a defendant of the charged conspiracy.[21]

###### K.    Count Two: Solicitation of a Contribution by a Foreign National – General Instruction

Count Two charges the defendant with Solicitation of a Contribution by a Foreign National.

Count Two reads as follows:

> 3. From in or about June 2018 through at least in or about April 2019, in the Southern District of New York and elsewhere, LEV PARNAS, the defendant, knowingly and willfully solicited, and

---

[20] Modern Federal Jury Instructions, at Instruction 19-5.
[21] *See, e.g. United States v. Vila*, 2009 WL 908389 (D. Puerto Rico, 2009) (Jury Instructions) at 11.

aided and abetted the solicitation of, a foreign national, directly and indirectly, to make contributions and donations of money, and made express and implied promised to make contributions and donations, in connection with federal and State elections, aggregating $25,000 and more in a calendar year, in violation of Title 52 United States Code, Sections 30121 and 30109(d)(1)(A), and Title 18, United States Code, Section 2.

## L.      Count Two: Solicitation of a Contribution by a Foreign National – Elements

In order to find Defendant Parnas guilty of Count Two, the Government must prove each of the following elements beyond a reasonable doubt:

First, that Andrey Muraviev is a foreign national;

Second, that defendant Lev Parnas knew that Andrey Muraviev was a foreign national;

Third, that Lev Parnas, between on or about June 2018 and up to on or about April 2019, made, directly or indirectly, (a) a contribution or donation of money or other thing of value, or an express or implied promise to make a contribution or donation, in connection with a federal or State election; or (b) a contribution or donation to a committee of a political party;

Fourth that the contributions and donation aggregated $25,000 and more in a calendar year and Lev Parnas knew so; and

Fifth, Parnas acted knowingly and willfully.

The term 'foreign national" mean an individual who is not a citizen of the United States and who is not lawfully admitted for permanent residence (green card holder).

The term "contribution" includes any gift, subscription, loan, advance or deposit of money or anything of value made by any person for the purpose of influencing any election federal office; or the payment by any person for the purpose of influencing any electioneer federal office; or the payment by any person of compensation for the personal services another person which are rendered to a political committee without charge for any purpose. The term "contribution" does

not include the value of services provided without compensation by any individual who volunteers on behalf of a candidate or political committee. The term "donation" is defined the same as "contribution," but does not require the payment to be made in connection with a federal election and may be made instead in connection with a state or local election.

A person acts knowingly if he acts intentionally and voluntarily, that is to say if he is aware of the illegality of his act—here the violation of the federal election laws-- and does not act through ignorant, mistake or accident. You may consider evidence of the defendant's words, acts or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

"Willfully" means to act with knowledge that one's conduct is unlawful and with the intent to do something the law forbids. That is to say with a 'bad purpose' either to disobey or to disregard the law.  A person's conduct is not "willful" if it is due to negligence, inadvertence, or mistake, or without an awareness of the unlawful nature of one's conduct.  Nor is it willful it was performed with other than "bad purpose", that is, if it was performed for innocent reasons. "Willfully" does require proof that the actor knew of the existence and meaning of the statute making his conduct criminal.[22]

---

[22] Although we understand that traditionally ignorance of the law is no excuse, in some situations the Supreme Court has interpreted criminal statues as requiring proof that the actor knew not only that what he did was generally against the law, but also that he knew of the existence and meaning of the statute making the unlawful conduct criminal.  *See Ratzlaf v. United States,* 510 U.S. 135 (1994) ("willfully" in Money Laundering Control Act of 1986 requires proof that defendant knew of the existence and meaning of the criminal statute he was charged with violating); *Cheek v. United States*, 498 U.S. 192, 199-201 (1991) (criminal tax statutes). This heightened standard is applied in instances involving highly technical statutes that present the danger of ensnaring individuals engaged in apparently innocent conduct such as federal criminal tax offenses and antistructuring offenses. While we recognize that the limited number of other Circuits that have considered the issue haven not applied this heightened willfulness standard, we submit, it should be adopted here.

In the event the Court rules that the heightened standard of willfulness should not be applied – it should – we submit that the following should be included in the charge:

In this case there is a question whether the defendants honestly believed that their conduct was not unlawful. It is for you to decide whether the Defendants honestly thought or believed that their conduct was lawful, meaning they did not know or misunderstood whether their conduct was unlawful, something that the law forbids. To find the Defendants guilty, you must find that they acted willfully, and therefore you must find that the government proved beyond a reasonable doubt that each of them knew his conduct was unlawful and had a purpose to disobey or disregard the law.

### M.   Count Three: Aiding and Abetting the Making of a Contribution by a Foreign National

Count Three of the Superseding Indictment charges Lev Parnas and Andrey Kukushkin with aiding and abetting and making of a contribution or donation aggregating $25,000 or more in a calendar year by a Foreign National.

Count Three of the Superseding Indictment reads as follows:

> 4. From in or about June 2018 through at least in or about April 2019, in the Southern District of New York and elsewhere, LEV PARNAS and ANDREY KUKUSHKIN, the defendants, knowingly and willfully aided and abetted the making of contributions and donations of money, and the making of express and implied promises to make contributions and donations, directly and indirectly, by a foreign national in connection with federal and State elections, aggregating $25,000 and more in a calendar year. Title 52, United States Code, Sections 30121 and 30109(d)1)(A), and Title 18, United States Code Section 2.

---

Although it is not necessary for the government to prove that the defendant was aware of the specific section of the law that the is charged with violating, the government must nonetheless prove that the defendant joined in the agreement with the intention of achieving its unlawful objectives, namely violation of the federal election laws and the solicitation of a donation from a foreign national.

*Vila*, 2009 WL 908389 (D. Puerto Rico, 2009)

The aiding and abetting statute, Section 2(a) of Title 18 of the United States Code, provides that, "Whoever commits an offense against the United States or aids or abets or counsels, commands or induces, or procures its commission, is punishable as a principal."

Under the aiding and abetting statute, it is not necessary for the government to show that a defendant himself physically committed the crime with which he is charged in order for the government to sustain its burden of proof. A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself.

Accordingly, you may find a defendant guilty of the offense charged if you find beyond a reasonable doubt that the government has proven that another person actually committed the offense with which the defendant is charged, and that the defendant aided or abetted that person in the commission of the offense.

As you can see, the first requirement is that you find that another person has committed the crime charged. Obviously, no one can be convicted of aiding or abetting the criminal acts of another if no crime was committed by the other person in the first place. But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of that crime.

In order to aid or abet another to commit a crime, it is necessary that the Defendant you are considering knowingly and willfully associate himself in some way with the crime, and that he participated in the crime by doing some act to help make the crime succeed.

To establish that the Defendant you are considering knowingly associated himself with the crime, the government must establish that that Defendant knowingly and intentionally aided, counseled, commanded, or induced a foreign national to violate the federal election laws by causing them to make, directly or indirectly, (a) a contribution or donation of money or other thing

of value, or an express or implied promise to make a contribution or donation, in connection with a federal or State election; or (b) a contribution or donation to a committee of a political party.

To establish that the Defendant under consideration participated in the commission of the crime, the government must prove that Defendant engaged in some affirmative conduct or overt act for the specific purpose of bringing about that crime.

As I previously explained, participation in a crime is willful if done voluntarily and intentionally, and with the specific intent to do something which the law forbids or with the specific intent to fail to do something the law requires to be done; that is to say, with a bad purpose either to disobey or to disregard the law.

The mere presence of a Defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or merely associating with others who were committing a crime is not sufficient to establish aiding and abetting. One who has no knowledge that a crime is being committed or is about to be committed but inadvertently does something that aids in the commission of that crime is not an aider and abettor. An aider and abettor must know that the crime is being committed and act in a way that is intended to bring about the success of the criminal venture.

To determine whether a particular Defendant aided or abetted the commission of the crime with which he is charged, ask yourself these questions:

- Did he participate in the crime charged as something he wished to bring about?

- Did he knowingly associate himself with the criminal venture?

- Did he seek by his actions to make the criminal venture succeed?

- If he did, then the defendant is an aider and abettor, and therefore guilty of the offense. If, on the other hand, your answer to any one of these questions is "no," then the defendant is not an aider and abettor, and you must find him not guilty.

### N.     Count Three: Making a Contribution by a Foreign National — First Element

Defendants Lev Parnas and Andrey Kukushkin are charged in Count Three of the Indictment with aiding and abetting the making of contributions and donations of money by a foreign national aggregating $25,000 and more in a calendar year, in violation of Title 52, United States Code, Sections 30121 and 30109(d)(1)(A). As I just explained, a defendant may be found guilty of Count Three, even if that defendant personally did not commit the act constituting the crime but aided and abetted in its commission. To prove a defendant guilty aiding and abetting the crime of making donations and contributions by a foreign national aggregating $25,000 or more in a calendar year, in violation of Title 52, United States Code, Sections 30121 and 30109(d)1)(A), the government must prove each of the following elements beyond a reasonable doubt:

First, Andrey Muraviev is a foreign national;

Second, Andrey Muraviev made, directly or indirectly,

1) a contribution or donation of money or other thing of value, or an express or implied promise to make a contribution or donation in connection with a Federal, State, or local election; or

2) a contribution or donation to a committee of a political party;

Third, the contribution and donations aggregated $25,000 or more during calendar year 2018 and Andrey Muraviev knew so;

Fourth, that Andrey Muraviev acted knowingly and willfully; and

Fifth, the particular Defendant you are considering knowingly and intentionally aided, counseled, commanded, or induced Andrey Muraviev to make, directly or indirectly,

a. a contribution or donation of money or other thing of value, or an express or implied promise to make a contribution or donation, in connection with a federal or State election; or

b. a contribution or donation to a committee of a political party;

Sixth that, the particular Defendant you are considering acted with the intent to facilitate the crime of making donations and contributions by a foreign national, aggregating $25,000 or more in calendar year 2018;

Seventh, the particular Defendant you are considering acted knowingly and willfully; and

Eighth, the particular Defendant you are considering acted before the crime, if any, was completed.

It is not enough that a defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the particular defendant you are considering acted with the knowledge and intention of helping Andrey Muraviev commit the crime of making contributions and donations by a foreign national aggregating at least $25,000 in a calendar year, in violation of Title 52, United States Code, Sections 30121 and 30109(d)(1)(A).

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime.

As I previously explained to you, an act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake or accident. You may consider evidence of the

defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendants acted knowingly.

As I also explained you before, an act is done willfully if the defendant acted with knowledge that his course of conduct was illegal and with the intent to do something the law forbids, and again not by mistake or accident. In other words, a person acts "willfully" if he acts with an intent to violate the federal election laws.[23]

The term "foreign national" means an individual who is not a citizen of the United States and who is not lawfully admitted for permanent residence (green card holder).

As I have instructed you previously, the term "contribution" includes any gift, subscription, loan, advance or deposit of money or anything of value made by any person for the purpose of influencing any election for federal office; or the payment by any person of compensation for the personal services another person which are rendered to a political committee without charge for any purpose. The term "contribution" does not include the value of services provided without compensation by any individual who volunteers on behalf of a candidate or political committee. The term "donation" is defined the same as "contribution," but does not require the payment to be made in connection with a federal election and may be made instead in connection with a state election.

### O.      Count Four: Conspiracy to Make Contributions in the Name of Another— General Instruction

Count Four charges Lev Parnas with participating in a conspiracy, along with others, to make political contributions I the names of other persons and to defraud the FEC:

> 5. From in or about March 2018 through at least in or about November 2018, in the Southern District of New York and elsewhere, LEV PARNAS, the defendant, knowingly conspired with others known and unknown to: (a)

---

[23] *United States v. Vila*, 2009 WL 908389 (D. Puerto Rico, 2009) (Jury Instructions).

knowingly make contributions to candidates for federal office, joint fundraising committees, and independent expenditure committees in the names of other persons, aggregating to $25,000 and more in a calendar year, in violation of Title 52, United States Code, Sections 3012 and 30109(d)(1)(A) & (D); (b) knowingly defraud the United States by impairing, obstructing, and defeating the lawful functions of a department or agency of the United States; to wit, the FEC's function to administer federal law concerning source and amount restrictions in federal elections, including the prohibitions applicable to straw donors.

6. In furtherance of the conspiracy and to effect the illegal objects thereof, LEV PARNAS, the defendant, and others known and unknown, committed the following overt acts, among others, in the Southern District of New York and elsewhere: (a) I or about May 2018, Igor Fruman, and others known and unknown, obtained a private loan, the proceeds of which were used to fund a $325,000 contribution Ade by PARNAS to a joint fundraising committee ("Committee-1"). PARNAS caused the contribution to Committee-1 to be false reported in the name of "Global Energy Producers." (b) In or about June 2018, PARNAS made a $11,000 contribution. Joint fundraising committee ("Committee-2") using funds that belonged to Fruman and another individual. © In or about June 2018, PARNAS used a business credit card registered to a credit card account belonging to Fruman ad another individual in order to make a maximum $2,700 contribution to the election campaign of a then-sitting U.S. Congressman ("Congressman-1"). Title 18, United States Code, Section 371, and Title 52, United States Code, Sections 30122 and 30109(d)(1)(A) & (D).

## P.    Count Four: Conspiracy to Make Contributions in the Name of Another — Elements

Defendant Parnas is charged in Count Four of the Indictment with Conspiracy to Make Contributions in the Name of Another. In order for Parnas to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, that the agreement specified in the indictment and not some other agreement or agreements existed between at least two people to commit the violations of federal elections law related to the making of contributions in the name of another that are alleged in Count Four;

Second, that the defendant joined the agreement described in Count Four knowingly, voluntarily and intentionally;

Third, that the defendant joined in the agreement with the intention of achieving its alleged unlawful objectives, namely violations of the federal election laws relating to the making of contributions in the name of another person, and to defraud the FEC; and

Fourth, that at least one of the members of the conspiracy must have committed at least one overt act in furtherance of the conspiracy.

### 1.    Count Four—First Element, Straw Donor

The first object of the conspiracy charged in Count Four is the making of a political contribution in the name of another. As I explained to  you in connection with Count One, to find that the defendants conspired to violate that law, you must find that the Government has proved beyond a reasonable doubt that the charged defendant participated in a conspiracy to (1) make one or more contributions, (2) in the name(s) of one or more persons other than the true source of the funds, (3) with the aggregate amount of such contributions being $25,000 or more in a calendar year, and (4) that they did so knowingly and willfully. I have previously defined the meaning of "contribution," and I direct you to refer to those instructions here. As I previously explained, the phrase "making a contribution in the name of another" means making a hidden contribution through an intermediary, or conduit, by giving that person the funds for the contribution. You should refer to my full instructions about this phrase here.

In Count Four, the Indictment alleges that three contributions were illegal "straw," contributions. One of those contributions is alleged to have been made in the name of an LLC – Global Energy Producers. For the two contributions alleged to have been made in Lev Parnas's name, you should apply the instructions I previously gave you as to with Count One.

Regarding the application of the conduit contribution prohibition to LLCs, that statute states in the relevant part that "no *person* shall make a contribution in the name of another person."

"Person" means not only an "individual" but also a "partnership, corporation, or other organization," and therefore the law applies to closely held corporations and corporate LLCs. A contribution made in the name of a closely held corporation or corporate LLC but paid for by another person is an illegal conduit contribution where funds were intentionally funneled through the entity for the purpose of obscuring the source of the funds or evading the legal requirement that contributions be reported accurately to the FEC. You may consider circumstances such as whether the corporate entity did not have income from assets, investment earnings, business revenues, or bona fide capital investments, or was created and operated for the sole purpose of making political contributions. Based on such circumstantial evidence, you may conclude that the corporate entity is merely a conduit and not the true source of the funds.

### 2.     Count Four – Conspiracy – First Element – Object – Defraud FEC

The second object of the conspiracy charged in Count Four is the object of defrauding the United States, and specifically the FEC, in violation of section 371 of Title 18 of the United States Code. As I instructed you previously in connection with Count One, a conspiracy to defraud the United States means that the defendant and his alleged co-conspirators are accused of conspiring to impede, impair, obstruct, or defeat by fraudulent or dishonest means the lawful regulatory and enforcement functions of an agency of the United States. You should consult my prior instructions relating to a conspiracy to defraud the United States. Those instructions apply equally to Count Four.

### 3.     Count Four – Conspiracy – Second Element – Membership

If you find that the Government has proven beyond a reasonable doubt that the conspiracy charged in Count Four of the Indictment existed, then you must consider the second element of the crime. The second element the Government must prove beyond a reasonable

doubt to establish the offense of conspiracy is that the defendants knowingly, willfully, and

voluntarily became members of the alleged conspiracy. I have previously instructed you on the

meaning of knowingly, willfully, and voluntarily becoming a member of a conspiracy as part of

my instructions for Count One. You should apply those instructions here.

### 4.      Count Four – Conspiracy – Third Element – Overt Act

Turning to the third element of the conspiracy charge, the Government must prove beyond a

reasonable doubt that one of the members of the alleged conspiracy or agreement knowingly and

willfully performed at least one overt act in furtherance of the objectives of the conspiracy and

that this overt act was performed during the existence or life of the conspiracy and was done

somehow to further the goals of the conspiracy or agreement. As I've instructed you, the term

"overt act" means some type of outward objective action performed by one of the members of

the conspiracy that further the objectives of the conspiracy. The Indictment alleges that the

following overt acts – each of which is one of the contributions alleged to have been made

illegally – were committed in the Southern District of New York and elsewhere:

> (a) In or about May 2018, Igor Fruman, and others known and unknown, obtained a private loan, the proceeds of which were used to fund a $325,000 contribution made by PARNAS to a joint fundraising committee, America First Action PAC. PARNAS caused the contribution o Committee-1 to be falsely reported in the name "Global Energy Producers."
> (b) In or about June 2018, PARNAS made an $11,000 contribution to a joint fundraising committee [Protect the House] using funds that belonged to Fruman and another individual.
> (c) In or about June 2018, PARNAS used a business credit card registered to a credit card account belonging to Fruman and another individual in order to make a maximum $2,700 contribution to the re-election campaign of then-sitting U.S. Congressman Pete Sessions.

As I told you previously, in order for the Government to satisfy this element, it is not required

that all of the overt acts alleged in the Indictment or even any of the overt acts contained in the

indictment be proven. However, to convict, you must all agree by proof beyond a reasonable doubt that some overt act was committed.

**Q.     Count Five: False Statement to the Federal Election Commission — General Instruction**

Count Five of the Indictment charges that:

> 7. In or about October 2018, in the Southern District of New York and elsewhere, LEV PARNAS, the defendant, willfully and knowingly did make materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit, PARNAS made materially far statements in an affidavit submitted to the FEC that "a $325,000 contribution to [Committee-1]…was made with [Global Energy Producers] funds for [Global Energy Producers] purposes, and that '[Global Entry Producers] is a real business enterprise funded with substantial bona fide capital investment; it major purpose is energy trading, not political activity'; and that a contribution made by PARNAS on or about June 25, 2018 to Congressman-1's campaign for reelection "was made with a business credit card…which [PARNAS] reimbursed." Title 18, United States Code, Sections 1001(a)(2) and 2.

Here, the affidavit at issue was prepared for PARNAS by an attorney and not by PARNAS himself. Thus, to convict LEV PARNAS for the making of a false statement to the Federal Election Commission, the government must demonstrate that LEV PARNAS willfully caused the attorney to file an allegedly false affidavit with the Federal Election Commission.

**R.     Count Five: False Statement to the Federal Election Commission —Elements**

To establish that a defendant is responsible for acts that he causes another person to commit, the government must prove beyond a reasonable doubt that the defendant willfully caused the other person's actions. A defendant acts willfully if he acts voluntarily and intentionally with the intent that something that the law forbids to be done —that is to say with bad purpose, either to disobey or disregard the law.

If a defendant willfully causes another person to act, the defendant is responsible for the other person's actions even if the person who committed the actions acted with innocent intent.

To hold Lev Parnas responsible for the alleged false statements in the affidavit submitted by his lawyer to the FEC under this theory of responsibility, the government must prove beyond a reasonable doubt that Lev Parnas willfully caused the attorney to file those alleged false statements. Accordingly, the government must establish beyond a reasonable doubt the following: First, Lev Parnas took some action that caused the lawyer to make a statement that was false. Second, the false statement concerned a matter that was within the jurisdiction of the Federal Election Commission. Third, the false statement was material or in other words, had a natural tendency to influence, or was capable of influencing, a decision of the Federal Election Commission. Fourth, Lev Parnas acted knowingly and willfully. For the purpose of this charge, a defendant acts knowingly and willfully if he acts voluntarily and intentionally with the intent that something the law forbids be done —that is to say, with bad purpose, either to disobey or disregard the law.

Thus, in order to satisfy the intent element of the charge in Count Five under the theory that Lev Parnas willfully and knowingly caused an attorney to file an affidavit containing materially false statements with the FEC, the government must demonstrate beyond a reasonable doubt that, first, Lev Parnas was aware that the affidavit was going to be filed with the FEC; second, that he acted with the specific intent to cause his attorney to submit the  affidavit to the FEC that falsely reported the relevant information knowingly; and, third, that Lev Parnas knew that his actions were unlawful.

Count Five also charged Lev Parnas with aiding and abetting the making of a false statement to the FEC. I have already instructed you on the definition of "aiding and abetting." To

find Lev Parnas guilty under this theory, the government must prove that beyond a reasonable doubt that another person actually committed the offense with which the defendant is charged, and that the defendant aided or abetted that person in the commission of the offense.

As I instructed you earlier, the first requirement is that you find that another person has committed the crime charged. Obviously, no one can be convicted of aiding or abetting the criminal acts of another if no crime was committed by the other person in the first place. But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of that crime.

In order to aid or abet another to commit a crime, it is necessary that a defendant knowingly and willfully associated himself in some way with the crime, and that he participated in the crime by doing some act to help make the crime succeed.

To establish that a defendant knowingly associated himself with the crime, the government must establish that the defendant knowingly and intentionally aided, counseled, commanded, or induced his attorney to violate the federal election laws by causing them to make, directly or indirectly, one of the false statements alleged in Count Five in a matter within the jurisdiction of the executive branch of the Government of the United States,

As I previously explained, for this court participation in a crime is willful if done voluntarily and intentionally, and with the specific intent to do something which the law forbids or with the specific intent to fail to do something the law requires to be done; that is to say, with a bad purpose either to disobey or to disregard the law.

Remember, the mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or merely associating with others who were committing a crime is not sufficient to establish aiding and abetting. One

who has no knowledge that a crime is being committed or is about to be committed but inadvertently does something that aids in the commission of that crime is not an aider and abettor. An aider and abettor must know that the crime is being committed and act in a way that is intended to bring about the success of the criminal venture.

To determine whether a defendant aided or abetted the commission of the crime with which he is charged, ask yourself these questions:

- Did he participate in the crime charged as something he wished to bring about?

- Did he knowingly associate himself with the criminal venture?

- Did he seek by his actions to make the criminal venture succeed?

- If he did, then the defendant is an aider and abettor, and therefore guilty of the offense. If, on the other hand, your answer to any one of these questions is "no," then the defendant is not an aider and abettor, and you must find him not guilty.

**S. Count Six: Falsification of Records — General Instruction**

Count Six of the Indictment charges:

> 8.      In or about October 2018, in the Southern District of New York and elsewhere, LEV PARNAS, the defendant, willfully and knowingly did falsify and make a false entry in a record and document with the intent to impede, obstruct, or influence the investigation or proper administration of a matter within the jurisdiction of any department or agency of the United States, and in relation to and in contemplation of any such matter, to wit, PARNAS made materially false statements in an affidavit submitted to the FEC, including that "a $325,000 contribution to [Committee 2]…was made with [Global Energy Producers] funds for [Global Energy Producers] purposes," and that "[Global Energy Producers] is a real business enterprise funded with substantial ban fide capital investment; its major purpose is energy trading, not political activity'; and that a contribution made by PARNAS on or about June 25, 2018 to Congressman 's campaign for election "was made with a business credit card…which [PARNAS] reimbursed," with the intent to impede, obstruct, or influence the investigation and proper administration of a matter within the jurisdiction of the FEC. Title 18, United States Code, Sections 1519 and 2.

Title 18, United States Code, Section 1519 makes it a crime to knowingly alter, destroy, mutilate, conceal, cover up, falsify, or make a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States, and I have already instructed you on the elements of aiding and abetting.

### T.    Count Six: Falsification of Records — Elements

In order for defendant LEV PARNAS to be found guilty of Count Six, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant concealed an entry, covered up an entry, falsified an entry, or made a false entry, in a record or document;

Second, the defendant did so knowingly; and

Third, the defendant acted with intent to impede, obstruct or influence an actual or contemplated investigation of a matter within the jurisdiction of the Federal Election Commission.

For this count, an act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

A defendant does not have to personally conceal an entry, cover up an entry, falsify an entry, or make a false entry, in a record or document. To prove a defendant guilty of falsification of records relating to campaign finance, by causing the falsification of records, the government must prove beyond a reasonable doubt that a defendant willfully caused an act to be done which if

directly performed by him or another would constitute the crime of falsification of records related to campaign finance.

An act is done willfully if the defendant acted with knowledge that some part of his course of conduct was unlawful and with the intent to do something the law forbids.

As I have instructed you previously, in deciding the question of whether Lev Parnas aided and abetted the commission of count six, to find a defendant guilty under this theory, the government must prove that beyond a reasonable doubt that another person actually committed the offense with which the defendant is charged, and that the defendant aided or abetted that person in the commission of the offense.

In determining whether a defendant aided and abetted an offense, the following and ask yourself these questions:

- Did he participate in the crime charged as something he wished to bring about?

- Did he knowingly associate himself with the criminal venture?

- Did he seek by his actions to make the criminal venture succeed?

- If he did, then the defendant is an aider and abettor, and therefore guilty of the offense. If, on the other hand, your answer to any one of these questions is "no," then the defendant is not an aider and abettor, and you must find him not guilty.

### U.    Venue

In addition to all of the elements that I have described for you, you must decide separately whether any act in furtherance of each of the crimes alleged occurred within the Southern District of New York. The Southern District of New York includes Manhattan, the Bronx, and Westchester. This requirement is called "venue."

## V.       Variance in Dates

You will note that each count in the Superseding Indictment alleges that certain acts occurred on or about various dates. Unless I have specifically instructed you otherwise, it does not matter if the evidence you heard at trial indicates that a particular act occurred on a slightly different date from what is charged in the Superseding Indictment. The law requires that the Government prove a substantial similarity between the dates alleged in the Indictment and the dates established by the evidence.

## FINAL INSTRUCTIONS

### A.       Duty to Deliberate and Reach a Unanimous Verdict

You will now retire to decide the case. Your function is to weigh the evidence in this case and to determine the guilt or lack of guilt of each Defendant with respect to each the charges in the Superseding Indictment. You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

Your verdict must be unanimous. This means that each and every one of you must agree upon your verdict. Each juror is entitled to his or her opinion, but you are required to exchange views with your fellow jurors. This is the very essence of jury deliberation. It is your duty to consult with one another and to deliberate with a view to reaching an agreement. If you start with one point of view, but after reasoning with other jurors it appears that your own judgment is open to question, then of course you should not hesitate in yielding your original point of view if you are convinced that the opposite point of view is one that truly satisfies your judgment and conscience. But you are not to surrender a view of the case that you conscientiously believe, merely because you are outnumbered or because other jurors appear firmly committed to their views. You

should vote with the others only if you are convinced on the evidence, the facts, and the law that it is the correct way to decide the case.

In sum, you, the jury, must deliberate as a body, but each of you, as an individual juror, must discuss and weigh your opinions dispassionately, and adopt that conclusion which in your good conscience appears to be in accordance with the truth. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

I instruct you that you are not to discuss the case unless all jurors are present. Four or five or ten jurors together are only a gathering of individuals. Only when all jurors are present do you constitute a jury and only then may you deliberate.

Remember at all times, you are not partisans. You are judges – judges of the facts. Your sole interest is impartially to assess the evidence to determine whether the Government has met its burden of proving guilt beyond a reasonable doubt as to each of the Defendants and each of the charges.

If you are divided, do not report how the vote stands. Simply state that you are divided. If you have reached a verdict, do not report what it is until you are asked in open court. Simply inform me that you have reached a verdict.

### B.      Right to See Exhibits and Hear Testimony; Communications with Court

You are about to go into the jury room and begin your deliberations. The exhibits that were received into evidence will be provided to you in the jury room. If you want any of the testimony to review, you may also request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony. If you want any further explanation of the law as I have explained it to you, you may also request that.

Your requests for exhibits or testimony – in fact any communications with the Court – should be made to me in writing, signed by your foreperson, and given to the Marshal or the deputy clerk. In any event, do not tell me or anyone else how the jury stands on any issue until there is a unanimous verdict.

### C.    Notes

If you took notes during the trial, those notes are only an aid to recollection – they are not evidence, nor are they a substitute for your recollection or your fellow jurors' recollections of the evidence in the case. Your notes are not entitled to any greater weight than your actual recollection or the impression of each juror as to what the evidence actually is. I emphasize that if you took notes, you should not show your notes to any other juror during your deliberations. They are only for yourself.

If you did not take notes during the trial, you should not be influenced by the notes of another juror, but instead you should rely upon your own recollection of the evidence. The fact that a particular juror has taken notes does not entitle that juror's views to any greater weight.

### D.    Verdict Form

I have prepared a verdict form for you to use in recording your decision. Please use that form to report your verdict. The verdict form does not represent either evidence or instructions on the law.

### E.    Duties of Foreperson

At the beginning of deliberations, you must choose a foreperson. The foreperson does not have any more power or authority than any other juror, and his or her vote or opinion does not count for any more than any other juror's vote or opinion. The foreperson is merely your

spokesperson to the Court. He or she will send out any notes, and when the jury has reached a verdict, he or she will notify the Marshal that the jury has reached a verdict, and you will come into open court and give the verdict.

**F.      Return of Verdict**

After you have reached a unanimous verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you must be in agreement with the verdict that is announced in Court. Once your verdict is announced in open court and officially recorded, it cannot ordinarily be revoked.

**G.      Jury Oath**

You are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy, solely upon the evidence in the case and the applicable law.

I am sure that if you follow your oath, listen to the views of your fellow jurors, and apply your own common sense, you will reach a fair verdict here. Remember that your verdict must be rendered without fear, without favor, and without prejudice or sympathy.

**H.      Exceptions**

Members of the jury, this concludes my instructions to you. I will ask you to remain seated while I confer with the attorneys to see if there are any additional instructions that they would like to have me give to you or anything I may not have covered in my previous statement.

## **CONCLUSION**

Before you retire into the jury room, I must inform you that the law provides for a jury of twelve people in this case. Therefore, two people—juror numbers 13 and 14—are alternates. You both will be allowed to leave the courthouse during deliberations, but you are not yet excused as jurors in the case. In the event that one of the non-alternate jurors can no longer deliberate, you will be recalled to continue your service, so I am releasing you for now but I am not excusing you from jury service yet. For now, though, you may leave. You have been very attentive and very patient. I am sorry that you will in all likelihood miss the experience of deliberating with the jury but the law provides for a jury of twelve people in this case. Before the rest of the jury retires to the jury room, if you have any clothing or objects there you are asked to pick them up and to withdraw before any deliberations start.

Please do not discuss the case with anyone over the next few days. If you would like to be advised of the outcome of the trial, please make sure that Mr. Hampton has a phone number at which you can be reached.

(Alternates released)

Members of the jury, you may now retire.

(Marshal sworn)

Dated: New York, New York
        September 21, 2021

                              Respectfully submitted,


                              _____/S/_____
                              Joseph A. Bondy, Esq.
                              Stephanie R. Schuman, Esq.
                              *Co-Counsel to Lev Parnas*

                              _____/S/_____
                              Gerald B. Lefcourt, P.C.
                              Gerald B. Lefcourt, Esq.
                              Faith A. Friedman, Esq.
                              *Co-Counsel to Andrey Kukushkin*