UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| -v- | 19-CR-725 (JPO) |
| DAVID CORREIA, | ORDER |
| Defendant. | |

J. PAUL OETKEN, District Judge:

Defendant David Correia is serving a term of imprisonment of one year and one day following his convictions for making false statements to the Federal Election Commission, in violation of 18 U.S.C. § 1001(a)(2), and for conspiring to commit wire fraud, in violation of 18 U.S.C. § 1349.  Correia has moved for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), in light of Correia's medical conditions and other considerations.  The Government has opposed Correia's motion.  (*See* Dkt. Nos. 213, 226, 250.)

## I.      Legal Standards

### A.      Sentence Reduction Under the First Step Act

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute."  *United States v. Gotti*, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020).  The First Step Act of 2018 provides that a district court "may reduce [a defendant's] term of imprisonment . . . after considering the factors set forth in [18 U.S.C.] section 3553(a) . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

A Sentencing Guidelines policy statement, U.S.S.G. § 1B1.13, outlines circumstances that constitute "extraordinary and compelling reasons" justifying a sentence reduction, including where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A).

In *United States v. Brooker*, the Second Circuit held that Guidelines § 1B1.13 — which has not been amended since enactment of the First Step Act — is not "applicable" to compassionate release motions brought by defendants under the statute. 976 F.3d 228, 236 (2d Cir. 2020). Thus, "the First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *Id.* at 237. The court further explained:

> It bears remembering that compassionate release is a misnomer. 18 U.S.C. § 3582(c)(1)(A) in fact speaks of sentence reductions. A district court could, for instance, reduce but not eliminate a defendant's prison sentence, or end the term of imprisonment but impose a significant term of probation or supervised release in its place. Beyond this, a district court's discretion in this area — as in all sentencing matters — is broad. The only statutory limit on what a court may consider to be extraordinary and compelling is that "[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason."

*Id.* at 237-38 (citations omitted; quoting 28 U.S.C. § 994(t) (emphasis added)).

**B.  Exhaustion**

The First Step Act also contains an exhaustion requirement. It allows a court to reduce a sentence "upon motion of the defendant" either "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the

defendant's behalf," or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).[1]

## II.    Discussion

On August 2, 2021, Correia wrote to the FCI Butner warden requesting a sentence reduction, and as of September 13, 2021, Correia had not yet received a response.  (Dkt. No. 213 at 12.)  Correia has satisfied the exhaustion requirement of the First Step Act, and Correia's motion is properly before the Court.

Correia is a 46-year-old man who suffers from Crohn's disease, high cholesterol, gout, and obesity.  He is fully vaccinated against Covid-19, having received both doses of the Pfizer vaccine earlier this year.  Correia is scheduled to be released on January 20, 2022.  *See BOP Inmate Locator*, https://www.bop.gov/inmateloc/.

Despite Correia's health conditions, the Court does not find "extraordinary and compelling reasons" that warrant his release at this time, nor would such early release be justified based on the factors set forth in 18 U.S.C. § 3553(a).  Though Correia is immunocompromised, he has been fully vaccinated, and Covid does not present the acute risks it did earlier in the pandemic.  And for all the reasons addressed at sentencing, Correia's crimes were serious, involving defrauding victims out of more than two million dollars and making false statements to the FEC.

Correia suggests that FCI Butner, where he is currently incarcerated, is an especially dangerous facility because of its poor response to the Covid-19 pandemic.  (Dkt. No. 213 at 4–6.)  While it is true that FCI Butner had a very serious outbreak of Covid-19 earlier this year, the

---

[1] Of course, several courts within this Circuit have excused a defendant's failure to exhaust his or her administrative remedies under the equitable remedy exception.  *See, e.g.*, *United States v. Russo*, No. 16 Crim. 441, 2020 WL 1862294 (S.D.N.Y. Apr. 14, 2020).

BOP reports that there are currently zero incarcerated individuals and only ten staff members who have Covid.  *See Covid-19 Cases*, https://www.bop.gov/coronavirus/.  Correia's reliance on *United States v. Scparta*, No. 18 Crim. 578, 2020 WL 1910481 (S.D.N.Y. Apr. 19, 2020), is therefore misplaced.  In *Scparta*, the BOP had already determined that the defendant was eligible for home confinement but required that he be "quarantined" for fourteen days with all other incarcerated individuals who were to be released on home confinement.  *See id.* at *2. Furthermore, the decision was issued in April 2020, during the peak of the Butner Covid outbreak and before vaccinations were available.

To be sure, Correia's health conditions and his exemplary disciplinary and work record while incarcerated make him a sympathetic candidate for potential early release.  The Court is also troubled that Correia has not been able to see a gastroenterologist, which is important for managing his Crohn's disease.  However, the Court took Correia's medical conditions into account during sentencing and sentenced him to a term of imprisonment well below the applicable Guidelines' range of 33-41 months.  (*See* Sent. Tr. at 5, 30.)  Correia has served a little more than seven months of a twelve-month sentence.  In short, the considerations of respect for the law, the seriousness of the offense, and deterrence weigh against early release.

## III.   Conclusion

For the foregoing reasons, Correia's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1) is denied.  The Government is directed to reach out to FCI Butner to inquire about whether Correia has seen a gastroenterologist and if not, what steps the BOP is taking to ensure adequate care for Correia.  The Government is also directed to report back to the Court within two weeks.

The Clerk of Court is directed to close the motion at Docket Number 213.

The Clerk of Court is directed to mail a copy of this order to Correia at the address below.

SO ORDERED.

Dated: October 27, 2021
       New York, New York

David Correia
#87302-054
Federal Prison Camp
P.O. Box 1000
Butner, NC 27509