UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Case No. 19-CR-725

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LEV PARNAS,

    Defendant.
_____/

**JUDGMENT CREDITOR/INTERESTED THIRD PARTY PUES FAMILY TRUST IRA'S RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION IN SUPPORT OF ITS PROPOSED PRELIMINARY ORDER OF FORFEITURE AS TO SUBSTITUTED ASSETS**

    Judgment creditor, PUES FAMILY TRUST IRA, ("Judgment Creditor" or "Pues"), by and through the undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, hereby files this Response to the Government's Motion in Support of Its Preliminary Order of Forfeiture as to Substituted Assets ("Government's Motion" D.E. 349) and in support states as follows:

**BRIEF BACKGROUND**

    On March 28, 2016, the United States District Court for the Eastern District of New York (Case No. 11-CV-05537) entered a final judgment of money damages in favor of Judgment Creditor in favor of Pues and against PARNAS HOLDINGS, Inc. and the criminal defendant LEV PARNAS (hereinafter referred to as the "Final Judgment") in the amount $510,434.70.  On January 8, 2019, Judgment Creditor, pursuant to 28 U.S.C. 1963, duly registered the Final Judgment in the United States District Court for the Southern District of Florida by filing a certified copy of the judgment along with the properly signed and stamped Clerk's Certification of a Judgment to be Registered in Another District, signed by a deputy clerk of the United States District Court for the

Eastern District of New York. Since then, a myriad of collection activity has taken place in this matter which resulted in a modest recovery, but the judgment remains almost completely unsatisfied.

On or about July 24, 2020, Judgment creditor settled the matter with Lev Parnas, whereby the bail which was put up by his wife Svetlana Parnas would be paid to Creditor to partly satisfy the Final Judgment upon the close of Lev Parnas' criminal matter. Svetlana Parnas, as suretor of Lev Parnas' bail, was a party to the settlement agreement, as her property rights were directly affected by the settlement agreement. A true and correct copy of the Lev Parnas and Svetlana Parnas' signature that page to that agreement is attached as **Exhibit 1**[1].

## ARGUMENT

**I. The $200,000.00 Bail is not a Substitute Asset Which Government May Claim Through Forfeiture**

The Government's assertion that the Mr. Parnas' Bail is subject to forfeiture is unfounded and cannot be supported by law. The bail, which was put up by Svetlana Parnas, is not a "substitute asset" as defined in 21 U.S.C. § 853. It is settled law that 21 U.S.C.S. § 853's purpose is to punish only criminal defendants. It is not meant to punish third parties, even those who receive property with reason to know it is subject to forfeiture. Moreover, where criminal proceeds are at issue it is well established that forfeiture serves remedial, rather than punitive, purposes." *United States v. Moffitt, Zwerling & Kemler, P.C.,* 875 F. Supp. 1190, 1197. 1995 U.S. Dist. LEXIS 1730.

The Government in its early filings in this case (D.E. 44 among others), acknowledges that Svetlana Parnas had assets titled in her own name separate from Lev Parnas. The Government sought to revoke Mr. Parnas' bail at one point and while it questioned Svetlana's Parnas ability to

---

[1] While the Agreement is Confidential between the parties, The Parties have agreed to the Court's in camera review of the entire executed document if the court deems it necessary. The Confidential document is not being filed.

put up the bail, it offered no direct evidence that the money was not hers or otherwise tied to Mr. Parnas' criminal activity to make the bail a substitute asset. The Court denied any request to modify or revoke Lev Parnas' bail as a result, finding the Government's arguments unpersuasive. The application of the substitute asset provision of 21 U.S.C. § 853 could only apply had the defendant's own property been used as collateral, the bond had been "tainted" or commingled by the criminal activity for which the defendant was convicted, or the defendant had forfeited his bail through non-appearance or violation of some other condition of bail before sentencing. However, as none of those conditions exist here, the bail in this case cannot be considered an appropriate substitute asset. *See*, e.g., *United States v. Barker*, 2005 U.S. Dist. LEXIS 21964 (United States District Court for the District of Kansas September 29, 2005).

      The Government makes no mention of Svetlana Parnas in its motion and states only generally of any third parties who may claim an interest in the funds (and the proper procedures for notifying them). The Government's motion which is rather general makes no analysis of the funds being that of Mr. Parnas, or which "actions or omissions" of defendant which would make the bail a substitute asset. What has been shown, and what is in the courts' records, is that Svetlana Parnas is suretor and she put up the money for the bail. Furthermore, what Judgment Creditor is showing is that Svetlana Parnas, along with her husband, contractually pledged that bail to Judgment Creditor (Lev Parnas' response to the Government's Motion also says as much). As such, the Government's contention that the bail constitutes substitute assets which can be forfeited, is unsupported by the law or facts, and its motion should be denied in its entirety. The Government should not be allowed to take advantage of procedure under the law (and hope that interested 3rd parties do not respond in a timely fashion) if they cannot even make a facial showing that the funds should somehow be attributed to Lev Parnas.

## CONCLUSION

The Government's Motion should be denied as the Court's records clearly indicate that the bail in question belong to the suretor Svetlana Parnas. The Government has provided no evidence that would support the bail being a "substitute asset," nor does the motion mention Svetlana Parnas. Furthermore, Svetlana Parnas along with defendant Lev Parnas have pledged this asset to Judgment creditor in settlement of a judgment which pre-dated Mr. Parnas' indictment. The Defendant and his spouse ought to have the bail exonerated and released to Judgment Creditor, directly (as contemplated by the settlement agreement they signed), of which Judgment Creditor anticipates Svetlana and/or Lev Parnas filing the appropriate motion in support of this contention.

Dated:  May 8, 2023                             Respectfully submitted,

By:  /s/ *Tony Andre*
Florida Bar No.: 040587
NY Bar: 4911968
ANDRE LAW FIRM P.A.
1801 N.E. 123rd St Ste 314
North Miami, FL 33181
Telephone: (786) 708 0813
Facsimile: (786) 513 8408

## CERTIFICATE OF SERVICE

I certify that the foregoing document has been served by the CM/ECF service on all counsel of record this day May 8, 2023.

/s/ *Tony Andre*
Tony Andre, Esq.